**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., | ) |
| | ) |
| | ) C.A. No. 2:21-cv-00137-RCY-RJK |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| PALO ALTO NETWORKS, INC., | ) |
| | ) |
| *Defendant.* | ) |

---

## DEFENDANT PALO ALTO NETWORKS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant Palo Alto Networks, Inc. ("PAN"), by counsel, and responds to Plaintiff Centripetal Networks, Inc.'s ("Centripetal") Amended Complaint (Dkt. No. 65) as follows:

PAN denies infringement of any asserted claim of U.S. Patent Nos. 10,542,028 (the "'028 Patent"), 10,757,126 (the "'126 Patent"), 10,530,903 (the "'903 Patent"), 10,659,573 (the "'573 Patent"), 10,567,437 (the "'437 Patent"), 10,785,266 (the "'266 Patent"), 10,567,343 (the "'343 Patent"), 10,735,380 (the "'380 Patent"), 10,503,899 (the "'899 Patent"), 10,749,906 (the "'906 Patent"), 10,091,246 (the "'246 Patent"), 10,567,413 (the "'413 Patent"), and 10,931,797 (the "'797 Patent") (collectively, "Asserted Patents") and denies that Centripetal is entitled to the relief requested or any other relief. PAN further denies each and every allegation contained in the Amended Complaint, including all allegations in any titles or unnumbered paragraphs, unless expressly admitted in the following paragraphs. Each of the paragraphs below corresponds to the same-numbered paragraph in the Amended Complaint. Any admitted factual allegation in the Amended Complaint is admitted only as to

1

the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

## THE PARTIES

1.      PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and, on that basis, denies each and every allegation in this paragraph.

2.      With respect to the allegations in Paragraph 2 of the Amended Complaint, PAN admits that Palo Alto Networks, Inc. is a Delaware corporation, that a related company has a place of business at 1410 Spring Hill Rd., Suite 300, McLean, Virginia 22102, that a related company has a place of business at 12110 Sunset Hills Rd., Suite 200, Reston, Virginia 20190, and that PAN can be served with legal process through Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA, 23219-4100.  PAN denies any and all remaining allegations of Paragraph 2 of the Amended Complaint.

3.      To the extent the allegations of Paragraph 3 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN does not contest that this Court has personal jurisdiction over it for purposes of this action only.  PAN denies that it commits or has committed acts of patent infringement within this District or elsewhere.  The remaining allegations of Paragraph 3 of the Amended Complaint are unfairly vague such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies any and all remaining allegations of Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.      With respect to the allegations in Paragraph 4 of the Amended Complaint, PAN admits that this Court has subject matter jurisdiction over patent infringement claims generally under 28 U.S.C. §§ 1331 and 1338(a).  PAN denies that it commits or has committed acts of patent infringement within this District or elsewhere and denies any and all remaining allegations of Paragraph 4 of the Amended Complaint.

5.      To the extent the allegations of Paragraph 5 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent a response is deemed to be required, PAN does not contest that this Court has personal jurisdiction over it for purposes of this action only, admits that a related company has a place of business at 1410 Spring Hill Rd., Suite 300, McLean, Virginia 22102, and admits that a related company has a place of business at 12110 Sunset Hills Rd., Suite 200, Reston, Virginia 20190.  The remaining allegations of Paragraph 5 of the Amended Complaint are unfairly vague such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies any and all remaining allegations of Paragraph 5 of the Amended Complaint.

6.      To the extent the allegations of Paragraph 6 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN does not contest that this Court has personal jurisdiction over it for purposes of this action only.  PAN denies that it has committed any acts of infringement within this District or elsewhere.  PAN denies any and all remaining allegations of Paragraph 6 of the Amended Complaint.

7.      To the extent the allegations of Paragraph 7 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN does not contest that this Court has personal jurisdiction over it for purposes of this action only and

admits that it has posted PAN job openings for engineers at least in McLean, Reston, Richmond and Centreville.  PAN specifically denies that its products or services infringe the Asserted Patents within this District or elsewhere, and except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 7 of the Amended Complaint.

8.       To the extent the allegations of Paragraph 8 of the Amended Complaint set forth legal conclusions, no response is required.  Without waiving any defense of improper venue in connection with any other cause of action or claim and to the extent an answer is required, PAN does not contest that venue is proper in this District under 28 U.S.C. § 1400(b) solely for the purposes of this action, but denies that venue in this District is the most appropriate forum or is convenient under 28 U.S.C. § 1404(a).  PAN denies that it commits or has committed acts of infringement within this District or elsewhere.  The remaining allegations of Paragraph 8 of the Amended Complaint are unfairly vague, and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 8 of the Amended Complaint.

## ALLEGED CENTRIPETAL INNOVATIONS

9.       PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

10.      PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

11.     PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint, and therefore denies each and every allegation in this paragraph

12.     PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint and, therefore denies each and every allegation in this paragraph.

## CENTRIPETAL'S ASSERTED PATENTS

13.     With respect to the allegations in Paragraph 13 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,542,028 (the "'028 Patent"), entitled "Rule-based Network-Threat Detection," indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on January 21, 2020.  PAN admits that Exhibit 1 attached to the Amended Complaint purports to be a copy of the '028 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 13 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 13 of the Amended Complaint.

14.     To the extent the allegations of Paragraph 14 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 14 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

15.     With respect to the allegations in Paragraph 15 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,757,126 (the "'126 Patent"), entitled "Rule-

Based Network-Threat Detection," indicates that it was issued by the USPTO on August 25, 2020. PAN admits that Exhibit 2 attached to the Amended Complaint purports to be a copy of the '126 Patent. PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 15 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 15 of the Amended Complaint.

16.     To the extent the allegations of Paragraph 16 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the allegations of Paragraph 16 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

17.     With respect to the allegations in Paragraph 17 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 110,530,903 (the "'903 Patent"), entitled "Correlating Packets in Communications Networks," indicates that it was issued by the USPTO on January 7, 2020. PAN admits that Exhibit 3 attached to the Amended Complaint purports to be a copy of the '903 Patent. PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 17 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 17 of the Amended Complaint.

18.     To the extent the allegations of Paragraph 18 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the

allegations of Paragraph 18 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

19.     With respect to the allegations in Paragraph 19 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,659,573 (the "'573 Patent"), entitled "Correlating Packets in Communications Networks," indicates that it was issued by the USPTO on May 19, 2020.  PAN admits that Exhibit 4 attached to the Amended Complaint purports to be a copy of the '573 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 19 of the Amended Complaint, and therefore denies, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 19 of the Amended Complaint.

20.     To the extent the allegations of Paragraph 20 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 20 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

21.     With respect to the allegations in Paragraph 21 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,567,437 (the "'437 Patent"), entitled "Methods and Systems for Protecting a Secured Network," indicates that it was issued by the

USPTO on February 18, 2020.  PAN admits that Exhibit 5 attached to the Amended Complaint purports to be a copy of the '437 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 21 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 21 of the Amended Complaint.

22.     To the extent the allegations of Paragraph 22 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 22 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

23.     With respect to the allegations in Paragraph 23 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,785,266 (the "'266 Patent"), entitled "Methods and Systems for Protecting a Secured Network," indicates that it was issued by the USPTO on September 22, 2020.  PAN admits that Exhibit 6 attached to the Amended Complaint purports to be a copy of the '266 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 23 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 23 of the Amended Complaint.

24.     To the extent the allegations of Paragraph 24 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 24 of the Amended Complaint are unfairly vague; the patent

document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

25.     With respect to the allegations in Paragraph 25 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,567,343 (the "'343 Patent"), entitled "Filtering Network Data Transfers," indicates that it was issued by the USPTO on February 18, 2020.  PAN admits that Exhibit 7 attached to the Amended Complaint purports to be a copy of the '343 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 25 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 25 of the Amended Complaint.

26.     To the extent the allegations of Paragraph 26 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 26 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

27.     With respect to the allegations in Paragraph 27 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,735,380 (the "'380 Patent"), entitled "Filtering Network Data Transfers," indicates that it was issued by the USPTO on August 4, 2020.  PAN admits that Exhibit 8 attached to the Amended Complaint purports to be a copy of

the '380 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 27 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 27 of the Amended Complaint.

28.     To the extent the allegations of Paragraph 28 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 28 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

29.     With respect to the allegations in Paragraph 29 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,503,899 (the "'899 Patent"), entitled "Cyberanalysis Workflow Acceleration," indicates that it was issued by the USPTO on December 10, 2019.  PAN admits that Exhibit 9 attached to the Amended Complaint purports to be a copy of the '899 Patent."  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 29 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 29 of the Amended Complaint.

30.     To the extent the allegations of Paragraph 30 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 30 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

31.     With respect to the allegations in Paragraph 31 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,749,906 (the "'906 Patent"), entitled "Methods and Systems for Protecting a Secured Network," indicates that it was issued by the USPTO on August 18, 2020.  PAN admits that Exhibit 10 attached to the Amended Complaint purports to be a copy of the '906 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 31 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 31 of the Amended Complaint.

32.     To the extent the allegations of Paragraph 32 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 32 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

33.     With respect to the allegations in Paragraph 33 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,091,246 (the "'246 Patent"), entitled "Methods and Systems for Protecting a Secured Network," indicates that it was issued by the USPTO on October 2, 2018.  PAN admits that Exhibit 11 attached to the Amended Complaint purports to be a copy of the '246 Patent.  PAN is without knowledge or information sufficient

to form a belief as to truth of the remaining allegations of Paragraph 33 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 33 of the Amended Complaint.

34.     To the extent the allegations of Paragraph 34 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 34 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

35.     With respect to the allegations in Paragraph 35 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,567,413 (the "'413 Patent"), entitled "Rule-Based Network-Threat Detection," indicates that it was issued by the USPTO on February 18, 2020.  PAN admits that Exhibit 12 attached to the Amended Complaint purports to be a copy of the '413 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 35 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 35 of the Amended Complaint.

36.     To the extent the allegations of Paragraph 36 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 36 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 36 of the Amended Complaint, and therefore denies each and every allegation in the paragraph.

37.     With respect to the allegations in Paragraph 37 of the Amended Complaint, PAN admits that, on its face, U.S. Patent No. 10,931,797 (the "'797 Patent"), entitled "Correlating Packets in Communications Networks," indicates that it was issued by the USPTO on February 23, 2021.   PAN admits that Exhibit 46 attached to the Amended Complaint purports to be a copy of the '797 Patent.  PAN is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 37 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 37 of the Amended Complaint.

38.     To the extent the allegations of Paragraph 38 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 38 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

39.     PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

40.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 40 of the Amended Complaint.

## ALLEGED IMPROVEMENTS BY THE ASSERTED PATENTS
## TO NETWORK SECURITY

41.     With respect to the allegations in Paragraph 41 of the Amended Complaint,
PAN admits that certain "[t]hreats to computer network security have grown in number and in
sophistication over time."   The allegation that "[n]etwork security systems, in kind, have to
continually improve and become more effective as hackers become increasingly more
sophisticated and continue to identify and exploit newfound vulnerabilities" is unfairly vague,
and PAN therefore denies this allegation.  PAN is without knowledge or information sufficient
to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Amended
Complaint, including as to what Centripetal means by "Centripetal patented inventions" and
"Centripetal's dynamic network security solutions," and therefore, except as expressly
admitted herein, further denies any and all remaining allegations of Paragraph 41 of the
Amended Complaint.

42.     To the extent the allegations of Paragraph 42 of the Amended Complaint set
forth legal conclusions, no response is required.  To the extent an answer is required, PAN
denies that the Asserted Patents are directed to improvements in computer network security or
otherwise valid under 35 U.S.C. §§ 101 *et seq*.  The remaining allegations of Paragraph 42 of
the Amended Complaint are unfairly vague; the patent documents speak for themselves; and
patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the
Amended Complaint, and therefore denies each and every allegation in this paragraph.

43.     To the extent the allegations of Paragraph 43 of the Amended Complaint set
forth legal conclusions, no response is required.  To the extent an answer is required, PAN
denies that the Asserted Patents recite inventions or are valid under 35 U.S.C. §§ 101 et seq.

14

The remaining allegations of Paragraph 43 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

44.     To the extent the allegations of Paragraph 44 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the Asserted Patents are directed to improvements in computer network security or are otherwise valid under 35 U.S.C. §§ 101 et seq.  The remaining allegations of Paragraph 44 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

45.     With respect to the allegations in Paragraph 45 of the Amended Complaint, PAN admits that the claims of the '028, '126 and '246 Patents recite multiple elements.  PAN denies that the '028, '126, and '246 Patents are valid under 35 U.S.C. §§ 101 et seq.  The remaining allegations of Paragraph 45 of the Amended Complaint are unfairly vague such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 45 of the Amended Complaint.

46.     To the extent the allegations of Paragraph 46 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN admits that the '028 and '126 Patents purport to share common priority claims.  PAN denies

15

that the '028 and '126 Patents are directed to improvements over conventional methods or are otherwise valid under 35 U.S.C. §§ 101 et seq.  The remaining allegations of Paragraph 46 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 46 of the Amended Complaint.

47.     To the extent the allegations of Paragraph 47 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the '028 and '126 Patents claim a particular concrete solution or otherwise claim subject matter valid under 35 U.S.C. §§ 101 et seq.  The remaining allegations of Paragraph 47 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

48.     To the extent the allegations of Paragraph 48 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the '028 and '126 Patents describe inventive concepts that provide unconventional means for improving network security or are otherwise valid under 35 U.S.C. §§ 101 et seq. The remaining allegations of Paragraph 48 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 48 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

49.     To the extent the allegations of Paragraph 49 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN admits that the dependent claims of the '028 and '126 Patents recite additional elements as set forth therein.  PAN denies that the claims of the '028 and '126 Patents provide inventions.  The remaining allegations of Paragraph 49 of the Amended Complaint are unfairly vague; the patent documents speak for themselves; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 49 of the Amended Complaint.

50.     To the extent the allegations of Paragraph 50 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN admits that the dependent claims of the '246 Patent recite additional elements as set forth therein.  The remaining allegations of Paragraph 50 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 50 of the Amended Complaint.

51.     To the extent the allegations of Paragraph 51 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the '246 Patent describes an inventive concept or an unconventional means to improve network security and performance.  PAN further denies that the claims of the '246

Patent recite inventions or are otherwise valid under 35 U.S.C. §§ 101 et seq.  The remaining allegations of Paragraph 51 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies each and every allegation in this paragraph.

52.     To the extent the allegations of Paragraph 52 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the '246 Patent claims inventions that improve computer security or claims an innovation.  The remaining allegations of Paragraph 52 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies each and every allegation in this paragraph.

53.     To the extent the allegations of Paragraph 53 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 53 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies each and every allegation in this paragraph.

54.     To the extent the allegations of Paragraph 54 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that the '246 Patent provides inventive and valuable security improvements.  The remaining allegations of Paragraph 54 of the Amended Complaint are unfairly vague; the patent document speaks for itself; and patent scope is defined by the patent claims.  Thus, PAN

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies each and every allegation in this paragraph.

## PAN AND ITS PRODUCTS

55.     With respect to the allegations in Paragraph 55 of the Amended Complaint, PAN admits that the company as a whole has a multi-billion market capitalization, that it offers certain security products, that it manufactures and sells certain network security firewalls, and that it offers certain products and services related to network security firewalls.  The phrases "enterprise customers" and "primary business" are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and as a result, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55, and therefore, except as expressly admitted herein, PAN further denies any and all remaining allegations of Paragraph 55 of the Amended Complaint.

56.     With respect to the allegations in Paragraph 56 of the Amended Complaint, PAN admits that it makes, uses and sells certain products marketed under the brand "Next-Generation Firewall (NGFW)."  The remaining allegations of Paragraph 56 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations; Exhibits 14-16 speak for themselves; and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 56 of the Amended Complaint.

