## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

CENTRIPETAL NETWORKS, INC.,     )
          )
       Plaintiff,     )  No. 2:21-cv-00137 (RCY-RJK)
          )
     v.     )
          )
PALO ALTO NETWORKS, INC.,     )
          )
       Defendant.     )
          )

## ORDER

THIS MATTER is before the Court upon the Motion of Defendant's counsel, Ropes &
Gray LLP ("R&G"), for Leave to File Certain Documents Under Seal ("Motion to Seal") (ECF
No. 178) pursuant to Local Civil Rule 5 to seal the following documents (collectively, the
"Sealed Document") and Plaintiff Centripetal Networks, Inc.'s ("Centripetal" of "Plaintiff")
Response to R&G's Motion To Seal.  Having considered R&G's Motion to Seal and Plaintiff's
Response, and having determined that this action involves disclosure of confidential and
information, this Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1.      On October 12, 2021, R&G filed its Motion to Seal (ECF No. 178).
In connection with the Motion to Seal, R&G also filed a Notice of Motion to Seal and
a Memorandum in Support of Motion to Seal (ECF Nos. 179 and 180, respectively).

2.      The Motion to Seal seeks to seal portions of Ropes & Gray LLP's
Response in Opposition to Plaintiff's Motion For Leave to File a Supplemental Brief
("Ropes & Gray Opposition Brief") [ECF No. 181].  R&G represented that the Sealed

Document contains information about a transaction that the Court has already ordered

sealed. Plaintiff agrees that the Ropes & Gray Opposition Brief needs to remain sealed as it

contains information regarding a highly confidential transaction. This Court has previously

granted Motions to Seal materials regarding the same subject matter. *See* Docket Nos. 92,

99, 145, 146, 173.

3.        The Sealed Document should be maintained under seal as it contains

confidential information that has not been made public. Should the Court need to refer to

those portions in its decision, it will be able to describe them generally without disclosing

its confidential content.

4.        The Sealed Document contains confidential and proprietary

information regarding a highly confidential transaction.  Sealing this confidential material

satisfies all three *Ashcraft* requirements.

5.        The Sealed Document should remain confidential because it is not

generally known and is of competitive value.  *See In re Knight Publ 'g Co.*, 743 F.2d 231,

235 (4th Cir. 1984); *Level 3 Commc 'ns, LLC v. Limelight Networks, Inc.* , 611 F. Supp. 2d

572, 577 (E.D. Va. 2009) (stating that courts may " refuse to permit their files to serve ... as

sources of business information that might harm a litigant's competitive standing") (quoting

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Centripetal therefore has a

legitimate interest that warrants an order granting the sealing of the Sealed Document.

## Conclusions of Law

1.     Local Civil Rule 5 supports the sealing of the Sealed Document.

2.     There are three requirements for sealing court filings: (1) public notice with

an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of

specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman,* No. I :08-CV-371 , 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.,* 218 F.3d 282, 288 (4th Cir. 2000)).

3.      R&G has met the public notice requirement by filing a Notice of Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the Notice of the motion "reasonably in advance of deciding the issue." *See Jn re KnightPubl'g Co.,* 743 F.2d 23 1, 235 (4th Cir. 1984) (cited by *Ashcraft,* 218 F.3d at 302). There are no less drastic alternatives than filing the Sealed Document under seal that appropriately enable Centripetal and R&G to argue their positions and to preserve the confidential nature of the materials.

4.      The third Ashcraft consideration is satisfied by the findings of fact and law in this Order.

5.      R&G has filed a sealed copy of the Sealed Document with the Court and have sent or will send a copy to Plaintiff's counsel.

6.      By filing the Sealed Document under seal, the parties have made all reasonable efforts to limit the materials sealed for the related motion in compliance with the law of this Circuit.

7.      For the sake of consistency with practices governing the case as a whole, the Sealed Document should remain sealed until the earlier of further order of this Court or forty-five ( 45) days after the final resolution of this matter and then be returned to counsel.

THEREFORE, the Motion to Seal is GRANTED and it is ORDERED that:

1.    The Clerk shall maintain under seal the Sealed Document.

2.    The sealed material shall remain sealed until the earlier of further order of

this Court or forty-five (45) days after the final resolution of this matter and then be

returned to counsel.

Dated: _Oct. 20, 2021_          By:          Robert J. Krask
                                                United States Magistrate Judge

4

**WE ASK FOR THIS:**

*/s/ Stephen E. Noona*
Stephen Edward Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com

*Attorneys for Plaintiff*
*Centripetal Networks, Inc.*