# Exhibit 10

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., *Plaintiff*, vs. PALO ALTO NETWORKS, INC., *Defendant.* | No. 2:21-cv-00137-AWA-RJK **HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY** |

### PLAINTIFF CENTRIPETAL NETWORKS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-16)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26, Plaintiff Centripetal Networks, Inc. ("Centripetal" or "Plaintiff") by counsel, hereby provides its objections and responses to Defendant Palo Alto Networks, Inc. ("PAN" or "Defendant") First Set of Interrogatories to Plaintiff Centripetal (Nos. 1-16), which were served on Centripetal on July 6, 2021 (the "Interrogatories").

### GENERAL OBJECTIONS

Centripetal makes the following general objections to Defendant's First Set of Interrogatories to Centripetal, which apply to each Interrogatory regardless of whether the general objections are specifically incorporated into the specific objections below.

1. Centripetal is responding to each Interrogatory as it interprets and understands each Interrogatory with respect to the issues in this case. If Defendant asserts a different interpretation of any Interrogatory, Centripetal reserves the right to supplement or amend its responses or objections.

2. Centripetal objects to each Interrogatory to the extent it is inconsistent with or

advertises that far from being commodity articles, the Accused Products make it a leader and includes references to numerous awards and sales won by its products, confirming that it believes that its products are differentiated from other security products sold by other companies. (https://investors.paloaltonetworks.com/investor-relations/news-releases/default.aspx). PAN continued to sells its products and offer these services after it had knowledge of the Asserted Patents, as set forth in Centripetal's Complaint and Amended Complaint..

Discovery is ongoing and expert discovery is forthcoming. Centripetal reserves the right to supplement its response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 12**

Separately for each of the Patents-in-Suit, explain in detail Your contentions regarding the type(s) and amount of damages that Centripetal is entitled to recover, including any lump sum royalty, the reasonable royalty rate corresponding to such damages, the royalty base to which the reasonable royalty should be applied, and Your method(s) of computation, and identify all facts supporting, refuting, or rebutting such contentions, including all documents (including patent license agreements and licenses related to the Accused Products) supporting, refuting, or rebutting such contentions, all persons with knowledge of any facts relied on by You in making such contentions, and all experts and consultants retained to prepare damage calculations.

**RESPONSE TO INTERROGATORY NO. 12:**

Centripetal incorporates by reference its General Objections as if fully set forth herein. Centripetal objects to this Interrogatory as premature to the extent it seeks Centripetal's damages contentions when discovery has just begun. Centripetal also objects to this Interrogatory as

premature to the extent it calls for subsequent discovery in this action, including expert discovery, that will be provided according to deadlines set by the Court and/or stipulated to by the parties. Centripetal further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks certain information not proportional to the needs of the case. Centripetal objects to this Interrogatory to the extent it seeks information beyond Centripetal's knowledge, custody, or control, including information solely within Defendant's possession, custody or control. Centripetal objects to this Interrogatory as having multiple subparts and compound, which should count toward the limits on Interrogatories. Centripetal further objects to this Interrogatory to the extent that it calls for information that is publicly available or equally available to Defendants, and therefore is of no greater burden for Defendants to obtain than for Centripetal to obtain and produce. Centripetal objects to this Interrogatory to the extent that it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, which is subject to pre-existing protective order(s) and/or confidentiality agreements. Centripetal objects to this Interrogatory to the extent it calls for a legal conclusion. Centripetal objects to this Interrogatory to the extent it calls for information that is duplicative of other discovery. Centripetal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other applicable law, privilege, doctrine, or immunity; Centripetal will not disclose any privileged information. Centripetal reserves its right to supplement, revise or render more specific its responses to this Interrogatory, including during expert discovery.

Subject to and without waiving the foregoing General Objections and any specific objections contained herein, Centripetal responds as follows:

Centripetal is entitled to no less than a reasonable royalty under 35 U.S.C. §284, attorneys' fees and costs incurred under 35 U.S.C. § 285, and an accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the Patents-in-Suit. Centripetal's claim for damages is the subject of expert opinion which will be set forth in expert reports according to the schedule in this case. Discovery is ongoing and Defendant has not yet produced any documents, witnesses for deposition, or discovery responses. Centripetal seeks interest and costs fixed by the Court and an accounting of all of Defendant's infringing sales and revenues. Centripetal also seeks an award of attorneys' fees and costs and enhanced damages for Defendant's willful infringement.

==With respect to the reasonable royalty owed, Centripetal's experts will opine on the hypothetical negotiation framework set forth in the *Georgia-Pacific* case and consider the relevant expectations and market factors that impact a negotiation between the parties. Such information is likely to include:== the use (and value of that use) of the patented technology; the actual and projected revenues, costs saved as a result of implementing/using the patented technology including expectations of the foregoing, pricing for the accused products and other products/services that Defendant offers, uses, sells or makes that use or benefit from the patented technology, including any convoyed, collateral or derivative sales, cross-selling, up-selling of additional products or other benefits obtained from the sale of the accused products; ==licensing practices of the parties and relevant information from licenses including royalty rates applied in *Centripetal Networks, Inc., v. Keysight Technologies, Inc. and Ixia*, Case No. 2:17-cv-383-HCM-LRL and *Centripetal Networks, Inc., v. Cisco Systems, Inc.*, Case No. 2:18-cv-00094-HCM-LRL;== any cost-savings reaped or costs avoided as a result of its infringement of the patented technology, including efficiency improvements in the form of network speed, reduction of

network costs, reduced costs in the building and integration of the patented technology with Accused Products and other products/services, any available design-arounds or alternatives, or lack of non-infringing alternatives, and avoidance of costs to implement any design-arounds or any alleged alternatives or the cost to rebuild/configure Accused Products without the patented technology. As part of the *Georgia-Pacific* factor analysis, the fact that Centripetal and PAN are competitors in the network security market, and engaged in substantive business and technical discussions prior to the filing of this lawsuit where PAN evaluated and studied Centripetal's patented technologies and patents, has an upward effect on the royalty rate.

Centripetal's damages will also be based on evidence provided by Defendant during discovery and at trial. Defendant continues to infringe the Asserted Patents, and thus the amount of damages to which Centripetal is entitled will increase over time. As such, Centripetal reserves the right to set forth and modify its damages theories and calculations as the case progresses and in view of information to be provided through discovery including expert discovery. Accordingly, Centripetal reserves the right to supplement its response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 13**

Describe in detail any valuation of any one or more of the Patents-in-Suit or Related Patents or Rights in or under the Patents-in-Suit or Related Patents, both individually and collectively, regardless of whether the valuation was specifically performed by or on behalf of Centripetal and regardless of whether such valuation was for investment, litigation, or litigation funding purposes, including (a) the monetary value that Centripetal actually paid for, attributed to, and/or invested in the development of such patents, (b) any investment, costs, cost savings,