**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC., | § § § § |
| Plaintiff, | § § |
| v. | § § § |
| PALO ALTO NETWORKS, INC., | § § § § § | Civil Action No. 2:21-CV-00137-RCY-RJK |
| Defendant. | |

**DEFENDANT PALO ALTO NETWORKS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL PLAINTIFF CENTRIPETAL NETWORKS, INC.
<u>TO PRODUCE RELATED-PATENT DOCUMENTS</u>**

Centripetal's Opposition to PAN's Motion to Compel ("Motion") fails to squarely address the basis for PAN's Motion: the relevancy of documents (many of which were produced or filed in Centripetal's other litigations) pertaining to patents that are part of the same patent families as the patents asserted in this litigation. Those Related Patents share a technological and financial nexus with the Asserted Patents in this litigation and are thus directly relevant to (1) the meaning, scope, and application of the claim terms common to both groups of patents (which bear on both the infringement and invalidity claims in this case); (2) the lack of novelty and the obviousness of the claims of the Asserted Patents (which bear on invalidity claims in this case); (3) the valuation of the inventions claimed in the Asserted Patents (which bears on Centripetal's damages claims); and (4) Centripetal's claims of indirect and willful infringement. Rather than addressing PAN's need for these documents, Centripetal misrepresents the facts and attempts to obfuscate both the scope and basis of PAN's Motion.

First, Centripetal erroneously contends that the scope of documents PAN seeks has changed from PAN's RFPs to its Motion. Opp. at 3-4. In fact, PAN's Motion—like its discovery requests—seek documents concerning the Asserted Patents and other patents or patent-applications ***related thereto***.[1] Thus, Centripetal's focus on the two patents asserted in Centripetal's prior litigations that are not related to the Asserted Patents—the '856 and '806 Patents—is misplaced, as those patents are not the subject of PAN's Motion.

Second, Centripetal mischaracterizes PAN's Motion as asserting that documents concerning the Related Patents are relevant merely "because Centripetal filed terminal disclaimers

---

[1] *Compare* Ex. 3 to Lee Decl. (defining "Related Patents" at ¶ 8) *with* Mot. at 1 (defining "Related Patents" as patents asserted in *Cisco* and *Keysight* that are part of the same patent families as patents asserted in this litigation); *see also, e.g.*, Ex. 3 to Lee Decl. (PAN RFPs 13-19 seeking documents from prior "litigation or contested proceedings . . . involving the Patents-in-Suit or any Related Patents").

1

as to the Asserted Patents." Opp. at 5-6. In truth, PAN's Motion is premised on the reality that documents concerning the Related Patents are relevant to this litigation because of the substantial overlap with the Asserted Patents, including common inventors, patent specifications, figures, claim terms, and priority dates, as well as substantially overlapping prosecution histories and valuation arguments. Mot. at 1, 4-5. PAN's discussion of the terminal disclaimers merely confirms that the overlap between the inventions claimed in the Related and Asserted Patents is so inarguably substantial that the Patent Office found they are not patentably distinct from one another. *See* Mot. at 2-3. Centripetal's Opposition ignores the substantial overlap between the patents, and instead tries to brush it away with a procedural argument (*i.e.*, "there is no legal presumption that a patent subject to a terminal disclaimer is patentably indistinct from its parent patent"). As explained in PAN's Motion, in light of the substantial commonality between the Asserted and Related Patents, documents concerning the Related Patents (including documents from the *Cisco* and *Keysight* litigations) are unquestionably relevant to this case. *See* Mot. at 4-7.

Third, Centripetal incorrectly suggests it has changed its position on the production of documents concerning the Related Patents and thus rendered PAN's Motion moot as to RFP Nos. 20-31, 55-56, 79-84, 86, 88-89, and 96. *See* Opp. at 7-8. As its Opposition confirms, however, Centripetal continues its refusal to produce documents concerning the Related Patents. The only exceptions are self-selected (1) documents that directly concern both the Asserted and Related Patents, and (2) inventor testimony concerning claim terms common to both sets of patents. *See* Lee Decl. at ¶ 3 (stating that Centripetal agreed to produce documents "to the extent they concern positions relevant to the Asserted Patents" and inventor testimony to the extent "there is discussion of common claim terms with the Asserted Patents"); *see also* Lee Decl., Ex. 1 at 4 (letter from Centripetal's counsel categorically stating that Centripetal will not produce documents concerning

2

the Related Patents).[2] Thus, while Centripetal may have produced a limited subset of documents "produced in the Prior Actions," the fact remains that the vast majority have not been produced and Centripetal broadly refuses to produce relevant documents concerning the Related Patents.

Finally, Centripetal's arguments that the remaining RFPs are purportedly "irrelevant or not proportional to the claims and defenses in this case" ring hollow. Opp. at 8-13.

