# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:21-cv-00137 (EWH-RJK) |
| ) | |
| v. ) | |
| ) | |
| PALO ALTO NETWORKS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF CENTRIPETAL NETWORKS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE CAUSES OF ACTION RELATED TO U.S. PATENT NOS. 10,542,028; 10,757,126; 10,567,413; 10,091,246; 10,749,906; AND 10,503,899**

## I. INTRODUCTION

Pursuant to Court Order (Dkt. No. 336), and Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Centripetal Networks, LLC ("Centripetal") hereby requests this Court to dismiss without prejudice any and all claims related to U.S. Patent Nos. 10,542,028 (the "'028 Patent"); 10,757,126 (the "'126 Patent"); 10,567,413 (the "'413 Patent"); 10,091,246 (the "'246 Patent"); 10,749,906 (the "'906" Patent"); and, 10,503,899 (the "'899 Patent") (collectively, the "PTAB Patents") asserted in the above-entitled action by Centripetal in this action, with each party to bear its own costs, expenses and attorneys' fees.

Dismissals pursuant to Rule 41(a)(2) are typically granted without prejudice, absent a showing by defendant that it will suffer some plain legal prejudice as a result of a dismissal without prejudice. PAN cannot demonstrate any such legal prejudice here to warrant a departure from the typical dismissal. Further, the Federal Circuit treats patent claims that a patentee has withdrawn from an ongoing case, as Centripetal has done here with respect to the PTAB Patents, as being dismissed without prejudice. Such precedent applies here because Defendant does not have any counterclaims pending as to the PTAB Patents, and thus, "it is up to [Centripetal] to decide what claims are to be litigated and decided at trial" in this case. Here, Centripetal has elected not to pursue infringement of the PTAB Patents and the Court should thus dismiss them without prejudice.

## II. BACKGROUND

On March 12, 2021, Centripetal filed a complaint against PAN, asserting infringement of 12 patents, and on July 9, 2021, filed an amended complaint, asserting an additional patent. Dkt. Nos. 1, 65. In July and August 2021, PAN filed 14 petitions[1] with the Patent Trial and Appeal

---

[1] PAN filed two petitions for IPR of U.S. Patent No. 10,735,380.

Board ("PTAB") requesting institution of *inter partes* review ("IPR") or post-grant review ("PGR") of all 13 Asserted Patents. Dkt. No. 157-1. On August 2, 2021, PAN filed an Answer to Centripetal's amended complaint asserting affirmative defenses but no counterclaims. Dkt. No. 98. On March 1, 2022, the Court stayed the case pending PTAB review. Dkt. Nos. 285-286.

Between January 20 and March 15, 2022, the PTAB instituted review of the PTAB Patents and U.S. Patent No. 10,530,903 (the "'903 Patent"). Dkt. No. 326 at 3. It also declined to institute IPRs or a PGR for six patents.[2] *Id*. On February 16, 2023, the PTAB issued a final written decision upholding validity of the '903 Patent (referred to herein collectively with the non-instituted six patents as the Confirmed Patents). *Id*. The PTAB issued final written decisions invalidating the remaining six instituted PTAB Patents between January 24, 2023 and March 13, 2023. *Id*.

On March 15, 2023, Centripetal filed a motion requesting the Court lift the stay and reopen the case as to the seven Confirmed Patents following completion of the proceedings at the PTAB. Dkt. Nos. 326 at 1. In seeking to lift the stay, Centripetal notified the Court and PAN that it was willing to forgo its claims of infringement in this case with respect to the six PTAB Patents and to dismiss them without prejudice. Dkt. No. 326 at 3. On May 11, 2023, the Court granted Centripetal's motion and lifted the stay, noting Centripetal's willingness to dismiss its claims as to the PTAB Patents without prejudice. Dkt. Nos. 335-336; May 11, 2023 Hearing Tr. at 18:16-20.

### III. ARGUMENT

Rule 41 of the Federal Rules of Civil Procedure governs the voluntary dismissal of actions, permitting a court to order dismissal of claims upon such "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2

---

[2] The PTAB declined to institute for: U.S. Patent No. 10,567,343 (the "'343 Patent"), U.S. Patent No. 10,567,437 (the "'437 Patent"), U.S. Patent No. 10,785,266 (the "'266 Patent"), U.S. Patent No. 10,735,380 (the "'380 Patent"), U.S. Patent No. 10,659,573 (the "'573 Patent"), and U.S. Patent No. 10,931,797 (the "'797 Patent").

