# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　Defendant. | Civil Action No. 2:21-cv-00137 (EWH-RJK) |

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

### Trial Date

1. An eight-day **Jury Trial** is scheduled to commence at **9:00 a.m**. on **December 4, 2023**, at Norfolk.

### Joinder

2. Any motions for joinder of additional parties shall be filed by **Wednesday, May 31, 2023**.

3. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires.

### Discovery

4. If the parties have not yet held a conference as prescribed by Rule 26(f), the parties must do so **within five (5) days** of the submission of this Order to develop a plan for discovery. With respect to electronic discovery, the parties' plan should include (1) a determination of what electronic discovery will be sought by any party regarding any issues; (2) what electronic retention and retrieval systems are in use by the responding party; (3) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule; (4) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions; (5) whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery; and, (6) the possible need for periodic case management conferences to address any new issues and to ensure compliance with whatever has been agreed upon or ordered by the Court. If the parties are unable to agree on a plan of discovery, they must submit proposed plans by **Monday, June 5, 2023**.

### Rule 26 Disclosures

5. Not later than **Friday, August 11, 2023**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial on those issues for which it has the burden of proof, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

6. Not later than **Friday, September 8, 2023,** each defending party shall identify all persons it expects to call as expert witnesses to contradict or rebut expert opinions disclosed pursuant to Paragraph 5, and shall serve all other parties with a copy of a written report

      complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

7. Not later than **Monday, September 18, 2023,** any party with an initial burden of proof may serve all other parties with a copy of any written reply reports.

8. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)*, and its progeny shall be filed not later than **Friday, October 13, 2023**. Any response to such a motion shall be filed not later than **Friday, October 27, 2023** and any reply shall be filed not later than **Friday, November 3, 2023**.

## Patent Specific Deadlines

9. Plaintiff shall reduce the total number of asserted patent claims to no more than 14 by **Wednesday, June 14, 2023**.

10. Defendant shall reduce the total number of prior art pieces asserted as invalidating references to no more than 28 by **Monday, July 17, 2023**. Defendant may substitute a prior art piece through August 8, 2023, but Defendant may not exceed 28 prior art pieces. A prior art instrumentality (such as a device or process) and associated references to that instrumentality shall count as one piece, as shall the closely related work of a single prior artist.

11. The parties shall exchange a list of proposed claim terms to be construed on **Monday, June 5, 2023**. The parties shall meet and confer regarding the proposed claim terms by **Thursday, June 8, 2023**. The parties shall exchange proposed constructions for all proposed claim terms by **Thursday, June 15, 2023**.

12. The parties shall file simultaneous opening Markman briefs on **Thursday, June 29, 2023**. The parties shall file simultaneous reply Markman briefs on **Thursday, July 13, 2023**. Subject to the Court's availability, a *Markman* hearing will be held on **Thursday, August 17, 2023 at 10:00 a.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510.

**Discovery**

13. All fact discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **Tuesday, August 8, 2023,** except by order of the Court.

14. All expert discovery must be concluded not later than **Friday, October 6, 2023,** except by order of the Court.

15. Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court prefers that the parties file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the

       dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with a memorandum incorporated therein and any response with a memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in Paragraph 12.

16. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

17. No discovery materials shall be filed with the Clerk except by order of the Court.

18. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

**Dispositive Motions**

19. All dispositive motions shall be filed not later than **Monday, October 9, 2023**. This deadline shall not change, except by order of the Court. Any response to such a motion shall be filed not later than **Monday, October 23, 2023** and any reply shall be filed not later than **Monday, October 30, 2023**. Counsel must submit two (2) courtesy copies of all motions and one (1) copy of all exhibits to Chambers if together the motions and exhibits exceed thirty (30) pages in length. Counsel are reminded of the requirements

**Non-Dispositive Motions**

20. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 11, *supra*) shall be filed not later than **Friday, November 3, 2023**. The brief in opposition to such non-dispositive motions shall be filed not later than **Friday, November 10, 2023**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **Tuesday, November 14, 2023**. The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

**Oral Argument**

21. Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Any request for oral argument should be included as a separate section in the memorandum, response or reply and should address why oral argument will materially aid in the decisional process.

22. The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

### Proposed Witnesses

23. The parties shall file a list of proposed witnesses not later than **Friday, October 20, 2023**. The parties shall file a list of any objections and rebuttal witnesses not later than **Friday, October 27, 2023**. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstance.

### Discovery To Be Used as Evidence

24. The parties shall serve their designations not later than **Friday, October 20, 2023,** specifically identifying any discovery material that is intended to be offered into evidence. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any responsive/counter designations and objection to the introduction of any discovery material shall be served not later than **Friday, October 27, 2023** or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes. The parties will discuss objections to designations at the attorneys' conference on **November 1, 2023**. Each party's final discovery designations and the remaining objections thereto shall be filed on **November 10, 2023**.

### Jury Trial

25. If this matter is to be tried by a jury, counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions, by **Wednesday, November 22, 2023**. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set

7

forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to. which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers.

26. Not more than **three (3) calendar days after** the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

27. Not more than **four (4) calendar days after** the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

*Voir Dire*

28. Any proposed jury *voir dire* to be requested by any party shall be filed by **Wednesday, November 22, 2023**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

**Written Stipulations**

29. Not later than **Wednesday, November 1, 2023,** counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts.

      Written stipulations shall be signed by each counsel and filed with the Clerk not later than **Tuesday, November 14, 2023**.

## Proposed Exhibits

30. The parties shall each serve a list of proposed exhibits not later than **Friday, October 20, 2023** and shall provide a copy of all proposed exhibits that have not been produced or marked at depositions to all parties. The parties shall each serve a list of any rebuttal exhibits and objections not later than **Friday, October 27, 2023** and shall provide a copy of all proposed exhibits that have not been produced or marked at depositions to all parties. The parties will discuss objections to proposed exhibits at the attorneys' conference on **November 1, 2023**. Each party's final exhibit lists and the remaining objections thereto shall be filed on **November 10, 2023**. The parties will exchange the final set of stamped trial exhibits on **November 15, 2023**.

31. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

## Deadlines

32. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means

**Settlement**

33. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

34. Pursuant to Local Civil Rule 83.6, counsel for the parties are DIRECTED to contact Magistrate Judge Krask at (757) 222-7007, **within seven (7) days** of entry of this Order to schedule a settlement conference before a United States Magistrate Judge. The settlement conference shall be held not later than **September 8, 2023**.

**Final Pretrial Conference**

35. A Final Pretrial Conference will be held on **Friday, November 17, 2023 at 10:00 a.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510. Not later than **Tuesday, November 14, 2023**, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) List of Trial Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

36. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than **Monday, November 27, 2023.**

### Courtroom Technology

37. All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

38. Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

39. Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

### Attorneys' Fees

40. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

### Communications with Chambers

41. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/_____
Elizabeth W. Hanes
United States District Judge

Date: May ____, 2023