IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CENTRIPETAL NETWORKS, LLC,
    Plaintiff,

v.                                                      Civil Action No.  2:21-CV-00137 (EWH)

PALO ALTO NETWORKS, INC.,
    Defendant.

**ORDER**

This matter is before the Court on Palo Alto Networks, Inc.'s ("PAN") objections to the Magistrate Judge's order denying PAN's motion to compel discovery of certain financial information relating to Centripetal Networks, LLC ("Centripetal"). ECF No. 416. For the reasons stated below, PAN's objections are OVERRULED, and the Magistrate Judge's ruling is AFFIRMED.

**I.**       **BACKGROUND**

In its motion, PAN seeks to compel Centripetal's production of (1) documents and testimony "regarding investments in and litigation funding for Centripetal from 2018 to the present;" (2) documents and testimony "related to Centripetal's engagement of Houlihan Lokey for a valuation of Centripetal and/or its intellectual property" ("Investment Bank Valuation"); and (3) an unredacted copy of a document titled "Insurance-Backed Lending Opportunity: Preliminary Assessment." Joint Br. Mot. to Compel at 1, ECF No. 373. The Magistrate Judge denied PAN's motion in its entirety. Order, ECF No. 394.

PAN objects to the Magistrate Judge's decision as it relates to the first two categories of information: Centripetal's investors and litigation funding and the Investment Bank Valuation. Corrected Objs. to Magistrate Judge's Order Den. Def.'s Mot. to Compel ("Objs.") at 1 n.1, ECF

1

No. 416. PAN also requests that the Court conduct an *in camera* review of the Investment Bank Valuation to assess claims of attorney-client privilege. *Id.* PAN does not object to the Magistrate Judge's denial of PAN's request for production of an unredacted copy of the "Insurance-Backed Lending Opportunity: Preliminary Assessment." *Id.*

Centripetal filed its response to the Objections and PAN replied. Resp. to Objs., ECF No. 427; Reply in Supp., ECF No. 437. The Court has determined that the issues are adequately presented in the briefing and a hearing is not necessary. E.D. Va. Loc. Civ. R. 7(J). Accordingly, the matter is ripe for adjudication.

## II.  LEGAL STANDARD

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the district court must "modify or set aside any part" of a magistrate judge's order on a non-dispositive motion if that order is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Philpott v. Va. Dep't of Transp.*, No. 7:21-cv-00274, 2022 WL 3359361, at *1 (W.D. Va. Aug. 15, 2022). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *see also Philpott*, 2022 WL 3359361, at *2 ("The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling in a discovery matter.").

The operative discovery rule at issue in this dispute is Rule 26 of the Federal Rules of Civil Procedure:

> *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P 26(b)(1).

### III.   DISCUSSION

#### A.   Investments and Litigation Funding

PAN argues that the Magistrate Judge misapplied the standard for relevancy and proportionality under Rule 26(b)(1) when denying PAN's motion to compel the production of documents and testimony about third-party investments in Centripetal and litigation funding agreements. Objs. at 5–7, ECF No. 416. Having reviewed the parties' arguments and the Magistrate Judge's ruling, the objection is overruled.

The Magistrate Judge noted that information about Centripetal's investors could be relevant to damages—specifically to the calculation of "a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284; Order at 5, ECF No. 394. One common method of determining a reasonable royalty is through the application of the *Georgia-Pacific* factors, the last of which asks the Court to consider "[t]he amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement." *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971). The Magistrate Judge recognized that investment information bearing on the "the value of the asserted patents, as well

as . . . the financial status of Centripetal," may be relevant in conducting this "hypothetical negotiation." Order at 6, ECF No. 394.

Notwithstanding this conclusion, the Magistrate Judge found the "burden of any further discovery outweighs any likely benefit to be derived therefrom" and "the proposed discovery is not proportional to the needs of the case." *Id.* at 7; *see also* Fed. R. Civ. P. 26(b)(1). The Magistrate Judge reasoned that "Centripetal has already disclosed substantial information relating to its financial status in the relevant time frame," but PAN nevertheless seeks extensive and detailed information about "*every investment* in, *every loan* made to, and *every investor and debtor* in Centripetal from 2018 to present." Order at 6–7, ECF No. 394 (emphasis in original). The Magistrate Judge found this additional discovery to be of "limited relevance" and cumulative. *Id.* at 7.

Second, the Magistrate Judge rejected PAN's request to compel production of Centripetal's litigation funding agreements largely on relevance grounds. The Magistrate Judge correctly observed that "no uniform approach exists" as to the discoverability of litigation funding agreements. *Id.* at 7–8 (collecting cases). Further, the Magistrate Judge noted that some courts have questioned the relevance of litigation funding agreements because they are a "step of abstraction removed from any real world indicators" of a patent's value. *Id.* at 7 (quoting *Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 1:18-cv-08175, Dkt. No. 497, at 21 (N.D. Ill. Jan. 16, 2022)). However, he recognized that courts have found "the strongest case for discovering such information exists when the litigation funding at issue reflects the value of the asserted patents." *Id.* at 8; *see also Taction Tech., Inc. v. Apple Inc.*, No. 21-cv-00812-TWR-JLB, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) ("[T]he Court finds Defendant's [requests for production] relevant, but only to the extent that they seek litigation funding agreements and related documents that contain or reflect valuations of the Asserted Patents.").

