UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 2:21cv137 |
| PALO ALTO NETWORKS, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This case arises out of Plaintiff Centripetal Networks, LLC's ("Centripetal") suit against Defendant Palo Alto Networks, Inc. ("PAN") alleging infringement of certain cybersecurity patents. Before the Court is Plaintiff's omnibus Motion in Limine and accompanying memorandum.[1] ECF Nos. 635, 636. The Court held a hearing on January 5, 2024. ECF No. 705. Accordingly, the Motion is ripe for disposition.

### I. Legal Standard

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, No. 1:13cr222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* A motion in limine "should be granted only when the evidence is clearly

---

[1] Centripetal's omnibus Motion contains ten motions in limine.

inadmissible on all potential grounds" because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* at *3 (citation omitted). In general, relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Federal Rules of Evidence "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Szyjka v. Vandermeer*, 600 F. App'x 169, 170 (4th Cir. 2015) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). With these principles in mind, the Court will address each Motion in turn.

## II. Analysis

1. **MOTION: Expert testimony is limited to matters disclosed in their reports and at deposition.**

At the January 5 hearing, the parties agreed that Centripetal's first Motion in Limine was rendered **MOOT** by the Court's December 22, 2023, memorandum opinions.

2. **MOTION: No testimony, argument, or evidence from Defendant's fact witnesses regarding the Asserted Patents.**

Centripetal's second Motion in Limine pertains to Mr. Nir Zuk, a hybrid fact and expert witness that PAN disclosed late in discovery. *See* ECF No. 636 at 2. PAN proposed Mr. Zuk testify as to his experience in the cybersecurity industry; his understanding of the "structure, operation, and configuration" of PAN's accused products; PAN's "history, success, and differentiating product features"; and PAN's good faith beliefs regarding infringement. ECF No. 555, Ex. K at 4. However, PAN also suggested that Mr. Zuk may provide testimony rebutting

certain of Centripetal's experts' opinions. *Id.* Centripetal objected, arguing that Mr. Zuk's disclosure as an expert witness was untimely, and as such, should be precluded from responding to Centripetal's experts' opinions. ECF No. 672 at 2–4.

Per the Court's scheduling order, the parties were required to disclose Rule 26 expert witnesses no later than August 21, 2023. ECF No. 353 at 1. Witness lists were to be filed by November 20, 2023. *Id.* at 6. PAN disclosed Mr. Zuk as a witness on September 22, 2023, a timely disclosure if he were to serve as a fact witness, but an untimely disclosure if he were to serve as an expert witness. ECF No. 555, Ex. K. Accordingly, Mr. Zuk shall be designated as a fact witness. He may testify as to matters on which he possesses "personal knowledge," including his experience in the cybersecurity industry; the structure and operation of the accused products; PAN's history, success, and differentiating product features; and PAN's good faith beliefs regarding infringement. *See* Fed. R. Evid. 602; ECF No. 555, Ex. K. Mr. Zuk is precluded from testifying to matters beyond his personal knowledge, including those requiring scientific, technical, or other specialized knowledge within the meaning of Federal Rule of Evidence 702.

As such, Centripetal's second Motion in Limine is **GRANTED**.

3. <u>MOTION: No testimony, argument, or evidence regarding any of Centripetal's non-patent litigations.</u>

For the reasons stated on the record during the January 5 hearing, Centripetal's third Motion in Limine is **GRANTED**.[2]

---

[2] Of course, to the extent any testimony in the prior litigation is relevant for impeachment purposes, the parties may raise it on cross-examination.

3

4. <u>MOTION: No testimony, argument, or evidence regarding PAN's patents.</u>

For the reasons stated on the record during the January 5 hearing, Centripetal's fourth Motion in Limine is **DENIED**.

5. <u>MOTION: No testimony, argument, or evidence comparing the Accused Products to (1) Centripetal's products or (2) the alleged prior art.</u>

For the reasons stated on the record during the January 5 hearing, Centripetal's fifth Motion in Limine is **DENIED**.

6. <u>MOTION: No testimony, argument, or evidence that any of Defendant's own products are prior art.</u>

For the reasons stated on the record during the January 5 hearing, Centripetal's sixth Motion in Limine is **DENIED**.

7. <u>MOTION: No testimony, argument, or evidence regarding legal issues in the Keysight ITC case or arbitration.</u>

The Court has determined that Centripetal's expert James Malackowski has established a sufficient baseline of comparability to permit him to testify regarding the *Keysight* settlement arising out of the *Keysight* litigation. ECF No. 714. PAN has suggested it intends to impeach Malackowski on purportedly contradictory prior statements he made during the *Keysight* ITC proceeding. Centripetal responds that the issues in the ITC case and arbitration were different, and, in any event, Malackowski's statements were not contradictory. ECF No. 672 at 11–14.

The relevance of any particular evidence often depends upon the context and purpose for which it is offered. "A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). A blanket bar on such a broad category of information outside the factual context in which it might be offered goes too far. "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they

arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). The trial judge is in the best position to determine, in real time, the relevance and admissibility of this type of evidence. It will be up to PAN to establish the appropriate foundation to determine the admissibility of any statements Malackowski made before the ITC. Accordingly, Centripetal's seventh Motion in Limine is **DENIED**.

8. MOTION: No testimony, argument, or evidence from PAN regarding alleged non-infringing alternatives

For the reasons stated on the record during the January 5 hearing, and as a result of this Court's December 22, 2023, memorandum opinions, Centripetal's eighth Motion in Limine is **MOOT**.

9. MOTION: No testimony, argument, or evidence regarding PAN's consultation with any counsel that could suggest an opinion of counsel with respect to the infringement or validity of Centripetal's patents.

Centripetal's ninth Motion in Limine pertains to Mr. Zuk's testimony. For the reasons stated on the record during the January 5 hearing, Centripetal's ninth Motion in Limine is **GRANTED**. Mr. Zuk may testify regarding his beliefs with respect to infringement or the validity of Centripetal's patents, but he is precluded from testifying to any conversation with counsel regarding the infringement or validity of Centripetal's patents.

10. MOTION: No testimony, argument, or evidence that sales of the Accused Products to the United States Government should be removed from damages.

Centripetal's tenth Motion in Limine pertains to the affirmative defense available under 28 U.S.C. § 1498.[3] ECF No. 636 at 23. For the reasons stated on the record during the

---

[3] Known as the "government sales defense," 28 U.S.C. § 1498 "presents an affirmative defense to infringement liability where 1) the infringing device was manufactured for the government; and 2) the government authorized or consented to the manufacture of the device." *TecSec, Inc. v. Adobe Sys.*, 326 F.

January 5 hearing, Centripetal's ninth Motion in Limine is **GRANTED** with respect to the § 1498 defense.

### III.     CONCLUSION

In summary, for the reasons stated herein, Plaintiff's omnibus Motion in Limine, ECF No. 635, is **GRANTED** in part and **DENIED** in part. The parties are reminded that the mere denial of a motion in limine does not automatically make the objected-to evidence admissible. Such evidence still must meet the appropriate standards delineated in the Federal Rules of Evidence, including establishing relevance, materiality, and foundation. Similarly, the trial judge always retains the discretion to reconsider evidence excluded in limine should the factual context in which the evidence might be offered significantly change. The trial judge is in the best position to determine, in real time, these issues.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 9, 2024

---

Supp. 3d 105, 111 (E.D. Va. 2018) (citing *Sevemon Envt'l Inc. v. Shaw Envt'l, Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007)).