IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, § § § | |
| Plaintiff, § § | |
| v. § § | |
| PALO ALTO NETWORKS, INC., § § | Civil Action No. 2:21-CV-00137 – EWH-LRL |
| Defendant. § § § | |

**PLAINTIFF CENTRIPETAL NETWORKS, LLC'S**
<u>**NOTICE OF UNRESOLVED ISSUES**</u>

Pursuant to the Court's request during the Status Conference on January 16, 2024, Plaintiff Centripetal Networks, LLC ("Centripetal") respectfully submits this notice regarding unresolved issues:

1. Defendant Palo Alto Networks, Inc. ("PAN") informed Centripetal and the Court that it will no longer try its 35 U.S.C. §103 obviousness defense for the Asserted Patents. Now, PAN will only try Step Two of its 35 U.S.C. §101 defense to the jury for the '903,'573 and '797 Patents ("the Correlation Patents"). Because obviousness is no longer at issue in the case for the Correlation Patents, PAN should withdraw the prior art references on which PAN's obviousness defense was based for those patents, as they are no longer relevant to any issue in the case.

   However, during the parties' Court-ordered January 17, 2024 meet and confer regarding the impact of PAN's withdrawn § 103 defense, PAN refused to confirm whether it would drop its §103 prior art references from its exhibit list (*i.e.*, Sutton, McDonald, Wicherski, Deschenes, EventLog Analyzer 8 Guides). PAN should be required to drop these prior

1

art exhibits because Dr. Nielson's expert report does not provide any analysis of these references as they relate to Step Two of the §101 determination. The entirety of Dr. Nielson's Step Two analysis spans only four paragraphs in less than one page. *See* excerpts of the Expert Report of Dr. Seth James Nielson Regarding Invalidity, attached hereto as Exhibit A, at § VIII.D.2.

2. On October 26, 2023, Centripetal moved for summary judgment of validity of the Asserted Patents under 35 U.S.C. § 112. This motion was briefed and argued before the Court on January 4th, 2024. What is relevant to the upcoming trial is the '437 Patent based on PAN's representation that it intends to try a § 112 defense only as to the '437 Patent, and not the other Asserted Patents.

*/s/ Stephen E. Noona*
Stephen Edward Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
Kristopher Kastens
Christina Finn
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

hlee@kramerlevin.com  
kkastens@kramerlevin.com  
cfinn@kramerlevin.com  

**ATTORNEYS FOR PLAINTIFF**
**CENTRIPETAL NETWORKS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record who have consented to electronic service.

/s/ Stephen E. Noona
Stephen Edward Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com