IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CENTRIPETAL NETWORKS, LLC,
    Plaintiff,

v.                                                                                        Civil Action No. 2:21-CV-00137 (EWH)

PALO ALTO NETWORKS, INC.,
    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Centripetal Networks LLC's ("Centripetal") Motion for Partial Summary Judgment of No Invalidity. ECF No. 463. Centripetal asserts the undisputed evidence establishes that claim 8 of the '437 Patent[1] is not invalid for a lack of written description under 35 U.S.C. § 112. *Id.* Palo Alto Networks, Inc. ("PAN") filed its response in opposition, and Centripetal replied. Resp. in Opp'n, ECF No. 523; Reply, ECF No. 571. The Court held a hearing on this matter on January 4, 2024. For the reasons stated below, Centripetal's motion for summary judgment that claim 8 of '437 Patent is not invalid for lack of written description is DENIED.[2]

---

[1] U.S. Patent No. 10,567,437. The other Asserted Patents in this matter include U.S. Patent Nos. 10,735,380 (the "'380 Patent"), 10,530,903 (the "'903 Patent"), 10,659,573 (the "'573 Patent"), and 10,931,797 (the "'797 Patent").

[2] Much of Centripetal's Motion for Partial Summary Judgment has already been addressed by the Court or become moot. Centripetal moved for summary judgment of no invalidity under 35 U.S.C. § 101 related to the '903 Patent, '573 Patent, and '797 Patent. At the January 4, 2024 hearing the Court found genuine issues of material fact existed and, on that basis, DENIED Centripetal's motion. On January 13, 2024, the Court granted PAN's motion for summary judgment of non-infringement of the '380 Patent. Therefore, Centripetal's motions related to the '380 Patent are DENIED AS MOOT. Centripetal also contends that the Asserted Patents are not invalid as obvious or anticipated under 35 U.S.C. §§ 102 and 103. Because PAN does not intend to proceed on a § 102 or § 103 defense at trial, ECF No. 763, Centripetal's motion as to those issues is DENIED AS MOOT. Lastly, Centripetal also contends that the '903 Patent, '573 Patent, and '797 Patent are not invalid for lack of written description under 35 U.S.C. § 112. Because PAN does not intend to proceed on a § 112 defense at trial as to those patents, ECF No. 764, Centripetal's motion as to those issues is DENIED AS MOOT.

1

I. **LEGAL STANDARD**

A. Summary Judgment

Under Federal Rule of Civil Procedure 56, a party may move for summary judgment on a claim or defense, or part of a claim or defense. Fed. R. Civ. P. 56(a). The district court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is material if "its existence or non-existence would affect disposition of the case under applicable law." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012) (citations omitted).

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *Wai Man Tom*, 980 F.3d at 1037 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party must then establish that specific, material facts exist that would give rise to a genuine issue. *Id.* In reaching its decision, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

B. Written Description

A patent's specification must "contain a written description of the invention . . . in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same." 35 U.S.C. § 112(a). The test regarding the sufficiency of a written description "is whether the disclosure of the application relied upon reasonably conveys

to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (quoting *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)). The specification does not need to describe the claimed subject matter in exactly the same terms as used in the claims, but instead "the written description requirement can be satisfied by words, structures, figures, diagrams, formulas, etc." *Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1154 (Fed. Cir. 2004) (cleaned up). It is the burden of the party challenging validity to prove invalidity by clear and convincing evidence. *Vasudevan Software, Inc.*, 782 F.3d at 682 (citation omitted). "Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008) (citing *Invitrogen Corp. v. Clontech Lab'ys, Inc.*, 429 F.3d 1052, 1072–73 (Fed. Cir. 2005)).

## II.   DISCUSSION

Centripetal asserts it is entitled to summary judgment that claim 8 of the '437 Patent is not invalid for lack of written description. Mem. in Supp. at 27–30, ECF No. 464. Dr. Nielson opines that the '437 Patent fails to adequately describe (1) "modify[ing] a switching matrix of a local area network (LAN)" (the "LAN switch element") and (2) a "'rule' that comprises only matching criteria." Nielson Opening Report ¶¶ 958–62, ECF No. 525. After reviewing the expert opinions of Dr. Nielson and Dr. Goodrich, as well as the patent specification, the Court finds that there is a genuine dispute of material fact as to whether the LAN switch element is adequately described in the specification and summary judgment is therefore inappropriate.

