UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CENTRIPETAL NETWORKS, LLC,

    Plaintiff,

v.                                                                                                        Civil Action No. 2:21cv137 (EWH)

PALO ALTO NETWORKS, INC.,

    Defendant.

## ORDER GRANTING IN PART MOTION TO DISMISS CERTAIN CAUSES OF ACTION WITHOUT PREJUDICE

This matter is before the Court on Plaintiff Centripetal Networks, LLC's ("Centripetal") Motion to Dismiss Without Prejudice Causes of Action Related to U.S. Patent Nos. 10,542,028; 10,757,126; 10,567,413; 10,091,246; 10,749,906; and 10,503,899. ECF No. 337.

Centripetal filed this case against Defendant Palo Alto Networks, Inc. ("PAN") asserting infringement of thirteen patents. Am. Compl., ECF No. 65. After the lawsuit was filed, PAN petitioned the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR") and post-grant review ("PGR") for all thirteen patents. Notice of Filing, Ex. A, ECF No. 157-1. PAN also filed a Motion to Stay the litigation pending resolution of the PTAB proceedings which the Court granted. Mot. Stay, ECF No. 67; Order, ECF No. 286.

Thereafter, the PTAB issued decisions invalidating six of the thirteen challenged patents (the "PTAB Patents").[1] Centripetal appealed the decisions to the U.S. Court of Appeals for the Federal Circuit. ECF Nos. 328; 333; 334. In this Court, Centripetal moved to dismiss without

---

[1] U.S. Patent Nos. 10,542,028 (the "'028 Patent"); 10,757,126 (the "'126 Patent"); 10,567,413 (the "'413 Patent"); 10,091,246 (the "'246 Patent"); 10,749,906 (the "'906 Patent"); and 10,503,899 (the "'899 Patent") were invalidated by the PTAB.

prejudice all claims associated with the PTAB Patents, pursuant to Federal Rule of Civil Procedure 41(a)(2). Mot. Dismiss, ECF No. 337. PAN opposed that motion, asking that the Court dismiss the PTAB Patents with prejudice, or otherwise condition dismissal on Centripetal not reasserting claims in a later lawsuit. Resp. Opp'n, ECF No. 344. On May 13, 2024, the Federal Circuit affirmed the PTAB's judgments concerning two of the six PTAB Patents: the '246 Patent and the '906 Patent. The Federal Circuit has not yet issued a final judgment in Centripetal's appeals regarding the other four PTAB Patents.

As to the remaining seven patents, the PTAB either declined to review or upheld validity upon review (the "Confirmed Patents"). Mem. Supp. Mot. Lift Stay at 4, ECF No. 326. On May 17, 2023, the Court lifted the stay as to the seven Confirmed Patents. Order, ECF No. 336. The case proceeded to a jury trial on four of the Confirmed Patents. The jury returned a verdict in Centripetal's favor on January 31, 2024. Jury Verdict, ECF No. 851.

Centripetal's motion to dismiss without prejudice remains pending. "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court[.]" *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). Rule 41(a)(2) favors "freely . . . allow[ing] voluntary dismissals unless the parties will be unfairly prejudiced." *Id.* (citations omitted). Given the "sound public policy of deciding cases on their merits," dismissal with prejudice is a "harsh sanction." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472–73 (4th Cir. 1993) (internal quotation marks and citations omitted).

The following factors guide courts in exercising their discretion under Rule 41(a)(2): "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004)

(quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)) (internal quotation marks omitted). Taken alone, "the prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)." *Ellett Bros. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388–89 (4th Cir. 2001) (citation omitted); *see also Largan Precision Co. v. Motorola Mobility LLC*, No. 21-cv-09138, 2023 WL 3510388, at *2–3 (N.D. Cal. May 16, 2023) (finding that the risk of a patent infringement plaintiff asserting withdrawn claims in future litigation did not justify dismissing those claims with prejudice).

The PTAB's invalidations of the '246 Patent and the '906 Patent have now been affirmed by the Federal Circuit. The thirty-day period within which Centripetal could have petitioned for a panel rehearing or a rehearing *en banc* at the Federal Circuit has elapsed, as has the ninety-day period within which Centripetal could have petitioned the U.S. Supreme Court for a *writ of certiorari*. *See* Fed. Cir. R. 40(e); Fed. Cir. R. 35(j); Sup. Ct. R. 13. Centripetal has filed none of those petitions, foreclosing any possibility of additional appellate review. The claims related to the '246 Patent and the '906 Patent will therefore be dismissed with prejudice.

With respect to the claims related to the four other PTAB patents, however, the interests of justice counsel against imposing the "harsh sanction" of a dismissal with prejudice. *Choice Hotels Int'l, Inc.*, 11 F.3d at 473. In order to narrow the claims at issue in this case, Centripetal promptly requested to withdraw claims currently before the PTAB. *See Largan Precision Co.*, 2023 WL 3510388, at *2 (noting that a plaintiff's voluntary dismissal of patent claims "narrow[s]" the case). It did so prior to the *Markman* hearing and before significant judicial resources had been expended on these particular claims. Such actions do not suggest a lack of diligence or excessive delay and undoubtedly reduced the expense and complexity of litigation in this Court. Granting Centripetal's request to dismiss without prejudice the claims related to the '028 Patent, '126 Patent, '413 Patent,

and '899 Patent does not hamper judicial efficiency, nor does it "unfairly prejudice[]" PAN. *Davis*, 819 F.2d at 1273.

To the extent that PAN has requested payment of costs and fees incurred in litigating claims related to the PTAB Patents, the Court denies that request. *See* Resp. Opp'n at 10, n.2. As a threshold matter, PAN never provided documentation of their costs and fees, despite indicating that a statement and declaration was forthcoming. *Id.* By failing to file that documentation, they effectively waived any claim for relief. Moreover, imposing a condition of payment on Centripetal would be inequitable, given that PAN chose to initiate the IPR process parallel to the district court litigation. *See* Notice of Filing, ECF No. 62; Updated Notice of Filing, ECF No. 69; Second Updated Notice of Filing, ECF No. 80; Third Updated Notice of Filing, ECF No. 100.

For the reasons stated above, it is therefore **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 337, be **GRANTED IN PART**, that all claims related to U.S. Patent Nos. 10,542,028; 10,757,126; 10,567,413; and 10,503,899 asserted in the above-entitled action be **DISMISSED WITHOUT PREJUDICE**, and that all claims related to U.S. Patent Nos. 10,091,246 and 10,749,906 be **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: October 3, 2024