**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC,      ) | |
|     ) | |
|     Plaintiff,     ) | No. 2:21-cv-00137-EWH-LRL |
|     ) | |
|     v.     ) | |
|     ) | |
| PALO ALTO NETWORKS, INC.,     ) | |
|     ) | |
|     Defendant.     ) | |
|     ) | |
|     ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO SEAL
PORTIONS OF MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff Centripetal Networks, LLC ("Centripetal") and Defendant Palo Alto Networks, Inc. ("PAN") (together, "the Parties") jointly submit this Memorandum in Support of the Joint Motion to Seal Portions of the Memorandum Opinion issued on October 3, 2024 (Dkt. No. 970)[1] which contain Centripetal's highly confidential licensing information and PAN's highly confidential technical product information, which were designated as "Highly Confidential – Attorneys' Eyes Only" under the terms of the Protective Order entered in this matter. Dkt. No. 93.

The Court entered the Protective Order to protect against the public disclosure of the Parties' highly confidential information that can negatively impact their respective businesses

---

[1] With the Motion to Seal, the Parties file as Exhibit 2 a copy of the Memorandum Opinion redacting the limited portions of the Memorandum Opinion which the parties seek to seal. The limited portions of the Memorandum Opinion which the Parties seek to seal are on pages 25, 31-32, 34-35, and 40 (collectively, the "Memorandum Opinion Portions").

and competitive standing.  In accordance with Local Rule 5 of the Rules of the United States

District Court, Eastern District of Virginia ("Local Rules"), in previous filings with the Court,

the parties moved for leave to file under seal those filings that contained the same highly

confidential licensing and technical product information.  The Court granted these sealing

requests.  *See, e.g.*, Dkt. Nos. 382, 402, 421, 441, 443, 528, 610, 611, 621, 624, 676, 677, 681,

699, 700, 703, 810, 811, 829, 832, 833, 834, 835, 836, 857, 872, 873, 890, 893, 911, 912.

Additionally, during the jury trial proceedings, the Court sealed the courtroom during portions of

the trial where highly confidential information was discussed at the request of either party,

including those portions where the confidential terms of the Keysight License were discussed, as

well as portions where PAN's technical product information were discussed.  In addition, the

Memorandum Opinion Portions contain licensing information which Centripetal and non-party

Keysight have agreed to maintain as confidential.

The Local Rules provide that such previously sealed documents, as well as opinions of

the Court, may be filed under seal upon a showing of necessity to the Court.  Local R. of Civ. P.

5.  The strong and compelling interests in protecting the confidentiality of the Parties' sensitive

business information and preventing the harm that will arise from its disclosure far outweigh the

right of public access to the Memorandum Opinion Portions in which these details are discussed.

The Parties have narrowly tailored their request for sealing to properly balance these competing

interests.

II.     **ARGUMENT**

Each of the three requirements for sealing court filings are met here: (1) public notice

with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of

specific findings in support of a decision to seal and rejecting alternatives to sealing.  *See, e.g.,*

*Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

The Parties filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the requested Memorandum Opinion Portions.  Public notice of the motion to seal is satisfied by docketing the motion "reasonably in advance of deciding the issue."  *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302).

In *Woven Elecs. Corp. v. Advance Group, Inc.*, the Fourth Circuit stated that the decision to prohibit public access to court documents is vested in the sound discretion of the trial court; as such, a court should seek "an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information."  No. 89-1580, 1991 WL 54118, at *6-7 (4th Cir. May 6, 1991).  The court explained that such balance can often be accomplished by sealing the "portions [of the record] necessary to prevent the disclosure of trade secrets."  *Id*. at *6.  Ultimately, the *Woven* court recommended following the Eighth Circuit's approach from *In re Iowa* and instructed the district court to review the record and "seal only those portions necessary to prevent the disclosure of trade secrets."  *Id.* (citing *In re Iowa Freedom of Information Council,* 724 F.2d 658, 664 (8th Cir. 1983)).  Additionally, a party has a compelling interest sufficient to outweigh the right of public access when it seeks to protect such sensitive information as licensing and technical product information, which that party maintains as confidential and which would be extremely valuable if disclosed to a competitor.  *Lifenet Health v. Lifecell Corp.*, No. 2:13CV486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015).  In such a case, narrowly

tailored sealing of such information properly balances the party's compelling interest with the public's right of access.  *Id.*

Protecting confidential information such as trade secrets and other valuable, sensitive commercial information, such as Centripetal's highly confidential information about the Keysight License and PAN's technical product information, is vitally important since "[t]heir only value consists in their being kept private.  If they are disclosed or revealed, they are destroyed."  *In re Iowa*, 724 F.2d at 662.

