# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| CENTRIPETAL NETWORKS, LLC, | ) |
| Plaintiff, | ) No. 2:21-cv-00137-EWH-LRL |
| v. | ) |
| PALO ALTO NETWORKS, INC., | ) |
| Defendant. | ) |

**PLAINTIFF CENTRIPETAL NETWORKS, LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PRE- AND POST-JUDGMENT INTEREST**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A. The Law Permits an Award of Prejudgment Interest at the Prime Rate ................. 2

        1. Interest at the Prime Rate, Compounded Quarterly, is Consistent with the Practice of Eastern District of Virginia .................................................. 4

        2. Prejudgment Interest is Calculated Based on the Undisputed Start Date of Infringement on the Jury's Lump Sum Reasonable Royalty ................. 5

    B. The Law Permits an Award of Post-Judgment Interest .......................................... 8

IV. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ArcherDX, LLC v. Qiagen Sci., LLC*,
  No. 18-1019 (MN), 2022 WL 4597877 (D. Del. Sept. 30, 2022)..............................................5

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
  No. 2:18cv585, 2023 WL 2329746 (E.D. Va. Jan. 27, 2023)......................................................4

*Brinn v. Tidewater Transp. Dist. Comm'n*,
  113 F. Supp. 2d 935 (E.D. Va. 2000) ........................................................................................8

*Cobalt Boats, LLC v. Brunswick Corp.*,
  296 F. Supp. 3d 791 (E.D. Va. 2017) ........................................................................................4

*Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*,
  850 F.3d 1302 (Fed. Cir. 2017)..........................................................................................6, 7, 8

*Ecolab, Inc. v. FMC Corp.*,
  569 F.3d 1335 (Fed. Cir. 2009).................................................................................................3

*Energy Transp. Grp., Inc. v. William Demant Holding A/S*,
  697 F.3d 1342 (Fed. Cir. 2012).................................................................................................2

*Fujifilm Corp. v. Motorola Mobility LLC*,
  182 F. Supp. 3d 1014 (N.D. Cal. 2016) ....................................................................................5

*Gen. Motors Corp. v. Devex Corp.*,
  461 U.S. 648 (1983)..........................................................................................................3, 5, 8

*IMX, Inc. v. LendingTree, LLC*,
  469 F. Supp. 2d 203 (D. Del. 2007) ..........................................................................................4

*Morpho Detection, Inc. v. Smiths Detection Inc.*,
  No. 2:11cv498, 2013 WL 5701522 (E.D. Va. Oct. 17, 2013) ...................................................4

*Nickson Indus., Inc. v. Rol Mfg. Co.*,
  847 F.2d 795 (Fed. Cir. 1988)................................................................................................1, 5

*NTP Inc. v. Rsch. in Mot., Ltd.*,
  270 F. Supp. 2d 751 (E.D. Va. 2003) .......................................................................................4

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
  631 F. Supp. 3d 832 (N.D. Cal. 2022) ......................................................................................5

*Purewick Corp. v. Sage Prods., LLC*,
    666 F. Supp. 3d 419 (D. Del. Mar., 31, 2023) ..........................................................................4

*Quesinberry v. Life Ins. Co. of N. Am.*,
    987 F.2d 1017 (4th Cir. 1993) (en banc) ................................................................................8

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F.3d 1065 (Fed. Cir. 2020)................................................................................................6

*Sensonics, Inc. v. Aerosonic Corp.*,
    81 F.3d 1566 (Fed. Cir. 1996)..................................................................................................3

*Trustees of Columbia Univ. in City of New York v. Gen Digital Inc.*,
    No. 3:13cv808, 2023 WL 8698915 (E.D. Va. Sept. 30, 2023)..................................................8

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
    939 F.2d 1540 (Fed. Cir. 1991)................................................................................................5

*Whitserve, LLC v. Comput. Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012)....................................................................................................3

**Statutes**

28 U.S.C. § 1961................................................................................................................................8

28 U.S.C. § 1961(a) ..........................................................................................................................1