57.     With respect to the allegations in Paragraph 57 of the Amended Complaint, PAN admits that it makes, uses and sells certain products marketed under the brand "Panorama" and that the paragraph includes an image that appears to be from Exhibit 18.  The remaining allegations of Paragraph 57 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 17-18 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 57 of the Amended Complaint.

58.     With respect to the allegations in Paragraph 58 of the Amended Complaint, PAN admits that it makes, uses and sells certain products marketed under the brand "Cortex." The remaining allegations of Paragraph 58 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations; Exhibit 19 speaks for itself; and PAN lacks knowledge and information as to what Centripetal is informed and believes. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 58 of the Amended Complaint.

59.     The allegations of Paragraph 59 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations; Exhibits 19-22 speak for

themselves; and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

60.     With respect to the allegations in Paragraph 60 of the Amended Complaint, PAN admits that it acquired Crypsis in 2020 and that the paragraph includes an image that appears to be from Exhibit 23 attached to the Amended Complaint.  The remaining allegations of Paragraph 60 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 60 of the Amended Complaint.

61.     With respect to the allegations in Paragraph 61 of the Amended Complaint, PAN admits that it markets certain products under the brand "MineMeld" and that the paragraph includes an image that appears to be from Exhibit 24 attached to the Amended Complaint.  The remaining allegations of Paragraph 61 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations; Exhibit 24 speaks for itself; and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 of the Amended Complaint, and

therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 61 of the Amended Complaint.

62.    With respect to the allegations in Paragraph 62 of the Amended Complaint, PAN admits that it makes, uses and sells certain products marketed under the brand "DNS Security Service" and that the paragraph includes an image that appears to be from Exhibit 26 attached to the Amended Complaint.  The remaining allegations of Paragraph 62 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations; Exhibits 25-26 speak for themselves; and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 62 of the Amended Complaint.

63.    With respect to the allegations in Paragraph 63 of the Amended Complaint, PAN admits that it makes, uses and sells certain products marketed under the brand "Enterprise Data Loss Prevention (DLP)."  The remaining allegations of Paragraph 63 of the Amended Complaint contain legal conclusions that require no answer, and/or contain phrases that are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and PAN lacks knowledge and information as to what Centripetal is informed and believes.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the Amended Complaint, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 63 of the Amended Complaint.

## ALLEGED INFRINGEMENT

64.     To the extent the allegations of Paragraph 64 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that is has infringed and continues to infringe any of the Asserted Patents and denies any and all remaining allegations of Paragraph 64 of the Amended Complaint.

65.     To the extent the allegations of Paragraph 65 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it directly or indirectly infringes the Asserted Patents and denies any and all remaining allegations in Paragraph 65 of the Amended Complaint.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations of Paragraph 65 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

66.     PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

67.     To the extent the allegations of Paragraph 67 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies all allegations of Paragraph 67 of the Amended Complaint.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations of Paragraph 67 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

68.     With respect to the allegations in Paragraph 68 of the Amended Complaint, PAN admits there has been certain prior correspondence between PAN and Centripetal.  The remaining allegations of Paragraph 68 of the Amended Complaint are unfairly vague such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies any and all remaining allegations of Paragraph 68 of the Amended Complaint.

69.     With respect to the allegations in Paragraph 69 of the Amended Complaint, PAN admits that there was certain e-mail correspondence between PAN and Centripetal in June 2016.  The remaining allegations of Paragraph 69 of the Amended Complaint, including as to what Centripetal means by "potential partnership," "threat intelligence partner," "overview" "industry publications" and "Centripetal's patented technology," are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies any and all remaining allegations of Paragraph 69 of the Amended Complaint.

70.     With respect to the allegations in Paragraph 70 of the Amended Complaint, PAN admits that Centripetal and PAN executed a "Mutual Non-Disclosure Agreement" in June 2016.  PAN lacks knowledge and information as to what Centripetal means by "these initial communications," "its proprietary patented technology and confidential details," "Centripetal's technical solution" and "Centripetal's confidential and proprietary information" and therefore denies such allegations.  PAN specifically denies that Centripetal identified to PAN any Asserted Patent or any patent purportedly owned by Centripetal prior to the filing of this lawsuit.  The remaining allegations of Paragraph 70 of the Amended Complaint are unfairly

vague such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies any and all remaining allegations of Paragraph 70 of the Amended Complaint.

71.     The allegations of Paragraph 71 of the Amended Complaint—including the phrases "[s]ince 2016," "PAN employees," "several industry conferences," "its products" and "these industry conferences"—are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

72.     With respect to the allegations in Paragraph 72 of the Amended Complaint, PAN admits that Mr. Luigi Mori was the creator and lead developer of certain PAN products marketed under the brand MineMeld.  PAN denies that Mr. Mori requested access to technical documentation regarding Centripetal's products, that Mr. Mori stated during a call that PAN did not have any technology that could scale like Centripetal's technology, and that Mr. Mori was interested in how Centripetal's technology could interface with PAN's technology.  The remaining allegations of Paragraph 72 of the Amended Complaint—including as to what Centripetal means by "a more detailed technical discussion," "Centripetal's technology" and "Centripetal's products"—are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, except as expressly admitted herein, further denies any and all remaining allegations of Paragraph 72 of the Amended Complaint.

73.     With respect to the allegations in Paragraph 73 of the Amended Complaint, PAN lacks knowledge and information as to what Centripetal is informed and believes and as to what Centripetal means by "other publicly available information," and therefore denies such allegations.  PAN denies that it has been aware of the Asserted Patents prior to Centripetal's filing of its original Complaint.  The remaining allegations of Paragraph 73 of the Amended Complaint, including the undefined phrase "PAN Accused Products," are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

74.     To the extent the allegations of Paragraph 74 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies all allegations of Paragraph 74 of the Amended Complaint, and PAN specifically denies that it commits or has committed acts of patent infringement.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations of Paragraph 74 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

75.     To the extent the allegations of Paragraph 75 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies all allegations of Paragraph 75 of the Amended Complaint, and PAN specifically denies that it commits or has committed acts of patent infringement.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and as to what Centripetal means by "Centripetal's patented technology" and, thus, is without knowledge or

26

information sufficient to form a belief as to the truth of such allegations of Paragraph 75 of the Amended Complaint, and therefore denies each and every allegation in this paragraph.

76.     To the extent the allegations of Paragraph 76 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies all allegations of Paragraph 76 of the Amended Complaint, and PAN specifically denies that it commits or has committed acts of patent infringement.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies each and every allegation in this paragraph.

77.     To the extent the allegations of Paragraph 77 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies all allegations of Paragraph 77 of the Amended Complaint, and PAN specifically denies that it commits or has committed acts of patent infringement.  In addition, PAN lacks knowledge and information as to what Centripetal is informed and believes and as to what Centripetal means by "Centripetal's patented technology" and "Centripetal's patent rights" and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies each and every allegation in this paragraph.

## FIRST CAUSE OF ACTION

**(Alleged Direct Infringement of the '028 Patent pursuant to 35 U.S.C. § 271(a))**

78.     PAN denies the allegations of Paragraph 78 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

79.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 79 of the Amended Complaint.

80.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 80 of the Amended Complaint.

81.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 81 of the Amended Complaint.

82.     To the extent the allegations of Paragraph 82 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '028 Patent and denies any and all remaining allegations of Paragraph 82 of the Amended Complaint.

83.     To the extent the allegations of Paragraph 83 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 83 of the Amended Complaint.

84.     To the extent the allegations of Paragraph 84 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the allegations of Paragraph 84 of the Amended Complaint, including the phrase "'028 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

85.     With respect to the allegations in Paragraph 85 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 85 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 85 of the Amended Complaint, including the phrase "'028 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 85 of the Amended Complaint.

86.     With respect to the allegations in Paragraph 86 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 23 attached to the Amended Complaint.  To the extent the allegations of Paragraph 86 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 86 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 86 of the Amended Complaint.

87.     With respect to the allegations in Paragraph 87 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 26 attached to the Amended Complaint.  To the extent the allegations of Paragraph 87 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 87 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 26 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 87 of the Amended Complaint.

88.     With respect to the allegations in Paragraph 88 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 88 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 88 of the Amended Complaint, including the phrase "'028 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 88 of the Amended Complaint.

89.     With respect to the allegations in Paragraph 89 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 30 attached to the Amended Complaint.  To the extent the allegations of Paragraph 89 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 89 of the Amended Complaint, including the phrase "'028 Accused Products" and the hypothetical language, are unfairly vague, ambiguous,

undefined, and/or susceptible to multiple different interpretations, and Exhibit 30 speaks for itself. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 89 of the Amended Complaint.

90.     To the extent the allegations of Paragraph 90 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 90 of the Amended Complaint.

91.     To the extent the allegations of Paragraph 91 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '028 Patent, denies any and all remaining allegations of Paragraph 91 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

92.     The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 92 of the Amended Complaint.

93.     To the extent the allegations of Paragraph 93 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '028 Patent and denies any and all remaining allegations of Paragraph 93 of the Amended Complaint.

94.     To the extent the allegations of Paragraph 94 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is

without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '028 Patent and denies any and all remaining allegations of Paragraph 94 of the Amended Complaint.

95.     To the extent the allegations of Paragraph 95 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '028 Patent and denies any and all remaining allegations of Paragraph 95 of the Amended Complaint.

96.     To the extent the allegations of Paragraph 96 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '028 Patent and denies any and all remaining allegations of Paragraph 96 of the Amended Complaint.

97.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegations of Paragraph 97 of the Amended Complaint.

## SECOND CAUSE OF ACTION

### (Alleged Indirect Infringement of the '028 Patent)

98.     PAN denies the allegations of Paragraph 98 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

99.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 99 of the Amended Complaint.

100.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 100 of the Amended Complaint.

101.     To the extent the allegations of Paragraph 101 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 101 of the Amended Complaint.

102.     With respect to the allegations in Paragraph 102 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 attached to the Amended Complaint, the exhibit speaks for itself.   PAN denies any and all remaining allegations of Paragraph 102 of the Amended Complaint.

103.     To the extent the allegations of Paragraph 103 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 103 of the Amended Complaint.

104.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 104 of the Amended Complaint.

105.     To the extent the allegations of Paragraph 105 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '028 Patent and denies any and all remaining allegations of Paragraph 105 of the Amended Complaint.

106.     To the extent the allegations of Paragraph 106 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks

knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 106 of the Amended Complaint.

107.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 107 of the Amended Complaint.

## THIRD CAUSE OF ACTION

### (Alleged Direct Infringement of the '126 Patent pursuant to 35 U.S.C. § 271(a))

108.    PAN denies the allegations of Paragraph 108 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

109.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 109 of the Amended Complaint.

110.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 110 of the Amended Complaint.

111.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 111 of the Amended Complaint.

112.    To the extent the allegations of Paragraph 112 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes the '126 Patent and denies any and all remaining allegations of Paragraph 112 of the Amended Complaint.

113.    To the extent the allegations of Paragraph 113 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 113 of the Amended Complaint.

114.    With respect to the allegations in Paragraph 114 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 114 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 114 of the Amended Complaint, including the phrase "'028 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 114 of the Amended Complaint.

115.    With respect to the allegations in Paragraph 115 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 23 attached to the Amended Complaint.  To the extent the allegations of Paragraph 115 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 115 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 115 of the Amended Complaint.

116.    With respect to the allegations in Paragraph 116 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 26 attached to the Amended Complaint.  To the extent the allegations of Paragraph 116 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 116 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 26 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 116 of the Amended Complaint.

117.    With respect to the allegations in Paragraph 117 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 117 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 117 of the Amended Complaint, including the phrase "'126 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 117 of the Amended Complaint.

118.    With respect to the allegations in Paragraph 118 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 30 attached to the Amended Complaint.  To the extent the allegations of Paragraph 118 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 118 of the Amended Complaint, including the phrase "'126 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 30 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 118 of the Amended Complaint.

119.    To the extent the allegations of Paragraph 119 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 119 of the Amended Complaint.

120.    To the extent the allegations of Paragraph 120 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '126 Patent, denies any and all remaining allegations of Paragraph 120 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

121.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 121 of the Amended Complaint.

122.    To the extent the allegations of Paragraph 122 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '126 Patent and denies any and all remaining allegations of Paragraph 122 of the Amended Complaint.

123.    To the extent the allegations of Paragraph 123 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '126 Patent and denies any and all remaining allegations of Paragraph 123 of the Amended Complaint.

124.    To the extent the allegations of Paragraph 124 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '126 Patent and denies any and all remaining allegations of Paragraph 124 of the Amended Complaint.

125.    To the extent the allegations of Paragraph 125 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '126 Patent and denies any and all remaining allegations of Paragraph 125 of the Amended Complaint.

126.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegations of Paragraph 126 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '126 Patent)

127.    PAN denies the allegations of Paragraph 127 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

128.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 128 of the Amended Complaint.

129.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 129 of the Amended Complaint.

130.    To the extent the allegations of Paragraph 130 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 130 of the Amended Complaint.

131.    With respect to the allegations in Paragraph 131 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 131 of the Amended Complaint.

132.    To the extent the allegations of Paragraph 132 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 132 of the Amended Complaint.

133.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 133 of the Amended Complaint.

134.    To the extent the allegations of Paragraph 134 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '126 Patent and denies any and all remaining allegations of Paragraph 134 of the Amended Complaint.

135.    To the extent the allegations of Paragraph 135 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 135 of the Amended Complaint.

136.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 136 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '903 Patent pursuant to 35 U.S.C. § 271(a))

137.    PAN denies the allegations of Paragraph 137 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

138.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 138 of the Amended Complaint.

139.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 139 of the Amended Complaint.

140.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 140 of the Amended Complaint.

141.    To the extent the allegations of Paragraph 141 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN

denies that it infringes the '903 Patent and denies any and all remaining allegations of Paragraph 141 of the Amended Complaint.

142.    To the extent the allegations of Paragraph 142 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 142 of the Amended Complaint.

143.    With respect to the allegations in Paragraph 143 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 143 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 143 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

144.    With respect to the allegations in Paragraph 144 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 32 attached to the Amended Complaint and that the paragraph includes quoted phrases that appear to be from Exhibit 32 of the Amended Complaint.  To the extent the allegations of Paragraph 144 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 144 of the Amended Complaint are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 32-33 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as

expressly admitted herein, denies any and all remaining allegations of Paragraph 144 of the Amended Complaint.

145.    With respect to the allegations in Paragraph 145 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 34 attached to the Amended Complaint.  To the extent the allegations of Paragraph 145 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 145 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 34 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 145 of the Amended Complaint.

146.    With respect to the allegations in Paragraph 146 of the Amended Complaint, PAN admits that the phrases "monitors internal traffic as well as outbound traffic from clients and servers to the internet" and "frequency of connections" appear to be from Exhibit 35 of the Amended Complaint and that the phrase "10 KB or more were sent encoded in subdomain names during a 10-minute window" and the phrase "over time" appears to be from Exhibit 44 of the Amended Complaint.  To the extent the allegations of Paragraph 146 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 146 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 35 and 44 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 146 of the Amended Complaint.

147.    With respect to the allegations in Paragraph 147 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 36 attached to the Amended Complaint.  To the extent the allegations of Paragraph 147 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 147 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 36 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 147 of the Amended Complaint.

148.    To the extent the allegations of Paragraph 148 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 148 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 36 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 148 of the Amended Complaint.