***Requests for Damages-Related Documents***: PAN's requests for documents concerning financial aspects of Centripetal's business and the valuation of its patents are directly relevant to Centripetal's damages claims. Centripetal's arguments concerning these RFPs obfuscate the real issue—that Centripetal has improperly limited its production to documents concerning the Asserted Patents. *See* Opp. at 8-9 (addressing RFP Nos. 3, 77-78, 85). As explained in PAN's Motion, because the patents share a technological nexus, documents concerning aspects of Centripetal's business concerning the Related Patents and the valuation thereof are directly relevant to the damages analysis in this case. Mot. at 5-6. Further, given Centripetal's assertion that it is a competitor in the relevant marketplace, PAN is entitled to discovery concerning Centripetal's business beyond documents strictly limited to the Asserted Patents.

***Requests for Prior-Litigation Documents***: In opposing PAN's requests for documents concerning prior litigation involving the Related Patents (including at least RFPs 13-19, 32, 35, 37[3]), Centripetal focuses exclusively on the differences between this case and the prior litigation without ever acknowledging the substantial overlap between the Asserted and Related Patents.

---

[2] *See also* Lee Decl., Ex. 1 (expressly limiting the documents Centripetal will produce in response to RFP Nos. 20-31, 55, 80, 83, 86, and 89 to those related to the Patents-in-Suit).

[3] RFPs 32, 35, and 37—which request documents concerning prior litigation involving the Asserted and/or Related Patents—were inadvertently omitted from the listing of relevant RFPs in PAN's Motion. Those documents are relevant for same the reasons set forth in PAN's Motion and herein, and thus PAN respectfully requests that the Court order Centripetal to produce Related Patent documents responsive to PAN's RFPs 32, 35, and 37.

3

*See* Opp. at 9-11. But those differences do not diminish the relevance of documents from those litigations. As explained in PAN's Motion, documents concerning the Related Patents asserted in *Cisco* and *Keysight* are undeniably relevant given the substantial overlap between the Asserted and Related Patents, and Centripetal itself has repeatedly recognized the same.[4] *See* Mot. at 4-7.

Moreover, Centripetal's contention that it need not produce the prior litigation documents because they are "publicly available" is inaccurate. Opp. at 10-11. First, many of the documents PAN seeks were never filed in those actions and thus cannot be obtained absent production by Centripetal (*i.e.*, expert reports, deposition transcripts, infringement contentions, and invalidity contentions).[5] Second, numerous filings and large swaths of the relevant testimony (including portions of the testimony of Centripetal's damages experts[6]) are sealed and thus cannot be accessed by PAN. *See* DeBrow Decl. at Exs. 1-4. These documents are directly relevant to PAN's claims and defenses in this case, and thus should be produced. *See* Mot. at 4-7.

---

[4] Centripetal argues that its own discovery requests concerning the *Cisco* and *Keysight* actions do not justify PAN's discovery requests concerning those same actions because Centripetal's requests purportedly concern PAN's "pre-suit knowledge and willfulness based on ***publicly available*** information about the prior actions." Opp. at 10 (emphasis in original). But that sword and shield argument misses the point. If information concerning the Related Patents is so closely tied to the Asserted Patents that it was sufficient to put PAN on notice of the Asserted Patents—as Centripetal contends in its Amended Complaint—then documents concerning the Related Patents are unquestionably relevant to the claims and defenses in this litigation. *See* Mot. at 5-6.

[5] Centripetal's contention that the costs to produce these documents outweigh PAN's need for them falls flat, *see* Opp. at 10, particularly given that Centripetal has already collected, reviewed, and produced many of the requested materials in the prior litigations and they are easily produced again without significant burden. *See* Mot. at 7. Additionally, Centripetal's contention (without any further support) that it would cost "approximately $100,000 to produce ESI production from the Prior Actions" is both questionable and a red herring, as ESI productions are not part of this Motion. *See* Opp. at 10. The costs to produce existing transcripts, sealed filings, and prior productions are minimal.

[6] Centripetal misrepresents the record by implying that all this testimony is publicly available. Opp. at 11 (stating that "the trial testimony of damages experts in the *Cisco* case is . . . of public record"). Indeed, both parties moved to seal significant portions of the trial testimony. *See Centripetal Networks, Inc. v. Cisco Systems, Inc.*, No. 2:18-CV-94 (E.D. Va.)*,* Dkt. 571-572; Dkt. 574-575. The Court granted both motions. *See id.* at Dkt. 594-595.

***Documents Concerning The Scope and Application Of Common Claim Language***: Centripetal's assertion that discovery regarding discussions with third parties concerning the Related Patents and comparisons of third-party products to the Related Patents, "has no relevance" to this case is conclusory. Opp. at 11-12 (addressing RFPs 7, 65, 70, 91). As explained in PAN's Motion, such documents (including Centripetal's infringement contentions in the prior litigation) are relevant at least with respect to the meaning, scope, and application, of claim terms that are common to both the Asserted and Related Patents.[7] *See* Mot. at 5.