(5th Cir. 2002). Dismissals under Rule 41(a)(2) fall within the Court's sound discretion. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472-73 (4th Cir. 1993) (internal citations omitted). Typically, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

In the Fourth Circuit, motions to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2) should be granted absent plain legal prejudice to the defendant. *See MLR, LLC v. TCL Commc'n Tech. Holdings Ltd.*, No. 2:15cv-00223, Dkt. No. 24 (E.D. Va. May 12, 2017) (citing *Ellett Bros. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001)) (dismissing patent infringement case without prejudice at plaintiff's request where plaintiff sufficiently explained its need for dismissal based on change in ownership). Where the only alleged prejudice a defendant can identify is that resulting from a potential subsequent lawsuit, courts generally grant the dismissal without prejudice. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992) (dismissing claims without prejudice including condition that discovery taken in dismissed case "shall be available for use in any subsequent action"). Indeed, dismissal with prejudice is a "harsh sanction" to be imposed only in "extreme cases." *Choice Hotels Int'l*, 11 F.3d at 472-73 (internal citations omitted).

Here, no circumstances exist warranting dismissal of Centripetal's claims as to the PTAB Patents with prejudice. Further, according to Federal Circuit precedent, "a patentee's announcement that it [is] no longer pursuing particular claims, coupled with its ceasing to litigate them, [is] sufficient to remove those claims from the case even without [the formalities of filing a motion or stipulation]." *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (citing *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012)). "If the accused infringer does not file a counterclaim, then it is up to the patentee to decide what

3

claims are to be litigated and decided at trial." *Alcon Rsch. Ltd.*, 745 F.3d at 1193.

When faced with a plaintiff's withdrawal of select patent claims absent a counterclaim, district courts have applied this precedent to treat the withdrawal as a dismissal without prejudice and entered orders accordingly, even where the potential for a subsequent lawsuit on the withdrawn claims remains. For example, the circumstances of *Largan Precision Co. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2023 WL 3510388, at *3 (N.D. Cal. May 16, 2023) parallel those of this case. In *Largan Precision*, the plaintiff sought to narrow its case to the patents and claims that survived PTAB review in order to lift a stay that was put in place pending PTAB review. The court ordered the withdrawn claims dismissed without prejudice under the circumstances where, as here, no *Markman* hearing had occurred and lifted the stay. *Id.* (applying *Alcon Research* and *SanDisk* to determine that the "patentee's withdrawal of claims should be treated as dismissal of the claims without prejudice").

Similarly, in *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220-MLH (KSx), 2020 WL 136591 (C.D. Cal. Jan. 13, 2020), the court applied *Alcon Research* in denying a defendant's motion for summary judgment of non-infringement of a patent the plaintiff had withdrawn, instead dismissing it without prejudice. *Id.* at *19 (noting that it could not enter summary judgment as to the infringement claim because plaintiff's withdrawal of the claim amounted to dismissal without prejudice); *Realtime Adaptive Streaming LLC v. Google LLC*, No. 2:18-cv-03629-GW-JCx, 2021 WL 4027514, at *3 (C.D. Cal. July 13, 2021) (same); *see also Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 1106442, at *1 (E.D. Tex. Mar. 20, 2016) (denying defendant's motion to treat withdrawn infringement claims as a dismissal with prejudice).

4

## IV. CONCLUSION

Thus, the Court should dismiss without prejudice any and all claims related to the '028 Patent, the '126 Patent, the '413 Patent, the '246 Patent, the '906 Patent, and the '899 Patent, asserted by Centripetal in this action, with each party to bear its own costs, expenses and attorneys' fees because Centripetal has already indicated that it is withdrawing its infringement claims as to these patents and there is no legal prejudice to Defendant from the entry of a dismissal without prejudice.

Respectfully submitted,

Dated: May 25, 2023

By: */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James R. Hannah (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
Hannah Y. Lee (*pro hac vice*)
Christina M. Finn (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com
hlee@kramerlevin.com
cfinn@kramerlevin.com

*Attorneys for Plaintiff*,
Centripetal Networks, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of filing electronic to all counsel of record.

>/s/ *Stephen E. Noona*
>Stephen E. Noona
>Virginia State Bar No. 25367
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, VA 23510
>Telephone: (757) 624-3239
>Facsimile: (888) 360-9092
>senoona@kaufcan.com

6