4

Here, Centripetal asserts that it has never sought litigation funding for this litigation or the asserted patents. Joint Br. Mot. to Compel at 17, ECF No. 373. The only litigation funding agreements at issue involve different litigation and different, albeit related, patents. Objs. at 7, ECF No. 416. In rejecting PAN's request, the Magistrate Judge observed that "there are no grounds, other than conclusory speculation, to support a finding that any such [litigation funding] transactions focused upon valuing the asserted patents at issue in this case." Order at 8–9, ECF No. 394. The Magistrate Judge also noted that "[e]ven if any prior litigation funding deals might conceivably shed light on Centripetal's financial status at the time of such agreements, such information is no more than minimally relevant and its discovery is not proportional to this case's needs." *Id.* at 9.

Considering the applicable test and the discovery already produced, the Court agrees with the Magistrate Judge that PAN's request for documents and testimony concerning Centripetal's investors and litigation funding should be denied. As to the additional discovery PAN seeks regarding Centripetal's investors, the Court finds that it has little importance in resolving the critical issues in the case and that the burden of further discovery into the matter outweighs the potential benefits. *See id.*; Fed. R. Civ. P. 26(b)(1). As to PAN's request for litigation funding documents and testimony, the Court disagrees with PAN's argument that litigation funding agreements involving different litigation and different patents are relevant to determining the value of the asserted patents.[1] The Court agrees with district courts that have rejected requests for discovery involving litigation funding for related patents. *See Taction Tech., Inc.*, 2022 WL 18781396, at *5.

---

1      The Court also notes that one of the funding agreements at issue appears to have been entered into to protect an already rendered judgment. *See generally* Mem. Op. at 16–17, ECF No. 285. Such an agreement is a further step removed because even if the agreement considered the value of the related patents, it likely also considered numerous unrelated factors such as the likelihood of success on appeal and a related insurance policy.

The Court also agrees with the Magistrate Judge that to the extent any litigation funding documents are marginally relevant to establishing Centripetal's financial position at the time of a hypothetical negotiation under *Georgia-Pacific*, the request is not proportional to the needs of the case. *See* Order at 9, ECF No. 394; Fed. R. Civ. P. 26(b)(1).

The Magistrate Judge's ruling is consistent with Rule 26 and is not contrary to law or clearly erroneous.[2] Fed. R. Civ. P. 72(a). The Court finds that the Magistrate Judge's findings were well-reasoned and sensible, properly "balanc[ing the] various interests in [considering] discovery requests." *In re ASI Reactivation, Inc.*, 934 F.2d 1315, 1324 (4th Cir. 1991) (internal citation omitted). The objection as it relates to PAN's request for testimony and documents regarding investments in Centripetal and litigation funding agreements is overruled.

## B. Investment Bank Valuation

PAN also objects to the Magistrate Judge's ruling denying its motion to compel production of the Investment Bank Valuation of Centripetal and asks the Court to review that valuation *in camera* to assess Centripetal's claims of attorney-client privilege. Objs. at 1 n.1, ECF No. 416. This objection is overruled as PAN fails to demonstrate that the valuation is relevant or proportional to the needs of the case.

The Magistrate Judge rejected PAN's request for production of the Investment Bank Valuation on the basis that it implicated attorney client privilege, lacked relevance, and was not proportional. Order at 11, ECF No. 394. The Magistrate Judge stated that "PAN's claim that such discovery is relevant . . . is not well-taken," given that the requested document was a

---

[2] PAN also argues that the Magistrate Judge should not consider the cumulative effect of discovery. Objs. at 5, ECF No. 416. That is incorrect. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . .").

"company-wide valuation rather than one directed to the value of the asserted patents" and was conducted "some two years or more before the issuance of the asserted patents." *Id.* (internal quotation marks omitted). Accordingly, the Magistrate Judge concluded that "even if discovery of any non-privileged communications . . . would be minimally relevant," it was "not proportional to the needs of the case." *Id.* PAN does not appear to raise any specific objections to these findings related to relevancy and proportionality. As such, the Court finds that PAN fails to carry its burden to demonstrate the Magistrate Judge's ruling on the issue was clearly erroneous or contrary to law.[3]

Because the Court upholds the Magistrate Judge's ruling on relevance and proportionality, the Court does not need to assess Centripetal's claims of attorney-client privilege. Accordingly, PAN's request that the Court review the Investment Bank Valuation *in camera* is denied.

### IV. CONCLUSION

For the reasons stated above, PAN's objections, ECF No. 416, are OVERRULED, and Magistrate Judge Robert J. Krask's ruling is AFFIRMED.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: November 15, 2023

---

[3] To the extent that PAN relies on its arguments regarding investments and litigation funding, the Court finds those arguments unpersuasive for the reasons previously stated.