### A. LAN Switch Element

Dr. Nielson opines that the '437 Patent does not adequately describe the LAN switch element. *Id.* ¶ 961. That element requires a system comprising "at least one processor" and "memory storing instructions that when executed by the . . . processor cause the system to," among other things, configure a packet security gateway to "modify a switching matrix of a local area network (LAN) switch associated with the packet security gateway such that the LAN switch is configured to drop the portion of the received packets responsive to the determination by the packet security gateway." '437 Patent at 22:26–23:4. The Court denied PAN's motion for summary judgment as to this same element, finding that Centripetal's expert, Dr. Goodrich, provided opinions which created a genuine dispute of material fact. Mem. Op. & Order at 14–16, ECF No. 702. In the hearing on this motion, Centripetal argued that Dr. Nielson's opinion regarding this element consists of "basically a single sentence," and thus is so "deficient" that it fails to create a sufficient factual dispute. Tr. at 109:12–17, ECF No. 712.

Much like Dr. Goodrich's opinion on this topic, Dr. Nielson's testimony could certainly be more thorough. However, Dr. Nielson's opinion is sufficient to create a genuine dispute of material fact regarding whether the '437 Patent discloses the LAN switch element. Dr. Nielson points to the portion of the specification that he asserts describes the LAN switch element. Nielson Opening Report ¶ 961, ECF No. 525 (citing '437 Patent at 19:5–47). Dr. Nielson then opines as to what he believes is lacking, namely that "nowhere does [the specification] describe the switching matrix being 'configured to drop the portion of the received packets responsive to the determination by the packet security gateway,' as recited by claim 8." *Id.* ¶ 962. The Court finds that Dr. Nielson's report is more than merely conclusory, and review of the relevant portions of the specification

leads it to find that there exists a genuine issue of material fact regarding whether the '437 Patent discloses the LAN switch element.

Centripetal's motion for summary judgment that the '437 Patent is not invalid for lack of written description is DENIED.

### B. A Rule that Comprises Only Matching Criteria

Dr. Nielson also opines that "[t]o the extent that Centripetal contends or argues that the '437 . . . Asserted Claim[] [is] met by a so-called 'rule' that comprises only criteria and not the corresponding function to be performed, . . . [that claim] would be invalid for lack of adequate written description." *Id.* ¶ 958. More specifically, to the extent that Centripetal contends the claim limitations regarding creating or altering rules "encompass updating dynamic objects referenced in a firewall security policy or firewall rule," Dr. Nielson asserts that claim 8 is invalid because "nowhere do the patents describe the use of dynamic objects in a firewall security policy." *Id.* ¶ 959.

Because Dr. Nielson's opinion regarding the § 112 defense is premised on what Plaintiff intends to argue in its infringement case-in-chief, the Court finds that it is premature to rule on whether Dr. Nielson's opinion as to this element creates a genuine issue of material fact. That being said, the Court is skeptical that Dr. Cole's infringement opinion and the functionality of the Accused Products are material to the written description inquiry. *See Phillips Petroleum Co. v. U.S. Steel Corp.*, 673 F. Supp. 1278, 1291 (Fed. Cir. 1987) ("The focus of [the written description] inquiry is whether the *claimed* subject matter is adequately described." (emphasis in original)); *Ariad Pharm., Inc.*, 598 F.3d at 1351 (explaining that written description test "requires an objective inquiry into the four corners of the specification"); *AstraZeneca AB v. Hanmi USA*, No. 11–760, 2012 WL 3779381, at *10–11 (D.N.J. Aug. 30, 2012) (explaining that the court was "not

5

convinced" that qualities of the accused products "are material to the written description or enablement inquiry"). However, the Court need not decide these issues at this time, as the Court has already found a genuine dispute of material fact regarding whether the claim 8 of the '437 Patent is invalid for lack of written description. The Court will take up the issue of whether these particular opinions of Dr. Nielson are relevant to the written description inquiry after the close of Centripetal's case-in-chief, if necessary.

### III. CONCLUSION

For the reasons stated above, Centripetal's Motion for Partial Summary Judgment of No Invalidity, ECF No. 463, is DENIED.

It is SO ORDERED.

/s/
_____
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: January 19, 2024