Disclosure of confidential terms of the Keysight License can harm Centripetal's competitive standing and future licensing discussions.  Keysight and Centripetal negotiated that the terms of the License be maintained as confidential.  Public dissemination of the portions of the Memorandum Opinion where confidential terms of the Keysight License were discussed would cause significant harm to the business and competitive position of Centripetal.  Release of such information could give competitors or potential licensors insight into Centripetal's business to obtain an unfair business or competitive advantage.  *See, e.g., Flexible Benefits Council*, 2008 WL 4924711 (holding that Plaintiff's interest in preserving the confidentiality of financial data normally unavailable to the public outweighs the public's interest to access); *see also Apple Inc. v. Samsung Elecs. Co.,* No. 11-cv-1846, Dkt. No. 1649 at 16 (N.D. Cal. Aug. 9, 2012) (granting sealing of license agreements as the agreements themselves contain "a whole host of terms" that would be unnecessary to make public and could result in "significant competitive harm" if disclosed); *Woven,* 1991 WL 54118 at *6 (holding that "Such a partial sealing strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information."); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F.Supp.2d 419, 425 (M.D.N.C. 2011) (private

property interest in maintaining the secrecy of financial information overcame the public's First Amendment right of access).  PAN has strong interests in keeping its technical product information confidential; disclosure would harm its business positions and hard-earned advancements and unfairly benefit its competitors.

The Parties seek to seal limited portions of the Memorandum Opinion, which is less drastic than sealing the entire Memorandum Opinion.  Further, the Court's specific findings of the confidentiality of Centripetal's licensing information and PAN's technical product information, supports sealing the Memorandum Opinion Portions.

Courts routinely seal documents that contain a party's highly confidential and commercially sensitive business information, including information about licensing and technical product information.  *See, e.g., Seoul Semiconductor Co., Ltd. et al. v. Ace Hardware Corp.*, No. 3:22-cv-271, 2022 WL 18585856, at *1-2 (E.D. Va. Dec. 1, 2022) (sealing party's proprietary confidential business and financial information); *Coleman Co., Inc. v. Team Worldwide Corp.*, No. 2:20-CV-351-RGD, 2021 WL 9181925, at *1 (E.D. Va. Dec. 2, 2021) (sealing party's "commercially sensitive, confidential and/or proprietary information information [sic], including the material terms of licenses and settlement agreements with third parties."); *see also, e.g., E. I. DU PONT DE NEMOURS AND COMPANY v. AGFA NV* , No. 218CV00326HCMRJK, 2019 WL 13443216, at *1 (E.D. Va. June 7, 2019) (sealing "business communications, business strategy and proprietary information relating to [a party's] business transactions and practices"); *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, Case No. 2:18-CV-320, at 2 (E.D. Va. Nov. 3, 2020, ECF No. 475) (sealing party's sensitive, competitive, business information including product development and technical discussions).

The third *Ashcraft* consideration is satisfied by the findings of fact in the Proposed Order accompanying this Memorandum.

For the sake of consistency with practices governing the case as a whole, the Memorandum Opinion Portions should remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

For the foregoing reasons, the Parties respectfully requests that the Court Reporter and the Clerk redact and maintain under seal the identified Memorandum Opinion Portions where Centripetal's confidential licensing information and PAN's confidential technical product information was discussed.  *See* Exhibit 2 to Motion to Seal.

Respectfully submitted,

Dated:  October 17, 2024

By: */s/ Stephen E. Noona*
Stephen Edward Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
Christina Finn
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

6

cfinn@kramerlevin.com

*Attorneys for Plaintiff*
*Centripetal Networks, LLC*

_/s/ Robert McFarland_
Robert McFarland, VSB No. 24021
**McGuireWoods LLP**
101 W. Main Street, Suite 9000
Norfolk, VA 23510-1655
Telephone:  (757) 640-3700
Facsimile:  (757) 640-3701
rmcfarland@mcguirewoods.com

Jonathan P. Harmon (VSB No. 39081)
David E. Finkelson, (VSB No. 44059)
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 775-1061
jharmon@mcguirewoods.com
dfinkelson@mcguirewoods.com

Brett C. Govett (*pro hac vice*)
James S. Renard (*pro hac vice*)
**Norton Rose Fulbright US LLP**
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
Brett.govett@nortonrosefulbright.com
james.renard@nortonrosefulbright.com

Richard S. Zembek (*pro hac vice*)
Daniel S. Leventhal (*pro hac vice*)
Daniel A. Prati (*pro hac vice*)
**Norton Rose Fulbright US LLP**
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
Richard.zembek@nortonrosefulbright.com
Daniel.leventhal@nortonrosefulbright.com
Daniel.prati@nortonrosefulbright.com

Stephanie N. DeBrow (*pro hac vice*)
Talbot Hansum (*pro hac vice*)
**Norton Rose Fulbright US LLP**
98 San Jacinto Blvd., Suite 1100

8

Austin, TX 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598
Stephanie.debrow@nortonrosefulbright.com
Talbot.hansum@nortonrosefulbright.com

Nathan Mannebach (Admitted Pro Hac Vice)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402-1114
Telephone: (612) 321-2800
nathan.mannebach@nortonrosefulbright.com

James Richard Batchelder (*pro hac vice*)
Andrew Townsend Radsch (*pro hac vice*)
**Ropes & Gray LLP**
1900 University Ave, 6th Floor East
East Palo Alto, CA 94303-2284
Telephone:  (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com

*Attorneys for Defendant*
*Palo Alto Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will automatically send notification of

electronic filing to all counsel of record.

<div style="margin-left:50%">

*/s/ Stephen E. Noona*

Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

</div>