35 U.S.C. § 284..............................................................................................................................1, 2

I. INTRODUCTION

Centripetal Networks, LLC ("Centripetal"), having prevailed on claims of patent infringement against Palo Alto Networks, Inc. ("PAN") at trial, moves this Court for an award in accordance with 35 U.S.C. § 284 to include prejudgment interest and post-judgment interest as part of the damages for PAN's infringement. Indeed, a prevailing patentee in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, ***together with interest*** and costs as fixed by the court," pursuant to 35 U.S.C. § 284 (emphasis added). As such, Centripetal respectfully requests that the Court award prejudgment interest at the prime rate compounded quarterly from the start of infringement through the date that judgment was entered, which is January 7, 2020 through October 3, 2024. *See Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.") (citation omitted). In addition, Centripetal asks the Court to award post-judgment interest from October 3, 2024, pursuant to 28 U.S.C. § 1961(a).

II. BACKGROUND

On January 31, 2024, the jury determined that PAN infringed Centripetal's four patents asserted at trial, namely, U.S. Patent No. 10,567,437 ("the '437 Patent"), U.S. Patent No. 10,530,903 ("the '903 Patent"), U.S. Patent No. 10,659,573 ("the '573 Patent"), and U.S. Patent No. 10,931,797 ("the '797 Patent"). Dkt. No. 851 (Verdict Form). The jury awarded Centripetal damages of $37,875,000 for each patent, totaling $151,500,000. *Id*. at 5.

The jury also concluded that damages should be in the form of a lump sum royalty payment for the life of the patents, rather than a running a royalty. *Id*. This award was consistent with PAN's damages expert, Mr. Bakewell, who testified that "a reasonable royalty . . . [should] be in the form of a lump-sum, one-time payment . . . ." Trial Tr. 1653-22-1654:5,

1654:24-1655:11 (Mr. Bakewell testifying to a jury regarding a one-time, lump sum payment and hypothetical negotiation in January 2020). Notably, both parties' damages experts testified that the parties would have engaged in a single negotiation for all the patents in the case at the time of the hypothetical negotiation in January 2020. *Id.* at 1708:25-1709:2, 1709:8-11 (Mr. Bakewell testifying that he and Centripetal's damages expert, Mr. Malackowski, agreed that the hypothetical negotiation is "one negotiation, not separate ones[] for these patents"); *id.* at 1068:5-23 (Mr. Malackowski, testifying to January 2020 hypothetical negotiation date based on earliest date "the patents have been issued and the products that are accused of infringing are in the market, so that's that intersection point"); *id.* at 1067:18-1068:23 (Mr. Malackowski testifying that "from a business perspective . . . if there is a family of related patents, you tend to look at those together" for the hypothetical negotiation).

On October 3, 2024, the Court granted in part and denied in part PAN's Motion for Judgment as a Matter of Law, and "found that the asserted claims of the '903 Patent, the '573 Patent, and the '797 Patent [were] patent eligible, and that substantial evidence supported the jury's infringement verdict and damages award as to those patents." Dkt. No. 972 at 1. Because the Court also found "that there was insufficient evidence to support the jury's finding of infringement" as to '437 Patent, the Court reduced the jury's damages award to $113,625,000 total and left the jury's lump sum payment for the life of the patents determination undisturbed. *Id.* at 1-2; Dkt. No. 851 at 5.

### III.    ARGUMENT

#### A.    The Law Permits an Award of Prejudgment Interest at the Prime Rate

Centripetal seeks an award of prejudgment interest on the jury's damages award for PAN's infringement, pursuant to 35 U.S.C. § 284. Indeed, as the Federal Circuit explained, an "award of pre-judgment interest is 'the rule, not the exception.'" *Energy Transp. Grp., Inc. v.*

2

*William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012) (citation omitted). Prejudgment interest is to be awarded "absent some justification for withholding such an award." *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 36 (Fed. Cir. 2012) (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)). There are no grounds for departing from the rule here.