149.    To the extent the allegations of Paragraph 149 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN admits that the paragraph includes quoted phrases that appear to be from Exhibit 45 attached to

the Amended Complaint.   The remaining allegations of Paragraph 149 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 36 and Exhibit 45 speak for themselves.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 149 of the Amended Complaint.

150.   With respect to the allegations in Paragraph 150 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 35 attached to the Amended Complaint and that the paragraph includes quotes phrases that appear to be from Exhibit 36 of the Amended Complaint.   To the extent the allegations of Paragraph 150 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 150 of the Amended Complaint, including the phrase "'903 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 35 and 36 speak for themselves.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 150 of the Amended Complaint.

151.   To the extent the allegations of Paragraph 151 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 151 of the Amended Complaint.

152.    To the extent the allegations of Paragraph 152 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '903 Patent, denies any and all remaining allegations of Paragraph 152 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

153.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 153 of the Amended Complaint.

154.    To the extent the allegations of Paragraph 154 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '903 Patent and denies any and all remaining allegations of Paragraph 154 of the Amended Complaint.

155.    To the extent the allegations of Paragraph 155 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '903 Patent and denies any and all remaining allegations of Paragraph 155 of the Amended Complaint.

156.    To the extent the allegations of Paragraph 156 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '903 Patent and denies any and all remaining allegations of Paragraph 156 of the Amended Complaint.

157.    To the extent the allegations of Paragraph 157 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '903 Patent and denies any and all remaining allegations of Paragraph 157 of the Amended Complaint.

158.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegations of Paragraph 158 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '903 Patent)

159.    PAN denies the allegations of Paragraph 159 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

160.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 160 of the Amended Complaint.

161.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 161 of the Amended Complaint.

162.    To the extent the allegations of Paragraph 162 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 162 of the Amended Complaint.

163.    With respect to the allegations in Paragraph 163 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."  With

respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 163 of the Amended Complaint.

164.   To the extent the allegations of Paragraph 164 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 164 of the Amended Complaint.

165.   The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 165 of the Amended Complaint.

166.   To the extent the allegations of Paragraph 166 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '903 Patent and denies any and all remaining allegations of Paragraph 166 of the Amended Complaint.

167.   To the extent the allegations of Paragraph 167 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 167 of the Amended Complaint.

168.   The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 168 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '573 Patent pursuant to 35 U.S.C. § 271(a))

169.    PAN denies the allegations of Paragraph 169 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

170.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 170 of the Amended Complaint.

171.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 171 of the Amended Complaint.

172.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 172 of the Amended Complaint.

173.    To the extent the allegations of Paragraph 173 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '573 Patent and denies any and all remaining allegations of Paragraph 173 of the Amended Complaint.

174.    To the extent the allegations of Paragraph 174 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 174 of the Amended Complaint.

175.    With respect to the allegations in Paragraph 175 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.   To the extent the allegations of Paragraph 175 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 175 of the Amended Complaint, including the phrase "'573 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

176.    To the extent the allegations of Paragraph 176 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 176 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 33 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, except as expressly admitted herein, denies any and all allegations of Paragraph 176 of the Amended Complaint.

177.    With respect to the allegations in Paragraph 177 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 34 attached to the Amended Complaint.  To the extent the allegations of Paragraph 177 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 177 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 34 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 177 of the Amended Complaint.

178.   With respect to the allegations in Paragraph 178 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 37 attached to the Amended Complaint.  To the extent the allegations of Paragraph 178 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 178 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 37 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 178 of the Amended Complaint.

179.   To the extent the allegations of Paragraph 179 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 179 of the Amended Complaint, including the phrase "'573 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 38 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 179 of the Amended Complaint.

180.   To the extent the allegations of Paragraph 180 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 180 of the Amended Complaint, including the hypothetical language,

are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 39 speaks for itself. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 180 of the Amended Complaint.

181.   To the extent the allegations of Paragraph 181 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the allegations of Paragraph 181 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 36 and 36 speak for themselves. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, except as expressly admitted herein, denies any and all allegations of Paragraph 181 of the Amended Complaint.

182.   To the extent the allegations of Paragraph 182 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the allegations of Paragraph 182 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, except as expressly admitted herein, denies any and all allegations of Paragraph 182 of the Amended Complaint.

183.   With respect to the allegations in Paragraph 183 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 28 attached

to the Amended Complaint. To the extent the allegations of Paragraph 183 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the remaining allegations of Paragraph 183 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 28 speaks for itself. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 183 of the Amended Complaint.

184.    To the extent the allegations of Paragraph 184 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, the allegations of Paragraph 184 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 40 speaks for itself. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, except as expressly admitted herein, denies any and all allegations of Paragraph 184 of the Amended Complaint.

185.    To the extent the allegations of Paragraph 185 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 185 of the Amended Complaint.

186.    To the extent the allegations of Paragraph 186 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '573 Patent, denies any and all remaining

allegations of Paragraph 186 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

187.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 187 of the Amended Complaint.

188.    To the extent the allegations of Paragraph 188 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '573 Patent and denies any and all remaining allegations of Paragraph 188 of the Amended Complaint.

189.    To the extent the allegations of Paragraph 189 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.   PAN denies that it willfully infringes or has willfully infringed the '573 Patent and denies any and all remaining allegations of Paragraph 189 of the Amended Complaint.

190.    To the extent the allegations of Paragraph 190 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '573 Patent and denies any and all allegations of Paragraph 190 of the Amended Complaint.

191.    To the extent the allegations of Paragraph 191 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN

denies that it infringes or has infringed the '573 Patent and denies any and all remaining allegations of Paragraph 191 of the Amended Complaint.

192.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 192 of the Amended Complaint.

## EIGHTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '573 Patent)

193.    PAN denies the allegations of Paragraph 193 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

194.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 194 of the Amended Complaint.

195.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 195 of the Amended Complaint.

196.    To the extent the allegations of Paragraph 196 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 196 of the Amended Complaint.

197.    With respect to the allegations in Paragraph 197 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 197 of the Amended Complaint.

198.    To the extent the allegations of Paragraph 198 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 198 of the Amended Complaint.

199.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 199 of the Amended Complaint.

200.    To the extent the allegations of Paragraph 200 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '573 Patent and denies any and all remaining allegations of Paragraph 200 of the Amended Complaint.

201.    To the extent the allegations of Paragraph 201 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 201 of the Amended Complaint.

202.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 202 of the Amended Complaint.

## NINTH CAUSE OF ACTION

**(Alleged Direct Infringement of the '437 Patent pursuant to 35 U.S.C. § 271(a))**

203.    PAN denies the allegations of Paragraph 203 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

204.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 204 of the Amended Complaint.

205.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 205 of the Amended Complaint.

206.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 206 of the Amended Complaint.

207.   To the extent the allegations of Paragraph 207 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '437 Patent and denies any and all remaining allegations of Paragraph 207 of the Amended Complaint.

208.   To the extent the allegations of Paragraph 208 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 208 of the Amended Complaint.

209.   With respect to the allegations in Paragraph 209 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.   To the extent the allegations of Paragraph 209 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 209 of the Amended Complaint, including the phrase "'437 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for

itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 209 of the Amended Complaint.

210.    With respect to the allegations in Paragraph 210 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 210 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 210 of the Amended Complaint, including the phrase "'437 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 210 of the Amended Complaint.

211.    With respect to the allegations in Paragraph 211 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 28 attached to the Amended Complaint.  To the extent the allegations of Paragraph 211 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 211 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 28 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 211 of the Amended Complaint.

212.    With respect to the allegations in Paragraph 212 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 37 attached to the Amended Complaint.  To the extent the allegations of Paragraph 212 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 212 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 37 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 212 of the Amended Complaint.

213.    To the extent the allegations of Paragraph 213 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 213 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

214.    To the extent the allegations of Paragraph 214 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 214 of the Amended Complaint.

215.    To the extent the allegations of Paragraph 215 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN

denies that it has willfully or otherwise infringed the '437 Patent, denies any and all remaining allegations of Paragraph 215 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

216.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 216 of the Amended Complaint.

217.   To the extent the allegations of Paragraph 217 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '437 Patent and denies any and all remaining allegations of Paragraph 217 of the Amended Complaint.

218.   To the extent the allegations of Paragraph 218 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.   PAN denies that it willfully infringes or has willfully infringed the '437 Patent and denies any and all remaining allegations of Paragraph 218 of the Amended Complaint.

219.   To the extent the allegations of Paragraph 219 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '437 Patent and denies any and all remaining allegations of Paragraph 219 of the Amended Complaint.

220.   To the extent the allegations of Paragraph 220 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN

denies that it infringes or has infringed the '437 Patent and denies any and all remaining allegations of Paragraph 220 of the Amended Complaint.

221.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 221 of the Amended Complaint.

## TENTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '437 Patent)

222.    PAN denies the allegations of Paragraph 222 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

223.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 223 of the Amended Complaint.

224.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 224 of the Amended Complaint.

225.    To the extent the allegations of Paragraph 225 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 225 of the Amended Complaint.

226.    With respect to the allegations in Paragraph 226 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 226 of the Amended Complaint.

227.    To the extent the allegations of Paragraph 227 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 227 of the Amended Complaint.

228.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 228 of the Amended Complaint.

229.    To the extent the allegations of Paragraph 229 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '437 Patent and denies any and all remaining allegations of Paragraph 229 of the Amended Complaint.

230.    To the extent the allegations of Paragraph 230 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 230 of the Amended Complaint.

231.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 231 of the Amended Complaint.

## ELEVENTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '266 Patent pursuant to 35 U.S.C. § 271(a))

232.    PAN denies the allegations of Paragraph 232 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

233.    The allegations in this paragraph contain legal conclusions that require no answer.    To the extent an answer is required, PAN denies each and every allegation of Paragraph 233 of the Amended Complaint.

234.    The allegations in this paragraph contain legal conclusions that require no answer.    To the extent an answer is required, PAN denies each and every allegation of Paragraph 234 of the Amended Complaint.

235.    The allegations in this paragraph contain legal conclusions that require no answer.    To the extent an answer is required, PAN denies each and every allegation of Paragraph 235 of the Amended Complaint.

236.    To the extent the allegations of Paragraph 236 of the Amended Complaint set forth legal conclusions, no response is required.    To the extent an answer is required, PAN denies that it infringes the '266 Patent and denies any and all remaining allegations of Paragraph 236 of the Amended Complaint.

237.    To the extent the allegations of Paragraph 237 of the Amended Complaint set forth legal conclusions, no response is required.    To the extent an answer is required, PAN denies each and every allegation of Paragraph 237 of the Amended Complaint.

238.    With respect to the allegations in Paragraph 238 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.    To the extent the allegations of Paragraph 238 of the Amended Complaint set forth legal conclusions, no response is required.    To the extent an answer is required, the remaining allegations of Paragraph 238 of the Amended Complaint, including the phrase "'266 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for

itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 238 of the Amended Complaint.

239.    To the extent the allegations of Paragraph 239 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 239 of the Amended Complaint, including the phrase "'266 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

240.    With respect to the allegations in Paragraph 240 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 240 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 240 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 240 of the Amended Complaint.

241.    With respect to the allegations in Paragraph 241 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 28 attached to the Amended Complaint.  To the extent the allegations of Paragraph 241 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 241 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 28 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 241 of the Amended Complaint.

242.    With respect to the allegations in Paragraph 242 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 37 attached to the Amended Complaint.  To the extent the allegations of Paragraph 242 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 242 of the Amended Complaint, including the phrase "'266 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 37 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 242 of the Amended Complaint.

243.    To the extent the allegations of Paragraph 243 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 243 of the Amended Complaint, including the phrase "'266 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or

information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

244.    To the extent the allegations of Paragraph 244 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 244 of the Amended Complaint.

245.    To the extent the allegations of Paragraph 245 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '266 Patent, denies any and all remaining allegations of Paragraph 245 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

246.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 246 of the Amended Complaint.

247.    To the extent the allegations of Paragraph 247 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '266 Patent and denies any and all remaining allegations of Paragraph 247 of the Amended Complaint.

248.    To the extent the allegations of Paragraph 248 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully

infringed the '266 Patent and denies any and all remaining allegations of Paragraph 248 of the Amended Complaint.

249.    To the extent the allegations of Paragraph 249 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '266 Patent and denies any and all remaining allegations of Paragraph 249 of the Amended Complaint.

250.    To the extent the allegations of Paragraph 250 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '266 Patent and denies any and all remaining allegations of Paragraph 250 of the Amended Complaint.

251.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 251 of the Amended Complaint.

**TWELFTH CAUSE OF ACTION**

**(Alleged Indirect Infringement of the '266 Patent)**

252.    PAN denies the allegations of Paragraph 252 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

253.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 253 of the Amended Complaint.

254.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 254 of the Amended Complaint.

255. To the extent the allegations of Paragraph 255 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies any and all allegations of Paragraph 255 of the Amended Complaint.

256. With respect to the allegations in Paragraph 256 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs." With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself. PAN denies any and all remaining allegations of Paragraph 256 of the Amended Complaint.

257. To the extent the allegations of Paragraph 257 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies any and all allegations of Paragraph 257 of the Amended Complaint.

258. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 258 of the Amended Complaint.

259. To the extent the allegations of Paragraph 259 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '266 Patent and denies any and all remaining allegations of Paragraph 259 of the Amended Complaint.

260. To the extent the allegations of Paragraph 260 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 260 of the Amended Complaint.

261.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 261 of the Amended Complaint.

## THIRTEENTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '343 Patent pursuant to 35 U.S.C. § 271(a))

262.    PAN denies the allegations of Paragraph 262 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

263.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 263 of the Amended Complaint.

264.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 264 of the Amended Complaint.

265.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 265 of the Amended Complaint.

266.    To the extent the allegations of Paragraph 266 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '343 Patent and denies any and all remaining allegations of Paragraph 266 of the Amended Complaint.

267.    To the extent the allegations of Paragraph 267 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 267 of the Amended Complaint.

268.    With respect to the allegations in Paragraph 268 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 268 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 268 of the Amended Complaint, including the phrase "'343 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 16 and 18 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 268 of the Amended Complaint.

269.    With respect to the allegations in Paragraph 269 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 269 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 269 of the Amended Complaint, including the phrase "'343 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 269 of the Amended Complaint.

270.    With respect to the allegations in Paragraph 270 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 41 attached to the Amended Complaint.  To the extent the allegations of Paragraph 270 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 270 of the Amended Complaint, including the phrase "'343 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 41 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 270 of the Amended Complaint.

271.    With respect to the allegations in Paragraph 271 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 42 attached to the Amended Complaint and an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 271 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 271 of the Amended Complaint, including the phrase "'343 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 42 and 29 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 271 of the Amended Complaint.

272.    With respect to the allegations in Paragraph 272 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 38 attached to the Amended Complaint.  To the extent the allegations of Paragraph 272 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 272 of the Amended Complaint, including the

phrase "'343 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 38 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 272 of the Amended Complaint.

273.    With respect to the allegations in Paragraph 273 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 38 attached to the Amended Complaint and an image that appears to be from Exhibit 43 attached to the Amended Complaint.  To the extent the allegations of Paragraph 273 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 273 of the Amended Complaint, including the phrase "Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 38 and 43 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 273 of the Amended Complaint.

274.    To the extent the allegations of Paragraph 274 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 274 of the Amended Complaint.

275.    To the extent the allegations of Paragraph 275 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '343 Patent, denies any and all remaining

allegations of Paragraph 275 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

276.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 276 of the Amended Complaint.

277.     To the extent the allegations of Paragraph 277 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '343 Patent and denies any and all remaining allegations of Paragraph 277 of the Amended Complaint.

278.     To the extent the allegations of Paragraph 278 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.   PAN denies that it willfully infringes or has willfully infringed the '343 Patent and denies any and all remaining allegations of Paragraph 278 of the Amended Complaint.