***Requests Concerning Priority, Validity, and Enforceability***: Centripetal erroneously contends that documents concerning the validity and/or enforceability of the Related Patents cannot be relevant to this litigation because Centripetal is not asserting those patents, and thus PAN is not challenging their validity/enforceability. Opp. at 12-13 (addressing RFPs 33-34, 36, 39-41, 51-53, 57, 60-62). That argument not only takes an overly rigid approach to relevance, but also ignores the substantial commonality between the Related and Asserted Patents. As explained in PAN's Motion, the Asserted and Related Patents arose from the same original patent applications and thus share common inventors, priority claims, patent specifications, figures, and numerous claim elements. *See* Mot. at 2-3. Accordingly, information about prior art to the Related Patents; positions and testimony about whether that prior art discloses the same or similar claim limitations appearing in the Asserted Patents; and documents concerning secondary considerations of non-obviousness are highly relevant to PAN's invalidity defenses.[8] *See* Mot. at 4-5.

Finally, Centripetal's attempts to distinguish the cases cited in PAN's Motion are

---

[7] Such documents may also, however, bear on Centripetal's damages claims to the extent they concern Centripetal's licensing and valuation of its patents (*e.g.*, RFP 91).

[8] Indeed, the relevance of this information is demonstrated by the fact that PAN's *inter partes* review petitions for nine of the Asserted Patents are based on prior art that the PTAB already found renders unpatentable claims of the Related Patents. *See* Dkt. 68 at 10 (PAN's Motion to Stay Pending *Inter Partes* Review Proceedings).

unavailing. Centripetal argues—without addressing the substance of the opinion—that *Apple Inc. v. Samsung Elecs. Co.*, is irrelevant because this Court has not adopted the "technological nexus" standard applied in that case. *See* Opp. at 6. As is apparent from the *Apple* opinion, however, the "technological nexus" analysis is merely an assessment of whether subject matter of the asserted patents sufficiently overlaps with the patents asserted in the prior litigation to render the previously asserted patents relevant to the case at hand. 11-1846 LHK, 2012 WL 1232267, *6 (N.D. Cal. Apr. 12, 2012). With respect to *Casual Living*, Centripetal erroneously implies that the plaintiff was ordered to produce documents concerning related patents merely because it had produced little up to that point. Opp. at 6. The court's decision rested—as it should here—on the fact that the documents concerning the related patents were relevant to the claims and defenses in that case, and not on plaintiff's litigation conduct. 3:07-CV-167, 2008 WL 11363242, at *1–2, *6 (W.D. Ky. Sept. 9, 2008).

    For the reasons stated herein and in its Motion, PAN respectfully requests that the Court grant PAN's Motion to Compel, and, pursuant to Rule 37(a)(5) award PAN its costs and attorneys' fees incurred for the filing and prosecution of this Motion.

Respectfully submitted,

PALO ALTO NETWORKS, INC.
By Counsel

By: */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
101 W. Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966
rmcfarland@mcguirewoods.com

David E. Finkelson (VSB No. 44059)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
finkelson@mcguirewoods.com

Brett C. Govett (Admitted *Pro Hac Vice*)
Jacqueline Baker (Admitted *Pro Hac Vice*)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Richard Zembek (Admitted *Pro Hac Vice*)
Eric Hall (Admitted *Pro Hac Vice*)
Daniel Leventhal (Admitted *Pro Hac Vice*)
Daniel Prati (Admitted *Pro Hac Vice*)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
richard.zembek@nortonrosefulbright.com
eric.hall@nortonrosefulbright.com
daniel.leventhal@nortonrosefulbright.com
daniel.prati@nortonrosefulbright.com

Stephanie DeBrow (Admitted *Pro Hac Vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
stephanie.debrow@nortonrosefulbright.com

James R. Batchelder (Admitted *Pro Hac Vice*)
Andrew T. Radsch (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com

Josef Bryks Schenker (Admitted *Pro Hac Vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
josef.schenker@ropesgray.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

Stephen Edward Noona
Kaufman & Canoles, P.C.
150 W Main St
Suite 2100
Norfolk, VA 23510
(757) 624-3239
Fax: (888) 360-9092
Email: senoona@kaufcan.com

Hannah Yunkyung Lee
James Russell Hannah
Kristopher Benjamin Kastens
Lisa Kobialka
Paul Joseph Andre
Christina Finn
Kramer Levin Naftalis & Frankel LLP (CA-NA)
990 Marsh Rd
Menlo Park, CA 94025
(650) 752-1700
Fax: (650) 752-1800
Email: hlee@kramerlevin.com
Email: jhannah@kramerlevin.com
Email: kkastens@kramerlevin.com
Email: lkobialka@kramerlevin.com
Email: pandre@kramerlevin.com
Email: cfinn@kramerlevin.com

*Attorneys for Centripetal Networks, Inc.*

By: */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
101 W. Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966
rmcfarland@mcguirewoods.com