The purpose of prejudgment interest is "to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) (citation omitted); *see also Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009) ("[w]hen a patentee asserts a patent claim that is held to be valid and infringed, prejudgment interest is generally awarded.") (citation omitted). As such, the Court should award Centripetal prejudgment interest, calculated from the January 7, 2020 date of first infringement and hypothetical negotiation for the lump sum royalty payment, through the October 3, 2024 date of final judgment, in order to make Centripetal whole for the harm it has suffered as a result of PAN's infringement of the '903, '573, and '797 Patents. *Gen. Motors Corp.*, 461 U.S. at 655-56 ("An award of interest . . . serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment.").

The date of first infringement is undisputed. Both parties agreed that the date of first infringement was on January 7, 2020, when the '903 Patent issued. Trial Tr. 1654:24-1655:20 (Bakewell testifying that he and Mr. Malackowski agree on the January 2020 date of the hypothetical negotiation); *id*. at 1068:5-23 (Mr. Malackowski testifying to January 2020

3

hypothetical negotiation date based on earliest date "the patents have been issued and the products that are accused of infringing are in the market, so that's that intersection point").

### 1. Interest at the Prime Rate, Compounded Quarterly, is Consistent with the Practice of Eastern District of Virginia

Consistent with Eastern District of Virginia practice, as well as many other district courts, Centripetal requests an award of prejudgment interest at a prime rate, compounded quarterly. Indeed, it has been common practice in this District to do so "to ensure that [plaintiff] is placed in as good a position as it would have been in had [defendant] entered into a reasonable royalty agreement . . . ." *NTP Inc. v. Rsch. in Mot., Ltd.*, 270 F. Supp. 2d 751, 763 (E.D. Va. 2003), *amended by* No. 3:01CV767, 2003 WL 22746080 (E.D. Va. Aug. 5, 2003). For example, in *Morpho Detection*, this Court awarded prejudgment interest at the prime rate, noting that "[a]s other district courts have recognized, the prime rate best compensates a patentee for lost revenues during the period of infringement because the prime rate represents the cost of borrowing money, which is a better measure of the harm suffered as a result of the loss of the use of money over time." *Morpho Detection, Inc. v. Smiths Detection Inc.*, No. 2:11cv498, 2013 WL 5701522, at *1 (E.D. Va. Oct. 17, 2013) (quoting *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227 (D. Del. 2007)) (internal quotation marks omitted); *see also Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, No. 2:18cv585, 2023 WL 2329746, at *4 (E.D. Va. Jan. 27, 2023) (awarding plaintiff prejudgment interest at the "prime rate," compounded quarterly "as . . . supported by the reasons articulated by this Court in *Morpho Detection, Inc. . . .*"); *Cobalt Boats, LLC v. Brunswick Corp.*, 296 F. Supp. 3d 791, 811 (E.D. Va. 2017) (awarding the prime rate, compounded quarterly), *rev'd on other grounds*, 773 F. App'x (Fed. Cir. 2019).

Other district courts also regularly award interest at the prime rate compounded quarterly in order to best compensate the patentee for the damage suffered. *See Purewick Corp. v. Sage*

*Prods., LLC*, 666 F. Supp. 3d 419, 451 (D. Del. Mar., 31, 2023) (citation omitted) (collecting cases from the District of Delaware awarding prime rate compounded quarterly); *ArcherDX, LLC v. Qiagen Sci., LLC*, No. 18-1019 (MN), 2022 WL 4597877, at *18 (D. Del. Sept. 30, 2022) ("The prime rate is by far the most common practice in the District of Delaware.") (citations omitted); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 631 F. Supp. 3d 832, 852 (N.D. Cal. 2022) ("Courts have also awarded the prime rate by treating the nonpayment of royalties as a compulsory loan.").