279.     To the extent the allegations of Paragraph 279 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '343 Patent and denies any and all remaining allegations of Paragraph 279 of the Amended Complaint.

280.     To the extent the allegations of Paragraph 280 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN

denies that it infringes or has infringed the '343 Patent and denies any and all remaining allegations of Paragraph 280 of the Amended Complaint.

281.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 281 of the Amended Complaint.

## FOURTEENTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '343 Patent)

282.    PAN denies the allegations of Paragraph 282 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

283.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 283 of the Amended Complaint.

284.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 284 of the Amended Complaint.

285.    To the extent the allegations of Paragraph 285 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 285 of the Amended Complaint.

286.    With respect to the allegations in Paragraph 286 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 286 of the Amended Complaint.

287. To the extent the allegations of Paragraph 287 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies any and all allegations of Paragraph 287 of the Amended Complaint.

288. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 288 of the Amended Complaint.

289. To the extent the allegations of Paragraph 289 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '343 Patent and denies any and all remaining allegations of Paragraph 289 of the Amended Complaint.

290. To the extent the allegations of Paragraph 290 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 290 of the Amended Complaint.

291. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 291 of the Amended Complaint.

## FIFTEENTH CAUSE OF ACTION

### (Direct Infringement of the '380 Patent pursuant to 35 U.S.C. § 271(a))

292. PAN denies the allegations of Paragraph 292 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

293.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 293 of the Amended Complaint.

294.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 294 of the Amended Complaint.

295.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 295 of the Amended Complaint.

296.    To the extent the allegations of Paragraph 296 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '380 Patent and denies any and all remaining allegations of Paragraph 296 of the Amended Complaint.

297.    To the extent the allegations of Paragraph 297 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 297 of the Amended Complaint.

298.    With respect to the allegations in Paragraph 298 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.   To the extent the allegations of Paragraph 298 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 298 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for

itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 298 of the Amended Complaint.

299.    With respect to the allegations in Paragraph 299 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 299 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 299 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 299 of the Amended Complaint.

300.    With respect to the allegations in Paragraph 300 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 300 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 300 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 300 of the Amended Complaint.

301.    With respect to the allegations in Paragraph 301 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 41 attached to the Amended Complaint.  To the extent the allegations of Paragraph 301 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 301 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 41 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 301 of the Amended Complaint.

302.    With respect to the allegations in Paragraph 302 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 42 attached to the Amended Complaint and an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 302 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 302 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 42 and 29 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 302 of the Amended Complaint.

303.    With respect to the allegations in Paragraph 303 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 38 attached

to the Amended Complaint.  To the extent the allegations of Paragraph 303 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 303 of the Amended Complaint, including the phrase "'380 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 38 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 303 of the Amended Complaint.

304.    With respect to the allegations in Paragraph 304 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 38 attached to the Amended Complaint and an image that appears to be from Exhibit 43.  To the extent the allegations of Paragraph 304 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 304 of the Amended Complaint, including the phrase "Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 38 and 43 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 304 of the Amended Complaint.

305.    To the extent the allegations of Paragraph 305 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 305 of the Amended Complaint.

306.    To the extent the allegations of Paragraph 306 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '380 Patent, denies any and all remaining allegations of Paragraph 306 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth here.

307.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 307 of the Amended Complaint.

308.    To the extent the allegations of Paragraph 308 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '380 Patent and denies any and all remaining allegations of Paragraph 308 of the Amended Complaint.

309.    To the extent the allegations of Paragraph 309 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '380 Patent and denies any and all remaining allegations of Paragraph 309 of the Amended Complaint.

310.    To the extent the allegations of Paragraph 310 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '380 Patent and denies any and all remaining allegations of Paragraph 310 of the Amended Complaint.

311.    To the extent the allegations of Paragraph 311 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '380 Patent and denies any and all remaining allegations of Paragraph 311 of the Amended Complaint.

312.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegations of Paragraph 312 of the Amended Complaint.

<strong><u>SIXTEENTH CAUSE OF ACTION</u></strong>

<strong>(Alleged Indirect Infringement of the '380 Patent)</strong>

313.    PAN denies the allegations of Paragraph 313 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

314.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 314 of the Amended Complaint.

315.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 315 of the Amended Complaint.

316.    To the extent the allegations of Paragraph 316 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 316 of the Amended Complaint.

317.    With respect to the allegations in Paragraph 317 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."  With

respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself. PAN denies any and all remaining allegations of Paragraph 317 of the Amended Complaint.

318. To the extent the allegations of Paragraph 318 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies any and all allegations of Paragraph 318 of the Amended Complaint.

319. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 319 of the Amended Complaint.

320. To the extent the allegations of Paragraph 320 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '380 Patent and denies any and all remaining allegations of Paragraph 320 of the Amended Complaint.

321. To the extent the allegations of Paragraph 321 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 321 of the Amended Complaint.

322. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 322 of the Amended Complaint.

## SEVENTEENTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '899 Patent pursuant to 35 U.S.C. § 271(a))

323.    PAN denies the allegations of Paragraph 323 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

324.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 324 of the Amended Complaint.

325.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 325 of the Amended Complaint.

326.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 326 of the Amended Complaint.

327.    To the extent the allegations of Paragraph 327 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes the '899 Patent and denies any and all remaining allegations of Paragraph 327 of the Amended Complaint.

328.    To the extent the allegations of Paragraph 328 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 328 of the Amended Complaint.

329.    With respect to the allegations in Paragraph 329 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 23 attached to the Amended Complaint.  To the extent the allegations of Paragraph 329 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 329 of the Amended Complaint, including the phrase "'899 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 329 of the Amended Complaint.

330.    To the extent the allegations of Paragraph 330 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 330 of the Amended Complaint, including the phrase "'899 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

331.    To the extent the allegations of Paragraph 331 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 331 of the Amended Complaint.

332.    To the extent the allegations of Paragraph 332 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '899 Patent, denies any and all remaining allegations of Paragraph 332 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

333.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 333 of the Amended Complaint.

334.    To the extent the allegations of Paragraph 334 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '899 Patent and denies any and all remaining allegations of Paragraph 334 of the Amended Complaint.

335.    To the extent the allegations of Paragraph 335 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.   PAN denies that it willfully infringes or has willfully infringed the '899 Patent and denies any and all remaining allegations of Paragraph 335 of the Amended Complaint.

336.    To the extent the allegations of Paragraph 336 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '899 Patent and denies any and all remaining allegations of Paragraph 336 of the Amended Complaint.

337.    To the extent the allegations of Paragraph 337 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '899 Patent and denies any and all remaining allegations of Paragraph 337 of the Amended Complaint.

338.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 338 of the Amended Complaint.

## EIGHTEENTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '899 Patent)

339.    PAN denies the allegations of Paragraph 339 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

340.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 340 of the Amended Complaint.

341.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 341 of the Amended Complaint.

342.    To the extent the allegations of Paragraph 342 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 342 of the Amended Complaint.

343.    With respect to the allegations in Paragraph 343 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.   PAN denies any and all remaining allegations of Paragraph 343 of the Amended Complaint.

344.    To the extent the allegations of Paragraph 344 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 344 of the Amended Complaint.

345.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 345 of the Amended Complaint.

346.     To the extent the allegations of Paragraph 346 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '899 Patent and denies any and all remaining allegations of Paragraph 346 of the Amended Complaint.

347.     To the extent the allegations of Paragraph 347 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 347 of the Amended Complaint.

348.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 348 of the Amended Complaint.

## NINETEENTH CAUSE OF ACTION

**(Alleged Direct Infringement of the '906 Patent pursuant to 35 U.S.C. § 271(a))**

349.     PAN denies the allegations of Paragraph 349 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

350.     The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 350 of the Amended Complaint.

351.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 351 of the Amended Complaint.

352.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 352 of the Amended Complaint.

353.    To the extent the allegations of Paragraph 353 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '906 Patent and denies any and all remaining allegations of Paragraph 353 of the Amended Complaint.

354.    To the extent the allegations of Paragraph 354 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 354 of the Amended Complaint.

355.    With respect to the allegations in Paragraph 355 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from the video link referenced in the paragraph.   To the extent the allegations of Paragraph 355 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 355 of the Amended Complaint, including the phrase "'906 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and the video referenced in the paragraph speaks for itself.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly

admitted herein, denies any and all remaining allegations of Paragraph 355 of the Amended Complaint.

356.    To the extent the allegations of Paragraph 356 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 356 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 356 of the Amended Complaint.

357.    With respect to the allegations in Paragraph 357 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from the video link referenced in the Amended Complaint.  To the extent the allegations of Paragraph 357 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 357 of the Amended Complaint, including the phrase "'906 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and the video referenced in the paragraph speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 357 of the Amended Complaint.

358.    With respect to the allegations in Paragraph 358 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from the video referenced in the paragraph.  To the extent the allegations of Paragraph 358 of the Amended Complaint set

forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 358 of the Amended Complaint, including the phrase "'906 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and video referenced in the paragraph speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 358 of the Amended Complaint.

359.    To the extent the allegations of Paragraph 359 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 359 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 359 of the Amended Complaint.

360.    To the extent the allegations of Paragraph 360 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 360 of the Amended Complaint.

361.    To the extent the allegations of Paragraph 361 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '906 Patent, denies any and all remaining allegations of Paragraph 361 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

362.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 362 of the Amended Complaint.

363.    To the extent the allegations of Paragraph 363 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '906 Patent and denies any and all remaining allegations of Paragraph 363 of the Amended Complaint.

364.    To the extent the allegations of Paragraph 364 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '906 Patent and denies any and all remaining allegations of Paragraph 364 of the Amended Complaint.

365.    To the extent the allegations of Paragraph 365 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '906 Patent and denies any and all remaining allegations of Paragraph 365 of the Amended Complaint.

366.    To the extent the allegations of Paragraph 366 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '906 Patent and denies any and all remaining allegations of Paragraph 366 of the Amended Complaint.

367.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 367 of the Amended Complaint.

## TWENTIETH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '906 Patent)

368.     PAN denies the allegations of Paragraph 368 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

369.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 369 of the Amended Complaint.

370.     The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 370 of the Amended Complaint.

371.     To the extent the allegations of Paragraph 371 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 371 of the Amended Complaint.

372.     With respect to the allegations in Paragraph 372 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."  With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 372 of the Amended Complaint.

373.     To the extent the allegations of Paragraph 373 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 373 of the Amended Complaint.

374. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 374 of the Amended Complaint.

375. To the extent the allegations of Paragraph 375 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '906 Patent and denies any and all remaining allegations of Paragraph 375 of the Amended Complaint.

376. To the extent the allegations of Paragraph 376 of the Amended Complaint set forth legal conclusions, no response is required. To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 376 of the Amended Complaint.

377. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 377 of the Amended Complaint.

## TWENTY-FIRST CAUSE OF ACTION

### (Alleged Direct Infringement of the '246 Patent pursuant to 35 U.S.C. § 271(a)

378. PAN denies the allegations of Paragraph 378 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

379. The allegations in this paragraph contain legal conclusions that require no answer. To the extent an answer is required, PAN denies each and every allegation of Paragraph 379 of the Amended Complaint.

380.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 380 of the Amended Complaint.

381.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 381 of the Amended Complaint.

382.    To the extent the allegations of Paragraph 382 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '246 Patent and denies any and all remaining allegations of Paragraph 382 of the Amended Complaint.

383.    To the extent the allegations of Paragraph 383 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 383 of the Amended Complaint.

384.    With respect to the allegations in Paragraph 384 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.   To the extent the allegations of Paragraph 384 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the allegations of Paragraph 384 of the Amended Complaint, including the phrase "'246 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

385.    With respect to the allegations in Paragraph 385 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.  To the extent the allegations of Paragraph 385 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 385 of the Amended Complaint, including the phrase "'246 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 385 of the Amended Complaint.

386.    With respect to the allegations in Paragraph 386 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 28 attached to the Amended Complaint.  To the extent the allegations of Paragraph 386 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 386 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 28 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 386 of the Amended Complaint.

387.    With respect to the allegations in Paragraph 387 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 37 attached to the Amended Complaint.  To the extent the allegations of Paragraph 387 of the Amended

Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 387 of the Amended Complaint, including the phrase "'246 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 37 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 387 of the Amended Complaint.

388.    To the extent the allegations of Paragraph 388 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 388 of the Amended Complaint, including the phrase "'246 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

389.    To the extent the allegations of Paragraph 389 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 389 of the Amended Complaint, including the phrase "'246 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

390.    To the extent the allegations of Paragraph 390 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN

denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 390 of the Amended Complaint.

391.    To the extent the allegations of Paragraph 391 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '246 Patent, denies any and all remaining allegations of Paragraph 391 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

392.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 392 of the Amended Complaint.

393.    To the extent the allegations of Paragraph 393 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '246 Patent and denies any and all remaining allegations of Paragraph 393 of the Amended Complaint.

394.    To the extent the allegations of Paragraph 394 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '246 Patent and denies any and all remaining allegations of Paragraph 394 of the Amended Complaint.

395.    To the extent the allegations of Paragraph 395 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN

denies that it infringes or has infringed the '246 Patent and denies any and all remaining allegations of Paragraph 395 of the Amended Complaint.

396.    To the extent the allegations of Paragraph 396 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '246 Patent and denies any and all remaining allegations of Paragraph 396 of the Amended Complaint.

397.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 397 of the Amended Complaint.

<u>**TWENTY-SECOND CAUSE OF ACTION**</u>

**(Alleged Indirect Infringement of the '246 Patent)**

398.    PAN denies the allegations of Paragraph 398 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

399.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 399 of the Amended Complaint.

400.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 400 of the Amended Complaint.

401.    To the extent the allegations of Paragraph 401 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 401 of the Amended Complaint.

402.   With respect to the allegations in Paragraph 402 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 402 of the Amended Complaint.

403.   To the extent the allegations of Paragraph 403 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 403 of the Amended Complaint.

404.   The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 404 of the Amended Complaint.

405.   To the extent the allegations of Paragraph 405 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '246 Patent and denies any and all remaining allegations of Paragraph 405 of the Amended Complaint.

406.   To the extent the allegations of Paragraph 406 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 406 of the Amended Complaint.

## <u>TWENTY-THIRD CAUSE OF ACTION</u>

**(Alleged Direct Infringement of the '413 Patent pursuant to 35 U.S.C. § 271(a))**

407.   PAN denies the allegations of Paragraph 407 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

408.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 408 of the Amended Complaint.

409.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 409 of the Amended Complaint.

410.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 410 of the Amended Complaint.

411.    To the extent the allegations of Paragraph 411 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes the '413 Patent and denies any and all remaining allegations of Paragraph 411 of the Amended Complaint.

412.    To the extent the allegations of Paragraph 412 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 412 of the Amended Complaint.

413.    With respect to the allegations in Paragraph 413 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.   To the extent the allegations of Paragraph 413 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 413 of the Amended Complaint, including the phrase "'413 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for

itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 413 of the Amended Complaint.

414.    With respect to the allegations in Paragraph 414 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 23 attached to the Amended Complaint.  To the extent the allegations of Paragraph 414 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 414 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 23 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 414 of the Amended Complaint.

415.    With respect to the allegations in Paragraph 415 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 26 attached to the Amended Complaint.  To the extent the allegations of Paragraph 415 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 415 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 26 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 415 of the Amended Complaint.

416.    With respect to the allegations in Paragraph 416 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 29 attached to the Amended Complaint.  To the extent the allegations of Paragraph 416 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 416 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 29 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 416 of the Amended Complaint.

417.    With respect to the allegations in Paragraph 417 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 30 attached to the Amended Complaint.  To the extent the allegations of Paragraph 417 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 417 of the Amended Complaint, including the phrase "'413 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 30 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 417 of the Amended Complaint.