Further, there is no need for Centripetal to "demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *see also Fujifilm Corp. v. Motorola Mobility LLC*, 182 F. Supp. 3d 1014, 1043 (N.D. Cal. 2016) (awarding prime rate); *ArcherDX, LLC*, 2022 WL 4597877, at *18 (dismissing defendants' argument that prime rate should not be awarded because plaintiffs had not presented evidence of borrowing rates at the appropriate time); *Plexxikon*, 631 F. Supp. 3d at 852-53 (disregarding defendant's argument that prime rate is only justifiable when plaintiff provided evidence it actually borrowed at that rate). Thus, Centripetal requests the Court to award prejudgment interest at the prime rate.

## 2. Prejudgment Interest is Calculated Based on the Undisputed Start Date of Infringement on the Jury's Lump Sum Reasonable Royalty

The purpose of awarding prejudgment interest is to "ensure that the patent owner is placed in as good a position as he would have been in ***had the infringer entered into a reasonable royalty agreement***." *Gen. Motors Corp.*, 461 U.S. at 655 (emphasis added). This typically means that "prejudgment interest should be awarded from the date of [the] infringement to the date of [the] judgment." *Nickson Indus., Inc.*, 847 F.2d at 800-01 (remanding for calculation of prejudgment interest beginning on date of first infringement rather than filing date

5

of complaint).  In this case, had Centripetal and PAN entered into the reasonable royalty agreement as determined by the jury, PAN would have paid Centripetal a lump sum, one-time payment of $113,625,000 for a fully paid up license to the '903, '573 and '797 Patents on January 7, 2020, the date on which PAN began infringing the '903 Patent.  Trial Tr. 1692:12-1694:8 (Mr. Bakewell testifying that "the form of royalty in this case, would, therefore, have been [a] lump sum for [the] life of the patents."); *id.* at 1068:5-23 (Mr. Malackowski testifying to January 2020 hypothetical negotiation date based on earliest date "the patents have been issued and the products that are accused of infringing are in the market, so that's that intersection point").  Accordingly, prejudgment interest here should be calculated beginning on January 7, 2020 on the jury's lump sum, one-time payment award of $113,625,000 through October 3, 2024, amounting to a total prejudgment interest amount of $33,722,545.

Where multiple patents with different issue dates have been found to infringe and the jury awards a lump-sum amount as compensation, the Federal Circuit has endorsed awards of prejudgment interest calculated on the total damages award "from the earliest date of infringement for any patent issued at the time of the hypothetical negotiation." *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, 850 F.3d 1302, 1314-15 (Fed. Cir. 2017) (affirming the "district court's assessment of prejudgment interest . . . based on the entire royalty award" where the jury awarded a lump sum); *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020) (affirming awarded prejudgment interest on entire lump sum royalty amount from date of first infringement of one of five infringed patents).  In *Comcast IP Holdings I*, the Federal Circuit upheld the district court's award of prejudgment interest on the jury's entire lump sum award for infringement of three patents beginning on the date of first infringement of the earliest issued patent, even though the two other infringed

6

patents did not issue until six years later. *Comcast*, 850 F.3d at 1313-16. The district court's prejudgment interest award was supported based on the evidence presented at trial on which the jury based its lump sum award, including testimony from both parties' damages experts that there would have been one hypothetical negotiation for all the infringed patents at the earliest date of infringement. *Id*. at 1314.

Similarly here, the jury was given a choice as to the form of the reasonable royalty to award based on the evidence it heard during trial: (1) a running royalty through trial or (2) a lump sum royalty for the life of the Asserted Patents. Dkt. No. 851 at 5. During trial, the jury heard evidence regarding the relative tradeoffs of a lump sum versus a running royalty, including certainty and avoidance of ongoing payments and accounting when the hypothetical agreement is in the form of a lump sum. Trial Tr. 1692:12-1694:8 (Mr. Bakewell testifying to the jury reasons why "the form of royalty in this case, would, therefore, have been [a] lump sum for [the] life of the patents" and "not only is there a business reason for lump sums, all of [PAN's] agreements are effectively lump sums"). Also, Mr. Michael J. Ritter, who was PAN's Director of Intellectual Property for a little less than five years between 2012 and 2017, testified that "PAN had a preference for lump sum agreements when it came to patent purchases or patent licenses" so as to avoid "the entanglements going forward and then the certainty issue." Dkt. No. 860-1, Ex. 1 (Ritter Tr.) at 8:9-15, 8:19-23, 9:18-25, 75:7-17. He further added that during his five-year tenure at PAN, PAN never entered into a patent purchase or patent license agreement for which the payment term was a running royalty. *Id*. at 75:18-22.