418.    To the extent the allegations of Paragraph 418 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the allegations of Paragraph 418 of the Amended Complaint, including the phrase "'413 Accused

Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations such that PAN is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each and every allegation in this paragraph.

419.    To the extent the allegations of Paragraph 419 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 419 of the Amended Complaint.

420.    To the extent the allegations of Paragraph 420 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '413 Patent, denies any and all remaining allegations of Paragraph 420 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

421.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 421 of the Amended Complaint.

422.    To the extent the allegations of Paragraph 422 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '413 Patent and denies any and all remaining allegations of Paragraph 422 of the Amended Complaint.

423.    To the extent the allegations of Paragraph 423 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is

without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.  PAN denies that it willfully infringes or has willfully infringed the '413 Patent and denies any and all remaining allegations of Paragraph 423 of the Amended Complaint.

424.    To the extent the allegations of Paragraph 424 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '413 Patent and denies any and all remaining allegations of Paragraph 424 of the Amended Complaint.

425.    To the extent the allegations of Paragraph 425 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes or has infringed the '413 Patent and denies any and all remaining allegations of Paragraph 425 of the Amended Complaint.

426.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 426 of the Amended Complaint.

## TWENTY-FOURTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '413 Patent)

427.    PAN denies the allegations of Paragraph 427 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

428.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 428 of the Amended Complaint.

429.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 429 of the Amended Complaint.

430.   To the extent the allegations of Paragraph 430 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 430 of the Amended Complaint.

431.   With respect to the allegations in Paragraph 431 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.   PAN denies any and all remaining allegations of Paragraph 431 of the Amended Complaint.

432.   To the extent the allegations of Paragraph 432 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 432 of the Amended Complaint.

433.   The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 433 of the Amended Complaint.

434.   To the extent the allegations of Paragraph 434 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '413 Patent and denies any and all remaining allegations of Paragraph 434 of the Amended Complaint.

435.   To the extent the allegations of Paragraph 435 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks

knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 435 of the Amended Complaint.

436.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 436 of the Amended Complaint.

## TWENTY-FIFTH CAUSE OF ACTION

### (Alleged Direct Infringement of the '797 Patent pursuant to 35 U.S.C. § 271(a))

437.    PAN denies the allegations of Paragraph 437 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

438.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 438 of the Amended Complaint.

439.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 439 of the Amended Complaint.

440.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 440 of the Amended Complaint.

441.    To the extent the allegations of Paragraph 441 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it infringes the '797 Patent and denies any and all remaining allegations of Paragraph 441 of the Amended Complaint.

442.   To the extent the allegations of Paragraph 442 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 442 of the Amended Complaint.

443.   With respect to the allegations in Paragraph 443 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 18 attached to the Amended Complaint.   To the extent the allegations of Paragraph 443 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 443 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 18 speaks for itself.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 443 of the Amended Complaint.

444.   With respect to the allegations in Paragraph 444 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 32 attached to the Amended Complaint and that the paragraph includes quoted phrases that appear to be from Exhibit 32.   To the extent the allegations of Paragraph 444 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 444 of the Amended Complaint are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 32-33 speak for themselves.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 444 of the Amended Complaint.

445.    With respect to the allegations in Paragraph 445 of the Amended Complaint, PAN admits that the paragraph includes an image that appears to be from Exhibit 34 attached to the Amended Complaint.  To the extent the allegations of Paragraph 445 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 445 of the Amended Complaint, including the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 34 speaks for itself.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 445 of the Amended Complaint.

446.    With respect to the allegations in Paragraph 446 of the Amended Complaint, PAN admits that the phrases "monitors internal traffic as well as outbound traffic from clients and servers to the internet" and "frequency of connections" appear to be from Exhibit 35 of the Amended Complaint and that the phrase "10 KB or more were sent encoded in subdomain names during a 10-minute window" and the phrase "over time" appear to be from Exhibit 44. To the extent the allegations of Paragraph 446 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, the remaining allegations of Paragraph 446 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 35 and 44 speak for themselves. Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 446 of the Amended Complaint.

447.    To the extent the allegations of Paragraph 447 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN admits that the paragraph includes quoted phrases that appear to be from Exhibit 36 attached to the Amended Complaint.   The remaining allegations of Paragraph 447 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 36 speaks for itself.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 447 of the Amended Complaint.

448.    To the extent the allegations of Paragraph 448 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, the remaining allegations of Paragraph 448 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibit 36 speaks for itself.   Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 448 of the Amended Complaint.

449.    To the extent the allegations of Paragraph 449 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN admits that the paragraph includes quoted phrases that appear to be from Exhibit 45 attached to the Amended Complaint.   The remaining allegations of Paragraph 449 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are

unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 36 and 45 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 449 of the Amended Complaint.

450.    To the extent the allegations of Paragraph 450 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN admits that the paragraph includes quoted phrases that appear to be from Exhibit 36 attached to the Amended Complaint.  The remaining allegations of Paragraph 450 of the Amended Complaint, including the phrase "'797 Accused Products" and the hypothetical language, are unfairly vague, ambiguous, undefined, and/or susceptible to multiple different interpretations, and Exhibits 36 and 35 speak for themselves.  Thus, PAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, except as expressly admitted herein, denies any and all remaining allegations of Paragraph 450 of the Amended Complaint.

451.    To the extent the allegations of Paragraph 451 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has engaged in unlawful activities and denies any and all remaining allegations of Paragraph 451 of the Amended Complaint.

452.    To the extent the allegations of Paragraph 452 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it has willfully or otherwise infringed the '797 Patent, denies any and all remaining

allegations of Paragraph 452 of the Amended Complaint, and incorporates by reference its responses to Paragraphs 65-77 as if fully set forth herein.

453.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 453 of the Amended Complaint.

454.    To the extent the allegations of Paragraph 454 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it willfully infringes or has willfully infringed the '797 Patent and denies any and all remaining allegations of Paragraph 454 of the Amended Complaint.

455.    To the extent the allegations of Paragraph 455 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN lacks knowledge and information as to what Centripetal is informed and believes and, thus, is without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore denies such allegations.   PAN denies that it willfully infringes or has willfully infringed the '797 Patent and denies any and all remaining allegations of Paragraph 455 of the Amended Complaint.

456.    To the extent the allegations of Paragraph 456 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies that it infringes or has infringed the '797 Patent and denies any and all remaining allegations of Paragraph 456 of the Amended Complaint.

457.    To the extent the allegations of Paragraph 457 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN

denies that it infringes or has infringed the '797 Patent and denies any and all remaining allegations of Paragraph 457 of the Amended Complaint.

458.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 458 of the Amended Complaint.

## TWENTY-SIXTH CAUSE OF ACTION

### (Alleged Indirect Infringement of the '797 Patent)

459.    PAN denies the allegations of Paragraph 459 of the Amended Complaint and restates and incorporates by reference all of its statements set forth above in the preceding paragraphs as if fully set forth herein.

460.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 460 of the Amended Complaint.

461.    The allegations in this paragraph contain legal conclusions that require no answer.   To the extent an answer is required, PAN denies each and every allegation of Paragraph 461 of the Amended Complaint.

462.    To the extent the allegations of Paragraph 462 of the Amended Complaint set forth legal conclusions, no response is required.   To the extent an answer is required, PAN denies any and all allegations of Paragraph 462 of the Amended Complaint.

463.    With respect to the allegations in Paragraph 463 of the Amended Complaint, PAN admits that it maintains a technical documentation portal called "TechDocs."   With respect to Exhibit 31 of the Amended Complaint, the exhibit speaks for itself.  PAN denies any and all remaining allegations of Paragraph 463 of the Amended Complaint.

464.    To the extent the allegations of Paragraph 464 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies any and all allegations of Paragraph 464 of the Amended Complaint.

465.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 465 of the Amended Complaint.

466.    To the extent the allegations of Paragraph 466 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN denies that it indirectly infringes or has indirectly infringed the '797 Patent and denies any and all remaining allegations of Paragraph 466 of the Amended Complaint.

467.    To the extent the allegations of Paragraph 467 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent an answer is required, PAN specifically denies that it commits or has committed acts of patent infringement; PAN lacks knowledge and information as to what Centripetal is informed and believes; and PAN denies each and every remaining allegation of Paragraph 467 of the Amended Complaint.

468.    The allegations in this paragraph contain legal conclusions that require no answer.  To the extent an answer is required, PAN denies each and every allegation of Paragraph 468 of the Amended Complaint.

## **PRAYER FOR RELIEF**

PAN denies that Centripetal is entitled to the relief requested or to any other relief.

PAN further denies all allegations of Centripetal's Amended Complaint not specifically admitted above.

## SEPARATE DEFENSES

Subject to the responses above, PAN, without waiver, limitation, or prejudice, alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  PAN does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  In addition, PAN specifically reserves all rights to allege additional defenses that become known through the course of discovery.  For its additional defenses to Centripetal's Amended Complaint, PAN alleges as follows and incorporates by reference as if fully set forth herein its responses to Paragraphs 1-468 of the Amended Complaint:

## FIRST DEFENSE

## (Failure to State a Claim for Relief)

469.    The Amended Complaint fails to plead a plausible claim upon which relief may be granted with respect to the Asserted Patents and/or fails to plead factual allegations with the sufficiency and particularity required to state a plausible claim.  For example, see Dkt. Nos. 42-43, Motion to Dismiss and Accompanying Memorandum In Support.

## SECOND DEFENSE

## (Non-Infringement)

470.    PAN does not infringe and has not infringed, actively induced infringement, or contributed to the infringement of any valid and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents, and is not liable for any infringement of the Asserted Patents.  For example, Centripetal fails to link each element of the asserted claims to any individual accused product or combination of products and fails to specify any specific

product release or configuration of product(s) that allegedly infringes the Asserted Patents.  *See* Dkt. Nos. 42-43, Motion to Dismiss and Accompanying Memorandum In Support.

<u>**THIRD DEFENSE**</u>

<u>**(Invalidity)**</u>

471.    The asserted claims of the Asserted Patents are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.  For example, see Dkt. Nos. 42-43, Motion to Dismiss and Accompanying Memorandum In Support, and the following:  IPR2021-001147; IPR2021-01148; IPR2021-01149; IPR2021-01150; IPR2021-01151; IPR2021-01152; IPR2021-01153; IPR2021-01154; IPR2021-01155; IPR2021-01156; IPR2021-01157; IPR2021-01158; and IPR2021-01270.

<u>**FOURTH DEFENSE**</u>

<u>**(Prosecution History Estoppel)**</u>

472.    Centripetal is estopped from asserting any interpretation of any valid and enforceable claim of the Asserted Patents to cover any product or service of PAN and Centripetal's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, arguments, assertions, representations, and admissions made by or on behalf of the applicant(s) and/or assignee(s) for the Asserted Patents during prosecution and/or reexaminations of the Asserted Patents and/or any related patents or patent applications.

## FIFTH DEFENSE

### (Collateral Estoppel)

473.    Centripetal's claims against PAN with respect to one or more of the Asserted Patents are barred by the doctrine of collateral estoppel as a result of the following prior actions involving related patents in which the same or similar issues were fully and fairly tried and adversely resolved against Centripetal:  *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 847 Fed. Appx. 881 (Fed. Cir. 2021) (affirming the PTAB's determination in IPR2018-01760); *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 847 Fed. Appx. 869 (Fed. Cir. 2021) (affirming the PTAB's determination in IPR2018-01436 and IPR2018-01437); *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 847 Fed. Appx. 927 (Fed. Cir. 2021) (affirming the PTAB's determination in IPR2018-01386 and IPR2018-01512); *Centripetal Networks, Inc. v. Cisco Systems, Inc.,* 847 Fed. Appx. 928 (Fed. Cir. 2021) (affirming the PTAB's determination in IPR2018-01454); *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 847 Fed. Appx. 929 (Fed. Cir. 2021) (affirming the PTAB's determination in IPR2018-01443, IPR2018-01444, and IPR2018-01513).

## SIXTH DEFENSE

### (Government Sales)

474.    To the extent that Centripetal is accusing PAN products or services that are manufactured, provided or used by or for the government of the United States of America, there is no jurisdiction over such claims outside of the U.S. Court of Federal Claims such that Centripetal's claims against PAN with respect to such products or services are barred, in whole or in part, pursuant to 28 U.S.C. § 1498(a).

## SEVENTH DEFENSE

### (Unenforceability of the '437 and '343 patnts)

475.   The '437 and '343 patents are unenforceable because they were procured through inequitable conduct before the USPTO.

476.   Well over 100 of Centripetal's patent claims have been cancelled in *inter partes* review proceedings, due to Final Written Decisions finding those claims to be unpatentable as obvious over various prior art references.  The United States Court of Appeals for the Federal Circuit has affirmed every single one of those decisions cancelling Centripetal's claims.  But these affirmed findings did not stop Centripetal from continuing to prosecute patent claims that are patentably indistinct from the claims already held to be unpatentable as obvious.  In order to secure those continuation claims, Centripetal and its agents withheld from the examiner during prosecution the Patent Trial and Appeal Board's ("PTAB") findings, because had Centripetal and its agents disclosed those findings, Centripetal's continuation claims would not have issued.  Specifically, in at least two instances, Centripetal and its agents intentionally, and with intent to deceive, withheld from the examiners of the '437 and '343 patents, the Final Written Decisions from co-pending *inter partes* review proceedings of related patents, which contained substantially similar claims as the pending and later issued claims of the '437 and '343 patents.  In those Final Written Decisions, the PTAB found unpatentable all reviewed claims of those related patents.  Those Final Written Decisions were later affirmed on appeal.  Those Final Written Decisions were material to the patentability of the '437 and '343 patents, and Centripetal and its agents withheld them with the specific intent to deceive the examiners in order to gain allowance of claims patentably indistinct from those held unpatentable.

477.    The '437 patent was prosecuted by Plaintiff's prosecution counsel, Joshua D. Schneider and Scott M. Kelly of Banner & Witcoff, Ltd.  The '343 patent was prosecuted by Plaintiff's prosecution counsel, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia of Banner & Witcoff, Ltd.

478.    Messrs. Schneider, Kelly, Wright, and LaForgia of Banner & Witcoff, Ltd. intentionally and knowingly failed to disclose information material to the patentability of the '437 and '343 patent during the prosecution of the '437 and '343 patents—such as the Final Written Decisions of the PTAB holding unpatentable other claims of related patents that were patently indistinct from the claims under prosecution—and did so with the specific intent to mislead or deceive the USPTO in violation of their duty of disclosure, candor, and good faith to the USPTO.

479.    Messrs. Schneider, Kelly, Wright, and LaForgia continued to prosecute the '437 and '343 patents even though they knew patents of the same family, containing claims substantially similar to and/or patentably indistinct from the claims of the '437 and '343 patents, were held invalid by the PTAB, and did so with the specific intent to mislead or deceive the USPTO in violation of their duty of disclosure, candor, and good faith.

480.    Specific intent to mislead or deceive the USPTO in violation of their duty of disclosure, candor, and good faith to the USPTO is evident not only from the materiality of the PTAB's Final Written Decisions referenced above, and the fact that the claims held unpatentable in those final written decisions are substantially similar to and/or patentably indistinct from the claims of the '437 and '343 patents being prosecuted, and that findings made in those Final Written Decisions about the teachings of the prior art bore directly on the claims then being prosecuted, but also by the early payment of the issue fees for the '437 and

'343 patents, which rushed issuance of the '437 and '343 patents in the hopes of beating the PTAB Final Written Decisions in the related IPRs, which invalidated all instituted claims of parent and grandparent patents of the '437 and grandparent patent of the '343.