Based on the evidence during trial, the jury sided with PAN and selected the lump sum option, such that the first date of infringement would be the triggering date for prejudgment interest. PAN cannot now retract and change its lump sum position without providing any

proper justification. An award of prejudgment interest accordingly is appropriate to compensate Centripetal for the jury's lump sum award, including as it would have been paid had PAN entered into a reasonable royalty agreement on January 7, 2020 for $113,625,000, when infringement began. *Gen. Motors Corp.*, 461 U.S. at 655; *Comcast IP Holdings I LLC*, 850 F.3d at 1314-15; *see also*, Declaration of James E. Malackowski in Support of Plaintiff Centripetal Networks, LLC's Motion for Pre- and Post-judgment Interest and Exhibit 1 thereto.

### B. The Law Permits an Award of Post-Judgment Interest

As a party who has been awarded damages, Centripetal is entitled to post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield. Pursuant to 28 U.S.C. § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." *Id.* Section 1961 further provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of the judgment]." *Id.* In *Trustees of Columbia Univ. in City of New York v. Gen Digital Inc.*, No. 3:13cv808, 2023 WL 8698915 (E.D. Va. Sept. 30, 2023), this District found that "[t]he United States Court of Appeals for the Fourth Circuit has stated that 'awarding post-judgment interest on the entire [damages] amount . . . ***including pre-judgment interest***, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court.'" *Id.* at *3 (emphasis added) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc)).

The court further indicated that "[p]ost-judgment interest is automatic from the date of entry of judgment . . . [when] recovered in civil cases in federal district courts." *Trustees of Columbia Univ.*, 2023 WL 8698915 at *3 (quoting *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 938 (E.D. Va. 2000)).

8

Given that post-judgment interest is applied to all monetary awards, Centripetal is entitled to post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield from the date of entry of judgment, October 3, 2024, for the jury's award of damages plus prejudgment interest, totaling $147,347,545.

## IV.     CONCLUSION

For each of the foregoing reasons, Centripetal respectfully requests that the Court award pre-judgment interest at the prime rate, compounded quarterly in the amount of $33,722,545, and post-judgment on the full damages award of $147,347,545, calculated from October 4, 2024 through the date upon which payment of the judgment is made.

                                                Respectfully submitted,

Dated: October 17, 2024                  By: */s/ Stephen E. Noona*
                                                        Stephen E. Noona
                                                        Virginia State Bar No. 25367
Clark J. Belote
Virginia State Bar No. 87310
KAUFMAN & CANOLES, P.C.
150 W. Main St., Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com
cjbelote@kaufcan.com

Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James Hannah (*pro hac vice*)
Michael H. Lee (pro hac vice)
Kristopher Kastens (*pro hac vice*)
Christina Finn (*pro hac vice*)
Aakash B. Jariwala (*pro hac vice*)
Linjun Xu (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
pandre@kramerlevin.com

lkobialka@kramerlevin.com
jhannah@kramerlevin.com
mhlee@kramerlevin.com
kkastens@kramerlevin.com
cfinn@kramerlevin.com
ajariwala@kramerlevin.com
lxu@kramerlevin.com

Cristina L. Martinez (*pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9000
Facsimile: (212) 715-8000

*Attorneys for Plaintiff*
*Centripetal Networks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

                                                  */s/ Stephen E. Noona*
                                                  Stephen E. Noona
                                                  Virginia State Bar No. 25367
                                                  KAUFMAN & CANOLES, P.C.
                                                  150 West Main Street, Suite 2100
                                                  Norfolk, VA 23510
                                                  Telephone: (757) 624-3239
                                                  Facsimile: (888) 360-9092
                                                  senoona@kaufcan.com