481.    Had Messrs. Schneider, Kelly, Wright, and LaForgia or Plaintiff disclosed such material information to the USPTO, the '437 and '343 patents would not have issued.

### The '437 Patent

482.    The '437 patent claims priority benefit from U.S. Patent Nos. 9,560,077 ("the '077 patent") and 9,137,205 ("the '205 patent").   These patents are related as summarized below:

> (a)    U.S. Patent No. 9,137,205 (all instituted claims cancelled in IPR2018-01443 and IPR2018-01444);
>
> (b)    U.S. Patent No. 9,560,077 (all claims canceled in IPR2018-01513) is a continuation of the '205 patent;
>
> (c)    U.S. Patent No. 10,567,437 is a continuation of U.S. Patent No. 10,091,246, which is a continuation of the '077 patent.

483.    The subject matter claimed by the '077 and '205 patents is closely related to that claimed by the '437 patent.

484.    The '437, '077, and '205 patents share the same specification.   On November 25, 2019, a terminal disclaimer was filed in the '437 prosecution to overcome double patenting rejections based on the '077 patent that issued because the USPTO determined that the then-pending claims of the '437 patent were patentably indistinct from the issued claims of the '077 patent.

485.    On July 27, 2018, Cisco Systems, Inc. filed two Petitions for *inter partes* review ("IPR") with the PTAB against the '205 patent in IPR2018-01443 and IPR2018-01444.

486.    On August 10, 2018, Cisco Systems, Inc. filed a Petition for IPR with the PTAB against the '077 patent in IPR2018-01513.

487.    The application resulting in the '437 patent was filed on August 24, 2018 as U.S. Application 16/111,524 ("the '524 application").

488.    The attorney of record prosecuting the '524 application was Joshua D. Schneider.  At the time the '524 application was prosecuted, Joshua D. Schneider and Scott M. Kelly, who appeared to be the supervising partner, were members of the law firm Banner & Witcoff, Ltd.

489.    On August 24, 2018, Plaintiff filed an Information Disclosure Statement (IDS) that omitted any filings from IPR2018-01513, IPR2018-01443, and IPR2018-01444 related to the '077 and '205 patents.  The August 24, 2018 IDS was submitted by Joshua D. Schneider of Banner & Witcoff, Ltd.

490.    On February 12, 2019, the PTAB instituted IPR of claims 1-48 and 91-96 of the '205 patent (IPR2018-01443, IPR2018-01444).  As of February 12, 2019, Plaintiff was on notice that final written decisions were due, by statute, in IPR2018-01443 and IPR2018-01444 on or before February 12, 2020.

491.    On April 2, 2019, the PTAB instituted IPR of all claims of the '077 patent (IPR2018-01513).  As of April 2, 2019, Plaintiff was on notice that a final written decision was due, by statute, in IPR2018-01513 on or before April 2, 2020.

492.    On April 12, 2019, Joshua D. Schneider of Banner & Witcoff, Ltd. submitted a preliminary amendment, which cancelled the only claim originally filed in the '524 application

and filed twenty new claims (claims 2-21) with the first new claim (2) of the '524 application as follows:

> 2.   (New) A method comprising:
>
> provisioning a packet security gateway, located at a boundary of a network protected by the packet security gateway and one or more networks other than the network protected by the packet security gateway, with one or more packet filtering rules, wherein each packet filtering rule comprises at least one packet matching criterion associated with malicious network traffic and a corresponding packet transformation function; and
>
> configuring the packet security gateway to:
>
> receive packets via a communication interface of the packet security gateway that does not have a network-layer address;
>
> responsive to a determination by the packet security gateway that a portion of the packets, received from or destined for a host located in the network protected by the packet security gateway, correspond to packet matching criterion specified by the one or more packet filtering rules, drop the portion of the packets; and
>
> modify a switching matrix of a local area network (LAN) switch associated with the packet security gateway such that the LAN switch is configured to drop the portion of the packets responsive to the determination by the packet security gateway.

493.   A comparison of this claim to the substantially similar cancelled claims of the '077 patent is below:

| Prosecuted Claims of the '437 Patent[1] | Cancelled Claims of the '077 Patent [IPR2018-01513] |
|---|---|
| [2.pre] A method comprising: | [1.pre] A method comprising: |
| [2.a] provisioning a packet security gateway, located at a boundary of a network protected by the packet security gateway and one or more networks other than the network protected by the packet security gateway, with one or more packet filtering rules, wherein each packet filtering rule comprises at least one packet matching criterion associated with malicious network traffic and a corresponding packet transformation function; and | [1.a] provisioning, each device of a plurality of devices, with one or more rules generated based on a boundary of a network protected by the plurality of devices with one or more networks other than the network protected by the plurality of devices at which the device is configured to be located; and |
| [2.b] configuring the packet security gateway to: receive packets via a communication interface of the packet security gateway that | [1.b] configuring, each device of the plurality of devices, to: receive packets via a communication interface that does not have a |

---

[1] While the original prosecuted method claims 2-7 of the '437 patent are charted here, the same analysis applies to the other claims.

| | |
|---|---|
| does not have a network-layer address; | network-layer address; |
| [2.c] responsive to a determination by the packet security gateway that a portion of the packets, received from or destined for a host located in the network protected by the packet security gateway, correspond to packet matching criterion specified by the one or more packet filtering rules, drop the portion of the packets; and | [1.c] responsive to a determination by the device that a portion of the packets received from or destined for a host located in the network protected by the plurality of devices corresponds to criteria specified by the one or more rules, drop the portion of the packets; and |
| [2.d] modify a switching matrix of a local area network (LAN) switch associated with the packet security gateway such that the LAN switch is configured to drop the portion of the packets responsive to the determination by the packet security gateway. | [1.d] modify a switching matrix of a local area network (LAN) switch associated with the device such that the LAN switch is configured to drop the portion of the packets responsive to the determination by the device. |
| 3. The method of claim 2, wherein: the provisioning comprises, provisioning the packet security gateway with at least one packet filtering rule configured to identify spoofed source addresses; and the configuring comprises, configuring the packet security gateway to, responsive to a determination by the packet security gateway that at least a portion of the packets comprise a source address corresponding to packet matching criterion specified by the at least one packet filtering rule, drop the at least a portion of the packets. | 2. The method of claim 1, wherein: the provisioning comprises, provisioning, each device of the plurality of devices, with at least one rule configured to identify spoofed source addresses; and the configuring comprises, configuring, each device of the plurality of devices, to, responsive to a determination by the device that at least a portion of the packets comprise a source address corresponding to criteria specified by the at least one rule, drop the at least a portion of the packets. |
| 4. The method of claim 2, wherein: the provisioning comprises, provisioning the packet security gateway with at least one packet filtering rule configured to identify malicious network traffic based on information received from a subscription service; and the configuring comprises, configuring the packet security gateway to, responsive to a determination by the packet security gateway that at least a portion of the packets comprise data corresponding to packet matching criterion specified by the at least one packet filtering rule and included in the information received from the subscription service, drop the at least a portion of the packets. | 3. The method of claim 1, wherein: the provisioning comprises, provisioning, each device of the plurality of devices, with at least one rule configured to identify malicious network traffic based on information received from a subscription service; and the configuring comprises, configuring, each device of the plurality of devices, to, responsive to a determination by the device that at least a portion of the packets comprise data corresponding to criteria specified by the at least one rule and included in the information received from the subscription service, drop the at least a portion of the packets. |
| 5. The method of claim 2, wherein: | 4. The method of claim 1, wherein: |

| | |
|---|---|
| the provisioning comprises, provisioning the packet security gateway with the one or more packet filtering rules via a communication interface of the packet security gateway having a network-layer address. | the provisioning comprises, provisioning, each device of the plurality of devices, with the one or more rules via a communication interface of the device having a network-layer address. |
| 6. The method of claim 2, comprising configuring the packet security gateway to, responsive to a determination by the packet security gateway that at least a portion of the packets correspond to packet matching criterion specified by the one or more packet filtering rules, encapsulate, each packet of the at least a portion of the packets, with a header specifying a network address different from a destination network address specified by the packet. | 5. The method of claim 1, comprising configuring, each device of the plurality of devices, to, responsive to a determination by the device that at least a portion of the packets correspond to criteria specified by the one or more rules, encapsulate, each packet of the at least a portion of the packets, with a header specifying a network address different from a destination network address specified by the packet. |
| 7. The method of claim 2, comprising configuring the packet security gateway to, responsive to a determination by the packet security gateway that at least a portion of the packets correspond to packet matching criterion specified by the one or more packet filtering rules, route, each packet of the at least a portion of the packets, toward its destination network-layer address via a layer-2 virtual local area network (VLAN) such that the packet is routed differently than if it had been routed based on its destination network-layer address. | 6. The method of claim 1, comprising configuring, each device of the plurality of devices, to, responsive to a determination by the device that at least a portion of the packets correspond to criteria specified by the one or more rules, route, each packet of the at least a portion of the packets, toward its destination network-layer address via a layer-2 virtual local area network (VLAN) such that the packet is routed differently than if it had been routed based on its destination network-layer address. |

494. On May 24, 2019, the Examiner issued a Non-Final Office Action, rejecting all claims of the '524 application. The Examiner rejected claims 2-7, 9-14, and 16-21 on the ground of nonstatutory obviousness-type double patenting over the patentably indistinct claims 1-18 of the parent '077 patent (which were then undergoing *inter partes* review). The Examiner explained that "[a]lthough the conflicting claims are not identical, they are not patentably distinct from each other because it is clear that all the elements of the instant application claims 2-7, 9-14, and 16-21 are to be found in parent patent claims 1-18" and "the invention of claims 1-18 of the patent is in effect a 'species' of the 'generic' invention of the

instant application claims 2-7, 9-14, and 16-21." The Examiner rejected claims 8 and 15 for double patenting over claims 1, 3, 7, and 9 of the parent '077 patent in view of Moon et al. (U.S. Pub. No. 2009/0150972). The Examiner's second basis of rejection was under 35 U.S.C. 103(a), finding various prior art combinations rendered the claims obvious.

495.     Plaintiff initiated an interview with the Examiner on November 13, 2019 and "proposed clarification to the claims to reflect novel aspects of their packet security gateway." The Interview Summary does not indicate that Plaintiff informed the Examiner that the patentably indistinct claims of the '077 patent were simultaneously being reviewed by the PTAB in IPR2018-01513. Scott M. Kelly of Banner & Witcoff, Ltd. participated in the telephone interview with the Examiner on behalf of Plaintiff.

496.     On November 25, 2019, Plaintiff's prosecution counsel, Scott M. Kelly of Banner & Witcoff, Ltd., filed an electronic terminal disclaimer over the '077 patent "solely in the interest of advancing prosecution" and to overcome the Examiner's double patenting rejection.

497.     On November 25, 2019, Plaintiff Scott M. Kelly submitted an Amendment in Response to Non-Final Office Action and amended Plaintiff's claims. The text of amended claims 2 is reproduced below:

2.      (Currently Amended) A method comprising:

provisioning a packet security gateway, of a plurality of packet security gateways that collectively provide an entire interface across ~~located at~~ a boundary of a network protected by the packet security gateway and one or more networks other than the network protected by the packet security gateway, with one or more packet filtering rules to be applied to all network traffic traversing the boundary, wherein each packet filtering rule comprises at least one packet matching criterion associated with malicious network traffic and a corresponding packet transformation function; and

configuring the packet security gateway to:

receive, ~~packets~~ via a communication interface of the packet security gateway that does not have a network-layer address, network traffic traversing the boundary via the packet security gateway, wherein the network traffic comprises received packets and is associated with each host of a plurality of hosts located in the network protected by the packet security gateway, and wherein the received packets comprise:

first packets traversing the boundary, via the packet security gateway, that originate from outside the network protected by the packet security gateway and are destined for the plurality of hosts; and

second packets traversing the boundary, via the packet security gateway, that originate from the plurality of hosts located in the network and are destined for devices in the one or more networks other than the network protected by the packet security gateway;

responsive to a determination by the packet security gateway that a portion of the received packets, ~~received from or destined for a host located in the network protected by the packet security gateway,~~ ~~correspond~~ corresponds to at least one packet matching criterion specified by the one or more packet filtering rules, drop the portion of the received packets; and

modify a switching matrix of a local area network (LAN) switch associated with the packet security gateway such that the LAN switch is configured to drop the portion of the received packets responsive to the determination by the packet security gateway.

498.    On November 25, 2019, Plaintiff filed an Information Disclosure Statement (IDS) in the application resulting in the '437 patent.  The November 25, 2019 IDS was submitted by Scott M. Kelly of Banner & Witcoff, Ltd.

499.    The November 25, 2019 IDS disclosed the April 2, 2019 Institution Decision in IPR2018-01513, as well as the Petition and Expert Declaration filed in IPR2018-01513 related

to the '077 patent, but withheld the Institution Decisions issued in IPR2018-01443 and IPR2018-01444, where the Board instituted IPR of the related '205 patent.

500.    On December 18, 2019, a Notice of Allowance, which was mailed to Banner & Witcoff, Ltd., 1110 13th Street NW, STE 1200, Washington, DC 20005, issued and set the issue fee payment date of March 18, 2020.

501.    The Final Written Decisions in IPR2018-01443 and IPR2018-01444 for the '205 patent were set, by statute, to issue on or before February 12, 2020.

502.    The Final Written Decision in IPR2018-01513 for the '077 patent was set, by statute, to issue on or before April 2, 2020.

503.    Plaintiff's prosecution counsel, Scott M. Kelly of Banner & Witcoff, Ltd., paid the issue fee for the '524 application months early, on January 2, 2020.

504.    On February 11, 2020, the PTAB issued its Final Written Decisions in IPR2018-01443 and IPR2018-01444, invalidating claims 1-48 and 91-96 of the '205 patent.

505.    The Quick Path Information Disclosure Statement ("QPIDS") program allows for submission of an Information Disclosure Statement after payment of the issue fee.

506.    None of the Plaintiff's prosecuting attorneys filed a QPIDS submission to alert the USPTO of the issuance of the Final Written Decisions in IPR2018-01443 and IPR2018-01444, invalidating claims 1-48 and 91-96 of the '205 patent, or employed any other available mechanism to disclose this highly relevant information to the examiner.

507.    Nor did the Plaintiff's prosecuting attorneys petition the USPTO to withdraw the '524 application from issuance.

508.    The '437 patent was permitted to issue one week later on February 18, 2020, despite USPTO filing mechanisms available to Plaintiff and its prosecuting attorneys, Joshua

125

D. Schneider and Scott M. Kelly, to file the PTAB decisions for consideration by the Examiner.

509.    On March 31, 2020, the PTAB issued its Final Written Decision in IPR2018-01513, invalidating all claims of the '077 patent.  Yet, a new patent was secured through inequitable conduct weeks earlier with patentably indistinct claims through intentional conduct to circumvent USPTO controls, and attorney ethical duties to the contrary.

***The '343 Patent***

510.    The '343 patent claims priority benefit from U.S. Patent Nos. 9,124,552 ("the '552 patent").  These patents are related as summarized below:

      (a)      U.S. Patent No. 9,124,552 (all claims cancelled in IPR2018-01436);

      (b)      U.S. Patent No. 9,683,193 is a continuation of the '552 patent;

      (c)      The '343 patent is a continuation of U.S. Patent No. 9,686,193.

511.    The claims of the '552 patent are patentably indistinct from, and indeed narrower than, claims of the '343 patent.

512.    The '343 and '552 patents share the same specification.

513.    On July 20, 2018, Cisco Systems, Inc. filed a Petition for IPR with the PTAB against the '552 patent in IPR2018-01436.

514.    The petition in IPR2018-01436 included a certification by Cisco's IPR counsel that the petition was served on Banner & Witcoff, Ltd., 1100, 13th Street N.W., Suite 1200, Washington, DC 20005-4051.

515.    The application resulting in the '343 patent was filed on August 24, 2018 as U.S. Application 15/614,956 ("the '956 application").

516.    The attorneys of record prosecuting the '956 application were Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia.  At the time the '956 application was prosecuted, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia were members of the law firm Banner & Witcoff, Ltd.

517.    On January 24, 2019, the PTAB instituted IPR of all claims of the '552 patent (IPR2018-01436).  As of January 24, 2019, Plaintiff was on notice that a final written decision was due, by statute, in IPR2018-01436 on or before January 24, 2020.

518.    On January 15, 2018, Joshua D. Schneider of Banner & Witcoff, Ltd. submitted a preliminary amendment, which amended claim 1 and added claims 2-20 with the amended claim 1 of the '956 application as follows:

1.      (Currently Amended) A method comprising:

receiving, by a computing system ~~and from a computing device located in a first network~~ comprising memory and at least one processor, a plurality of packets, wherein the plurality of packets comprises a first portion of packets and a second portion of packets;

determining, based on a packet header field value, whether each packet of the plurality of packets comprises data corresponding to criteria specified by one or more packet-filtering rules;

responsive to a determination by the computing system that a packet header field value of the first portion of packets comprises data corresponding to criteria specified by the one or more packet-filtering rules configured to prevent a particular type of data transfer ~~from the first network to a second network, wherein the data indicates that the first portion of packets is destined for the second network~~: applying, by the computing system and to each packet in the first portion of packets, a first operator, specified by the one or more packet-filtering rules, configured to drop packets associated with the particular type of data transfer; ~~and dropping, by the computing system, each packet in first portion of packets; and~~

determining, based on an application header field value, whether the second portion of packets comprises data corresponding to criteria specified by one or more operators specified by the one or more packet-filtering rules; and

responsive to ~~a determination by the computing system that~~ determining that the second portion of packets comprises data corresponding ~~that does not correspond~~ to the criteria specified by one or more operators, ~~wherein the data indicates that the second portion of packets is destined for a third network~~: applying, by the computing system and to each packet in the second portion of packets, ~~and without applying the one or more packet-filtering rules configured to prevent the particular type of data transfer from the first network to the second network, a second operator configured to forward packets not associated with the particular type of data transfer toward the third network; and forwarding, by the computing system, each packet in the second portion of packets toward the third network~~ at least one packet transformation function configured to allow or block each packet in the second portion of packets from continuing toward its respective destination.

519.    On September 27, 2018, the Examiner issued a Non-Final Office Action, rejecting all claims of the '956 application.  The Examiner rejected claims 1-3, 6, 8, 13, and 15 on the ground of nonstatutory obviousness-type double patenting over the patentably indistinct claims 1-3, 16, 18, and 19 of the parent '193 patent.  The Examiner explained that "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other because the conflicting claims are directed to the same inventive concepts."  The Examiner rejected

dependent claims 4, 5, 7, 9-12, 14, and 16-20 because they were disclosed by various prior art. The Examiner also rejected claims 1-3, 5, 8-10, 12, and 15-17 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Freimuth et al. (US Pub. No. 2003/0005122); claims 4, 11, and 18 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Freimuth et al. (US Pub. No. 2003/0005122) and further in view of Chesla et al. (US Pub. No. 2008/0086435) and Halliday et al. (US Pub. No. 2002/0083345); claims 6, 13, and 19 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Freimuth et al. (US Pub. No. 2003/0005122) and further in view of Kutt et al. (US Pub. No. 2007/0291789); and claims 7, 14, and 20 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Freimuth et al. (US Pub. No. 2003/0005122) and further in view of Buck et al. (US Pub. No. 2002/0186683).

520.    On March 27, 2019, Plaintiff's prosecution counsel, Joshua D. Schneider of Banner & Witcoff, Ltd., submitted an Amendment in Response to Non-Final Office Action and Plaintiff amended its claims.  The text of amended claim 1 is reproduced below:

1.    (Currently Amended) A method comprising:

receiving, by a computing system comprising memory and at least one processor, a plurality of packets, wherein the plurality of packets comprises a first portion of packets and a second portion of packets, wherein the second portion of packets is a portion of the first portion of packets;

determining, based on a packet header field value, whether each packet of the plurality of packets comprises data corresponding to first criterion ~~criteria~~ specified by one or more packet-filtering rules;

responsive to a determination by the computing system that a packet header field value of the first portion of packets comprises data corresponding to the first criterion ~~criteria~~ specified by ~~the one or more~~ at least one matching packet-filtering ~~rule~~rules ~~configured to prevent a particular type of data transfer~~, applying, by the computing system and to each packet in the first portion of packets, one or more operators ~~a first operator,~~ specified by the ~~one or more packet-filtering rules, configured to drop packets associated with the particular type of data transfer~~ at least one matching packet-filtering rule;

determining, based on an application header field value, the second portion of packets based on whether the ~~second~~ first portion of packets comprises data corresponding to second criterion ~~criteria~~ specified by one or more operators specified by the ~~one or more packet-filtering rules~~at least one matching packet-filtering rule; and

responsive to determining ~~that~~ the second portion of packets that comprises data corresponding to the second criterion ~~criteria~~ specified by one or more operators specified by the at least one matching packet-filtering rule, applying, by the computing system and to each packet in the second portion of packets that match the second criterion, at least one packet transformation function configured to an prevent exfiltration operation~~allow or block each packet in the second portion of packets from continuing toward its respective destination~~.

521.    On June 3, 2019, the Examiner issued a Final Rejection rejecting claims 1, 8, and 15 under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement.  The Examiner also rejected claims 1-3, 5, 8-10, and 15-17 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Stolfo (US Pub. No. 2012/0084866); claims 4, 11, and 18 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Stolfo (US Pub. No. 2012/0084866) and further in view of Chesla et al. (US Pub. No.

2008/0086435) and Halliday et al. (US Pub. No. 2002/0083345); claims 5 and 12 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Stolfo (US Pub. No. 2012/0084866) and further in view of Freimuth et al. (US Pub. No. 2003/0005122); claims 6, 13, and 19 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Stolfo (US Pub. No. 2012/0084866) and further in view of Kutt et al. (US Pub. No. 2007/0291789); and claims 7, 14, and 20 under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Ahn (US Pub. No. 2011/00559916) in view of Stolfo (US Pub. No. 2012/0084866) and further in view of Buck et al. (US Pub. No. 2002/0186683).

522.    On November 4, 2019, Plaintiff's prosecution counsel, Christian A. Laforgia of Banner & Witcoff, Ltd., submitted a Request for Continued Examination and amended Plaintiff's claims again.  The text of second amended claim 1 is reproduced below:

1.    (Currently Amended) A method comprising:

receiving, by a computing system comprising memory and at least one processor, a plurality of packets, wherein the plurality of packets comprises a first portion of packets and a second portion of packets, wherein the second portion of packets is a portion of the first portion of packets;

determining, based on a packet header field value, whether each packet of the plurality of packets comprises data corresponding to first criterion specified by one or more packet-filtering rules;

responsive to a determination by the computing system that a packet header field value of the first portion of packets comprises data corresponding to the first criterion specified by at least one matching packet-filtering rule, applying, by the computing system and to each packet in the first portion of packets, one or more operators specified by the at least one matching packet-filtering rule;

determining, based on an application header field value, the second portion of packets based on whether the first portion of packets comprises data corresponding to second criterion specified by one or more operators specified by the at least one matching packet-filtering rule; and

responsive to determining the second portion of packets that comprises data corresponding to the second criterion specified by one or more operators specified by the at least one matching packet-filtering rule, applying, by the computing system and to each packet in the second portion of packets that match the second criterion, at least one packet transformation function configured to an prevent exfiltration prevent an exfiltration operation, wherein the at least one packet transformation function indicates whether each packet in the second portion of packets is allowed to continue toward its destination.

523.    A comparison of prosecuted claim 1 of the '343 patent to patentably indistinct cancelled claim 1 of the '552 patent is below:

| Prosecuted Claims of the '343 Patent[2] | Cancelled Claims of the '552 Patent [IPR2018-01436] |
|---|---|
| [1.pre] A method comprising: | [1.pre] A method comprising: |
| [1.a] receiving, by a computing system comprising memory and at least one processor, a plurality of packets, wherein the plurality of packets comprises a first portion of packets and a second portion of packets; | [1.a] at a computing device comprising at least one processor, a memory, and a communication interface: |
|  | [1.a.i] receiving, via the communication interface, a plurality of hypertext transfer protocol secure (HTTPS) packets; |

[2] While the prosecuted method claim 1 of the '437 patent is charted here, the same analysis applies to the other claims.

| | |
|---|---|
| [1.b] determining, based on a packet header field value, whether each packet of the plurality of packets comprises data corresponding to first criterion specified by one or more packet-filtering rules; | [1.a.ii] responsive to a determination by the at least one processor that at least a portion of the plurality of HTTPS packets have packet-header-field values corresponding to a packet filtering rule stored in the memory, applying, by the at least one processor, an operator specified by the packet-filtering rule to the at least a portion of the plurality of HTTPS packets, wherein the operator specifies one or more application-header-field-value criteria identifying one or more transport layer security (TLS)-version values for which packets should be blocked from continuing toward their respective destinations; and |
| [1.c] responsive to a determination by the computing system that a packet header field value of the first portion of packets comprises data corresponding to the first criterion specified by at least one matching packet-filtering rule, applying, by the computing system and to each packet in the first portion of packets, one or more operators specified by the at least one matching packet-filtering rule; | |
| [1.d] determining, based on an application header field value, the second portion of packets based on whether the first portion of packets comprises data corresponding to second criterion specified by one or more operators specified by the at least one matching packet-filtering rule; and | [1.a.iii] responsive to a determination by the at least one processor that one or more packets, of the at least a portion of the plurality of HTTPS packets, have one or more application-header-field values corresponding to one or more TLS-version values of the one or more TLS-version values for which packets should be blocked from continuing toward their respective destinations, applying, by the at least one processor, at least one packet-transformation function specified by the operator to the one or more packets to block each packet of the one or more packets from continuing toward its respective destination. |
| [1.e] responsive to determining the second portion of packets that comprises data corresponding to the second criterion specified by one or more operators specified by the at least one matching packet-filtering rule, applying, by the computing system and to each packet in the second portion of packets that match the second criterion, at least one packet transformation function configured to prevent an exfiltration operation, wherein the at least one packet transformation function indicates whether each packet in the second portion of packets is allowed to continue toward its destination. | |

524.    Plaintiff filed an Information Disclosure Statement (IDS) on June 6, 2017, January 15, 2018, April 13, 2018, August 8, 2018, and March 27, 2019 in the application resulting in the '343 patent.   The June 6, 2017 IDS was submitted by Bradley C. Wright of

Banner & Witcoff, Ltd, and the January 15, 2018, April 13, 2018, August 8, 2018, and March 27, 2019 IDSs were submitted by Bradley C. Wright of Banner & Witcoff, Ltd.

525.    The August 8, 2018 IDS disclosed the July 20, 2018 Petition and Expert Declaration in IPR2018-01436 related to the '552 patent.

526.    The March 27, 2019 IDS disclosed the January 24, 2019 Institution Decision in IPR2018-01436 related to the '552 patent.

527.    On December 12, 2019, a Notice of Allowance, which was mailed to Banner & Witcoff, Ltd., 1110 13th Street NW, STE 1200, Washington, DC 20005, issued and set the issue fee payment date of March 12, 2020.

528.    The Final Written Decision in IPR2018-01436 for the '552 patent was set, by statute, to issue on or before January 24, 2020.

529.    Plaintiff's prosecution counsel, Christian LaForgia of Banner & Witcoff, Ltd. paid the issue fee for the '956 application months early on January 6, 2020.

530.    On January 23, 2020, the PTAB issued its Final Written Decision in IPR2018-01436, invalidating all claims of the '552 patent.

531.    None of the Plaintiff's prosecuting attorneys disclosed to the USPTO the issuance of the Final Written Decision in IPR2018-01436, invalidating all claims of the '552 patent.

532.    The '343 patent was permitted to issue on February 18, 2020, despite USPTO filing mechanisms and processes available to Plaintiff and its prosecuting attorneys, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia, to file the PTAB decision that invalidated all claims of the related '552 patent for consideration by the Examiner.

533.    Nor did the Plaintiff's prosecuting attorneys petition the USPTO to withdraw the '956 application from issuance.

***The Attorneys Prosecuting the '524 and '956 Patent Applications Were Aware of Their Duties of Candor and Good Faith in Dealing with the PTO***

534.    Joshua D. Schneider and Scott M. Kelly, the attorneys responsible for prosecuting the '437 patent, had a duty of candor and good faith in dealing with the USPTO as set forth in 37 C.F.R. § 1.56.  This duty "includes a duty to disclose to the [PTO] all information known to that individual to be material to patentability" during prosecution of patent applications on which they are associated.  37 C.F.R. § 1.56(a).  Joshua D. Schneider and Scott M. Kelly were aware of their duty of candor and good faith in dealing with the USPTO, at least because of their admissions as patent practitioners before the USPTO and acknowledgement of such duties as represented in the signed Declaration and Power of Attorney.

535.    Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia, the attorneys responsible for prosecuting the '437 patent, had a duty of candor and good faith in dealing with the USPTO as set forth in 37 C.F.R. § 1.56.  This duty "includes a duty to disclose to the [PTO] all information known to that individual to be material to patentability" during prosecution of patent applications on which they are associated.  37 C.F.R. § 1.56(a).  Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia were aware of their duty of candor and good faith in dealing with the USPTO, at least because of their admissions as patent practitioners before the USPTO and acknowledgement of such duties as represented in the signed Declaration and Power of Attorney.

*The Attorneys Prosecuting the '524 and '956 Patent Applications Were Aware of the Materiality of the Inter Partes Reviews of the '205, '077, and '552 Patents*

536.    The November 25, 2019 IDS in the '524 application that resulted in the '437 patent reflects that Joshua D. Schneider and/or Scott M. Kelly, the attorneys responsible for prosecuting the '437 patent, were aware of IPR2018-01513, IPR2018-01443, IPR2018-01444 at that time.

537.    The August 8, 2018 and March 27, 2019 IDSs in the '956 application that resulted in the '343 patent reflect that Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia, the attorneys responsible for prosecuting the '343 patent, were aware of IPR2018-01436 at that time.

538.    The November 25, 2019 IDS in the '524 application that resulted in the '437 patent reflects that Joshua D. Schneider and/or Scott M. Kelly, the attorneys responsible for prosecuting the '437 patent, were aware that IPR2018-01513, IPR2018-01443, and IPR2018-01444 were material to the claims at issue at that time.

539.    Due to Joshua D. Schneider's signature, the August 8, 2018 and March 27, 2019 IDSs in the '956 application that resulted in the '343 patent reflect that Joshua D. Schneider, the attorney responsible for prosecuting the '343 patent, was aware that IPR2018-01436 was material to the claims at issue at that time.

540.    The August 8, 2018 and March 27, 2019 IDSs in the '956 application that resulted in the '343 patent further reflect that Bradley C. Wright and/or Christian LaForgia, the attorneys responsible for prosecuting the '343 patent, were aware that IPR2018-01436 was material to the claims at issue at that time.

541.    The IPRss of the '077 and '205 patents, including each of their institution and final written decisions, are material to the patentability of the '437 patent because they provide

a basis for determining that the '437 patent, which shares the same specification with and contains materially similar claims and/or limitations as the '077 patent and the '205 patent, issued with claims that were invalid.

542.    The IPR of the '552 patent, including and particularly its final written decision, is material to the patentability of the '343 patent because it provides a basis for determining that the '343 patent, which shares the same specification with and materially similar claims as the '552 patent, issued with claims that were invalid.

543.    Joshua D. Schneider and/or Scott M. Kelly withheld material information from the USPTO during the prosecution of the '437 patent with the specific intent to deceive the USPTO.

544.    Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia withheld material information from the USPTO during the prosecution of the '343 patent with the specific intent to deceive the USPTO.

### *The Attorneys Prosecuting the '524 and '956 Patent Applications Breached Their Duties of Candor and Good Faith in Dealing with the USPTO*

545.    Upon information and belief, Joshua D. Schneider and Scott M. Kelly, the attorneys responsible for prosecuting the '437 patent, were specifically aware of the need to disclose to the USPTO:  (1) the Institution Decisions in the IPRs of the '205 patent (IPR2018-01443, IPR2018-01444) and (2) the Final Written Decisions in the IPRs of the '205 patent (IPR2018-01443, IPR2018-01444).

546.    Upon information and belief, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia, the attorneys responsible for prosecuting the '343 patent, were specifically aware of the need to disclose to the USPTO the Final Written Decisions in the IPR of the '552 patent (IPR2018-01436).

547.    Despite Joshua D. Schneider's, Scott M. Kelly's, Bradley C. Wright's, and Christian LaForgia's duty to disclose information material to the patentability of the '437 and '343 patents, their knowledge of briefing in IPR2018-01443, IPR2018-01444, and IPR2018-01436, and their knowledge of the materiality of the same, they failed to disclose the materials identified in the preceding paragraphs, including the Final Written Decisions in the IPRs of related patents that invalidated all instituted claims, to the USPTO during prosecution of the '437 and '343 patents.

548.    Thus, Joshua D. Schneider, Scott M. Kelly, Bradley C. Wright, and Christian LaForgia breached their duty under 37 C.F.R. § 1.56.

***But for the Prosecuting Attorneys' Withholding of Materials from the IPRs of Related Patents, the Asserted Claims of the '437 and '343 Patents Would not Have Issued***

549.    The '205 Institution Decisions and Final Written Decisions of the '205 and '077 patents were but-for material to the patentability of the '437 patent claims.  Had Joshua D. Schneider and/or Scott M. Kelly disclosed those materials, which were not previously considered and not merely cumulative, a reasonable examiner would not have allowed the claims.  The art that was found to disclose or render obvious elements of the '205 patent also renders obvious elements and/or claims of the '437 patent.  As of the issuance of the '205 Final Written Decisions, Centripetal and its agents were collaterally estopped from taking positions at the PTAB that were inconsistent with those findings but did so anyway in continuing to pursue issuance of the '437 claims.

550.    In addition, each of the following four limitations that the examiner found missing from the prior art in the Notice of Allowance in the prosecution of the '437 patents was found, in the Final Written Decision of the '077 patent, to be disclosed by the prior art of

138

record in that IPR proceeding, confirming that the '077 patent Final Written Decision was but for material.

(1) *"...**plurality of packet security gateways that collectively provide an entire interface across a boundary of a network protected by the packet security gateway…, rules to be applied to all network traffic traversing the boundary**."*  Applicant had argued to the examiner that a prior art reference to Jungck failed to teach this limitation, but, in the Final Written Decision of the '077 patent, the PTAB found the opposite: that a skilled artisan "would have found it obvious to apply the protective measures taught by Jungck to all the machines on a network," acknowledging that Jungck "more broadly teach[es] protecting entire networks."

(2) *"**communication interface of the packet security gateway that does not have a network-layer address...**"* limitation.  But the PTAB found this same limitation taught by Jungck in the '077 patent's Final Written Decision.

(3) *"**second packets traversing the boundary, via the packet security gateway,…destined for devices in the one or more networks other than the [protected] network....,**"* suggesting that Jungck does not teach filtering outgoing (egress) packets. But the prior art Jungck's "Fifth Embodiment" explicitly discloses "ingress and egress filtering," and the PTAB quoted this disclosure in the '077 patent Final Written Decision in concluding Jungck disclosed the claimed "rules."

(4) *"**modify a switching matrix...**"* limitation.  But the PTAB expressly found this same limitation taught by Jungck in the '077 patent Final Written Decision.

551.    The Final Written Decision of the '552 patent was but-for material to the patentability of the '343 patent.  Had Bradley C. Wright, Joshua D. Schneider, and/or Christian

LaForgia disclosed the '552 Final Written Decision, which was not previously considered and not merely cumulative, reasonable examiner would not have allowed the claims.  The art that was found to render obvious all claims of the '552 patent also renders obvious claims of the '343 patent.  As of the issuance of the '552 Final Written Decision, Centripetal and its agents were collaterally estopped from taking positions at the PTAB that were inconsistent with those findings but did so anyway in continuing to pursue issuance of the '343 claims.

***The Prosecuting Attorneys Intended to Deceive the USPTO into Allowing the Asserted Claims of the '437 and '343 Patents***

552.    Joshua D. Schneider and Scott M. Kelly failed to comply with their duty of candor and good faith before the USPTO by knowingly and deliberately failing to disclose and withholding information that is material to the patentability of the asserted claims of the '437 patent.

553.    Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia failed to comply with their duty of candor and good faith before the USPTO by knowingly and deliberately failing to disclose and instead withholding information that is material to the patentability of the asserted claims of the '343 patent.

554.    Upon information and belief, Scott M. Kelly paid the issue fee for the '524 application that issued as the '437 patent over two months early without alerting the UPSTO as to the imminent Final Written Decisions in IPR2018-01513, IPR2018-01443, and IPR2018-01444 in order to rush issuance of the '437 patent before the PTAB issued its Final Written Decisions in IPR2018-01443, IPR2018-01444, and IPR2018-01513 was done with the specific intent to deceive the USPTO into issuing the '437 patent.

555.    Upon information and belief, the failure of Joshua D. Schneider and Scott M. Kelly to disclose (1) the Institution Decisions in the IPR's of the '205 patent (IPR2018-01443.

IPR2018-01444) and (2) the Final Written Decisions in the IPR's of the '205 patent (IPR2018-01443, IPR2018-01444), which were inherently material and not cumulative, was done with the specific intent to deceive the USPTO into issuing the '437 patent.

556.    Upon information and belief, Joshua D. Schneider and Scott M. Kelly knew (1) the Institution Decisions in the IPR's of the '205 patent (IPR2018-01443. IPR2018-01444) and (2) the Final Written Decisions in the IPR's of the '205 patent (IPR2018-01443, IPR2018-01444) were material, not cumulative and would be important to a reasonable examiner determining the patentability of the asserted claims of the '437 patent. and that but for their withholding those materials, the '437 never would have issued.

557.    Upon information and belief, Christian LaForgia paid the issue fee for the '956 application that issued as the '343 patent over two months early without alerting the UPSTO as to the imminent Final Written Decision in IPR2018-01436 in order to rush issuance of the '343 patent before the PTAB issued its Final Written Decision in IPR2018-01436 was done with the specific intent to deceive the USPTO into issuing the '343 patent.

558.    Upon information and belief, the failure of Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia to disclose the Final Written Decisions in the IPR of the '552 patent (IPR2018-01436), which were inherently material and not cumulative, was done with the specific intent to deceive the USPTO into issuing the '343 patent.

559.    Upon information and belief, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia knew the Final Written Decisions in the IPR of the '552 patent (IPR2018-01436) was material, not cumulative, and would be important to a reasonable examiner in determining the patentability of the asserted claims of the '343 patent, and that but for their withholding those materials, the '343 never would have issued.

560.    Such conduct, as described in paragraphs 552-559 above, was affirmative and egregious misconduct by Joshua D. Schneider, Scott M. Kelly, Bradley C. Wright, and Christian LaForgia.

***Plaintiff's Violation of the Estoppel Rules of 37 C.F.R. § 42.73(d)(3)(i)***

561.    37 C.F.R. § 42.73(d)(3)(i) states in relevant part that "[a] patent applicant or owner is precluded from taking action inconsistent with the adverse judgment, including obtaining in any patent: (i) [a] claim that is not patentably distinct from a finally refused or cancelled claim."

562.    Upon information and belief, Joshua D. Schneider and Scott M. Kelly were aware of 37 C.F.R. § 42.73(d)(3)(i) when prosecuting the application that issued as the '437 patent.

563.    Upon information and belief, Bradley C. Wright, Joshua D. Schneider, and Christian LaForgia were aware of 37 C.F.R. § 42.73(d)(3)(i) when prosecuting the application that issued as the '343 patent.

564.    Scott M. Kelly paid the issue fee for the '524 application over two months early on January 2, 2020 without alerting the Examiner as to the imminent Final Written Decisions in IPR2018-01513, IPR2018-01443, and IPR2018-01444.

565.    Christian LaForgia paid the issue fee for the '956 application over two months early on January 6, 2020 without alerting the Examiner as to the imminent Final Written Decision in IPR2018-01436.

566.    It is reasonable to infer that Scott M. Kelly paid the issue fee early to rush issuance of the '437 patent before the PTAB issued its Final Written Decisions in IPR2018-01443, IPR2018-01444, and IPR2018-01513, which invalidated all claims of the related '077 patent.

567.    It is reasonable to infer that Christian LaForgia paid the issue fee early to rush issuance of the '343 patent before the PTAB issued its Final Written Decision in IPR2018-01436, which invalidated all claims of the related '552 patent.

568.    Despite the imminent issuance of the Final Written Decision finding all claims of the related '077 patent unpatentable, which is a "judgment" per 37 C.F.R. § 42.73(a), on information and belief, Plaintiff continued prosecuting the application that issued as the '437 patent.

569.    Despite the issuance of the Final Written Decision finding all claims of the related '552 patent unpatentable, which is a "judgment" per 37 C.F.R. § 42.73(a), on information and belief, Plaintiff continued prosecuting the application that issued as the '343 patent.

570.    Joshua D. Schneider and/or Scott M. Kelly did not avail themselves of the QPIDS procedure, or any other procedure, to disclose material information, including the Final Written Decisions in IPR2018-01443 and IPR2018-01444, which issued before the issuance of the '437 patent, during the prosecuting of the '524 application as required under 37 C.F.R. § 1.56.

571.    Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia did not avail themselves of the QPIDS procedure, or any other procedure, to disclose material information, including the Final Written Decision in IPR2018-01436, which issued before the issuance of the '343 patent, during the prosecuting of the '956 application as required under 37 C.F.R. § 1.56.

572.    Such actions inconsistent with Final Written Decisions in IPR2018-01443 and IPR2018-01444, as described in paragraphs 561-571 above, are in violation of the estoppel

provisions of 37 C.F.R. § 42.73(d)(3)(i), are *per se* material, and constitute affirmative acts of egregious misconduct.

573.    But for Joshua D. Schneider's and/or Scott M. Kelly's violation of the estoppel provisions of 37 C.F.R. § 42.73(d)(3)(i) and the withholding of material information during prosecution of the '437 patent, the USPTO would not have allowed the pending claims and would not have issued the '437 patent.

574.    But for Bradley C. Wright, Joshua D. Schneider. and/or Christian LaForgia's violation of the estoppel provisions of 37 C.F.R. § 42.73(d)(3)(i) and the withholding of material information during prosecution of the '343 patent, the USPTO would not have allowed the pending claims would not have issued the '343 patent.

575.    It is reasonable to infer that Joshua D. Schneider and/or Scott M. Kelly intentionally withheld information regarding the related IPR's from Examiners during prosecution of the '437 patent with the specific intent to deceive the Examiners.

576.    It is reasonable to infer that Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia intentionally withheld information regarding the related IPR from Examiners during prosecution of the '343 patent with the specific intent to deceive the Examiners.

577.    On information and belief, Joshua D. Schneider and/or Scott M. Kelly intended to deceive the USPTO into issuing the '437 patent by failing to abide by the estoppel provisions of 37 C.F.R. § 42.73(d)(3)(i).

578.    On information and belief, Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia intended to deceive the USPTO into issuing the '343 patent by failing to abide by the estoppel provisions of 37 C.F.R. § 42.73(d)(3)(i).

***The Asserted Claims of the '437 and '343 Patents are Unenforceable for Inequitable Conduct***

579.    Any one or more acts set forth above is/are sufficient in and of itself/themselves to demonstrate that Plaintiff committed inequitable conduct during the prosecution of the '437, by way of the conduct of Joshua D. Schneider and/or Scott M. Kelly, and such inequitable conduct renders the '437 patent unenforceable.

580.    Any one or more acts set forth above is/are sufficient in and of itself/themselves to demonstrate that Plaintiff committed inequitable conduct during the prosecution of the '343, by way of the conduct of Bradley C. Wright, Joshua D. Schneider, and/or Christian LaForgia, and such inequitable conduct renders the '343 patent unenforceable.

## EIGHTH DEFENSE

### (Limitation on Damages / Failure to Mark)

581.    The relief sought by Centripetal based on PAN's alleged infringement of the Asserted Patents is limited by 35 U.S.C. § 287 to the extent the owner(s) of the Asserted Patents, and/or their licensees, failed to mark allegedly practicing products or otherwise give proper notice that PAN's actions allegedly infringed any claim of the Asserted Patents.

## NINTH DEFENSE

### (Lack of Irreparable or Immediate Injury)

582.    Centripetal is not entitled to any injunctive relief because any injury to Centripetal is neither immediate nor irreparable, and Centripetal has an adequate remedy at law.

## TENTH DEFENSE

### (Limitation on Costs)

583.    Centripetal is precluded from recovering costs under 35 U.S.C. § 288.

## ELEVENTH DEFENSE

### (Not Entitled to Attorney Fees)

584.    Centripetal cannot prove that this is an exceptional case and is therefore precluded from seeking recovery of its attorneys' fees under the provisions of 35 U.S.C. § 285.

## ADDITIONAL DEFENSES RESERVED

### (Reservation of Additional Defenses)

585.    PAN reserves the right to assert any and all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant PAN demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PAN requests that this Court grant the following relief:

a.    A judgment in PAN's favor on Centripetal's claims and otherwise deny Centripetal's requested relief;

b.    Award PAN its reasonable attorneys' fees, filing fees, and reasonable costs of suit incurred in defending against Centripetals's claims; and

c.    Grant PAN such further and other relief as this Court deems proper and just.

Respectfully submitted,

PALO ALTO NETWORKS, INC.
By Counsel

By: */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
101 W. Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966
E-mail: rmcfarland@mcguirewoods.com

David E. Finkelson (VSB No. 44059)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
E-mail: dfinkelson@mcguirewoods.com

Brett C. Govett (Admitted *Pro Hac Vice*)
Jacqueline Baker (Admitted *Pro Hac Vice*)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Richard Zembek (Admitted *Pro Hac Vice*)
Eric Hall (Admitted *Pro Hac Vice*)
Daniel Leventhal (Admitted *Pro Hac Vice*)
Daniel Prati (Admitted *Pro Hac Vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
richard.zembek@nortonrosefulbright.com
eric.hall@nortonrosefulbright.com
daniel.leventhal@nortonrosefulbright.com
daniel.prati@nortonrosefulbright.com

Stephanie DeBrow (Admitted *Pro Hac Vice*)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
stephanie.debrow@nortonrosefulbright.com

James R. Batchelder (Admitted *Pro Hac Vice*)
Andrew T. Radsch (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com

Josef Bryks Schenker (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
josef.schenker@ropesgray.com

***COUNSEL   FOR   PALO   ALTO   NETWORKS,
INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

By:  */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
101 W. Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966
E-mail: rmcfarland@mcguirewoods.com